UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
Greenlight Capital, Inc., DME Capital                  :
Management, LP,                                        :
                                                       :        Case No.: 24-cv-04832-PAE
                                    Plaintiffs,        :
                                                       :
          –   against –                                :
                                                       :
James T. Fishback,                                     :
                                                       :        ORAL ARGUMENT
                                    Defendant.         :        REQUESTED
-------------------------------------------------------------------X


**DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF HIS MOTION
TO STRIKE IRRELEVANT AND PREJUDICIAL ALLEGATIONS IMPROPERLY
INCLUDED IN PLAINTIFFS' FIRST AMENDED COMPLAINT
PURSUANT TO FRCP 12(f).**


**ABRAMS FENSTERMAN, LLP**
Justin T. Kelton
Amanda P. Small
1 MetroTech Center, Suite 1701
Brooklyn, NY 11201
Tel: (718) 215-5300
Fax: (718) 215-5304
*Counsel for Defendant*
*James T. Fishback*

## **TABLE OF CONTENTS**

I.     PRELIMINARY STATEMENT ...................................................................................... 1

II.    FACTUAL AND PROCEDURAL BACKGROUND.......................................................... 1

III.   LEGAL STANDARD ON A MOTION TO STRIKE........................................................ 2

IV.   THE COURT SHOULD STRIKE THE UNNECESSARY, IMPROPER, AND HIGHLY
PREJUDICIAL ALLEGATIONS FROM PLAINTIFFS' FAC. ........................................ 3

        A.    Plaintiffs' Attacks On Mr. Fishback's Job Performance At Greenlight Are
Irrelevant And Should Be Stricken. ........................................................................ 4

        B.    Plaintiffs' Allegations About A "Gift Matching" Incident Are Irrelevant And
Should Be Stricken. ................................................................................................. 5

        C.    Plaintiffs' Allegations That Greenlight Intended To Terminate Mr. Fishback's
Employment Before He Resigned Are Irrelevant And Should Be Stricken. ........... 6

        D.    Plaintiffs' Allegations That Mr. Fishback's Prior Legal Actions Were "Frivolous"
Are Improper, Irrelevant And Should Be Stricken. ................................................ 6

        E.    Plaintiffs' Allegations About Mr. Fishback's Contemplated (But Not
Consummated) Attendance At A Greenlight Investor Dinner—For Which
Greenlight Sent Him A Save-The-Date—Are Irrelevant And Should Be Stricken.7

        F.    Plaintiff's Disputes With Mr. Fishback About His Role At Greenlight Are
Irrelevant And Should Be Stricken. ........................................................................ 8

V.    CONCLUSION................................................................................................................. 8

# TABLE OF AUTHORITIES

Page(s)

Cases

*Eng v. Casey*,
   2014 WL 5824640 (S.D.N.Y. Nov. 7, 2014) ............................................................................. 4

*Gaughan v. Rubenstein*,
   261 F. Supp. 3d 390 (S.D.N.Y. 2017) ...................................................................................... 3

*G-I Holdings, Inc. v. Baron & Budd*,
   238 F. Supp. 2d 521 (S.D.N.Y. 2002) ...................................................................................... 2

*In re Methyl Tertiary Butyl Ether (MTBE) Prods. Liab. Litig.*,
   402 F.Supp.2d 434 (S.D.N.Y. 2005) ........................................................................................ 3

*Low v. Robb*,
   2012 WL 17372 (S.D.N.Y. Jan. 20, 2012) ............................................................................... 3

*Prout v. Vladeck*,
   326 F.R.D. 407 (S.D.N.Y. 2018) ............................................................................................. 3

*Soumayah v. Minnelli*,
   41 A.D.3d 390 (1st Dep't 2007) ............................................................................................... 7

*Trodale Holdings, LLC v. Bristol Healthcare Inv'rs. L.P.*,
   2017 WL 5905574 (S.D.N.Y. Nov. 29, 2017) .......................................................................... 2

*Williams v.Grp. Russo's Payroll, Inc.,*
   2023 WL 3042236 (E.D.N.Y. Apr. 21, 2023) ........................................................................... 3

Rules

Fed. R. Civ. P. 8 ............................................................................................................................. 2, 4

FRCP 12(f) ...................................................................................................................................... 1, 2

Defendant James T. Fishback respectfully submits this Memorandum of Law in Support of his Motion to strike irrelevant and prejudicial allegations improperly included in Plaintiffs' First Amended Complaint (the "FAC") pursuant to FRCP 12(f).

## I.    PRELIMINARY STATEMENT

Like the original complaint, Plaintiffs' FAC is a screed masquerading as a claim. It is full of false, misleading, and gratuitous smears against Mr. Fishback that bear no legitimate connection to Plaintiffs' lone contract claim, but are inappropriately used to inject into a public pleading scandalous and irrelevant accusations. They serve only the improper purposes of disparaging Mr. Fishback, seeking to prejudice him in the eyes of the Court and the jury, and vexatiously multiplying these proceedings. Plaintiffs' inappropriate and abusive allegations should be stricken from the record.

## II.    FACTUAL AND PROCEDURAL BACKGROUND

On June 25, 2024, Plaintiffs initiated this action by filing a massive 58-page, 246 paragraph complaint, asserting claims against Mr. Fishback for (i) breach of contract; (ii) unfair competition; (iii) tortious interference with prospective economic advantage; and (iv) defamation and defamation per se. (Dkt. No. 1). On August 26, 2024, Mr. Fishback filed a motion to dismiss, strike, and compel arbitration of certain claims. (Dkt. Nos. 10-13). Rather than respond to Mr. Fishback's motion, Plaintiffs filed the FAC in which they withdrew their claims for unfair competition, tortious interference with prospective economic advantage, and defamation and defamation per se, purportedly to pursue them in arbitration. (Dkt. No. 18).[1] However, as discussed below, Plaintiffs failed to withdraw their improper smears against Mr. Fishback.

---

[1]    Thus far, it does not appear that Plaintiffs have actually initiated an arbitration.

The sole cause of action remaining in the FAC is Plaintiffs' claim that Mr. Fishback breached certain provisions of his Employment Agreement by forwarding alleged confidential information to his personal email and by allegedly disclosing Greenlight's confidential information without authorization. FAC ¶¶ 112-121. But Plaintiffs again failed to set forth a "short and plain statement of the claim" as required. *See* Fed. R. Civ. P. 8. Instead, Plaintiffs reiterated the irrelevant and prejudicial allegations they had made in their original complaint—ranging from such far afield topics as Mr. Fishback's alleged job performance, a so-called "jelly donut assignment," an alleged dispute involving a charitable donation, Mr. Fishback's creation of his new fund (Azoria Partners), assertions that Mr. Fishback threatened to disrupt Greenlight's 2024 Annual Partner Dinner, disputes over Mr. Fishback's title and role at Greenlight, among other things—in their FAC. But as improper as it was for Plaintiffs to make those allegations in their original complaint—and it was *outrageously* improper—the misconduct is even more glaring here, given the substantially reduced scope of the one cause of action remaining in the FAC.

## III.    LEGAL STANDARD ON A MOTION TO STRIKE

Under FRCP Rule 12(f), courts "may strike from a pleading . . . any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). While motions to strike are not favored, courts may strike allegations "if they have no real bearing on the case, will likely prejudice the movant, or where they have criminal undertones." *See G-I Holdings, Inc. v. Baron & Budd*, 238 F. Supp. 2d 521, 555 (S.D.N.Y. 2002).

"[T]o prevail on a motion under Rule 12(f), the moving party must show that (i) no evidence in support of the allegations would be admissible; (ii) that the allegations have no bearing on the issues in this case; and (iii) that to permit the allegations to stand would result in prejudice to the movant." *Trodale Holdings, LLC v. Bristol Healthcare Inv'rs. L.P.*, 2017 WL 5905574, at *15 (S.D.N.Y. Nov. 29, 2017) (internal citations and quotations omitted). "Courts have found

2

allegations to be prejudicial when they are amorphous, unspecific, and cannot be defended against and where allegations, if publicized harm [the defendant] in the public eye and could influence perspective jury members." *Low v. Robb*, 2012 WL 17372, at *9 (S.D.N.Y. Jan. 20, 2012) (brackets in original) (internal citations and quotations omitted).

Consistent with this framework, courts within the Second Circuit routinely strike irrelevant personal character attacks. *See, e.g., Prout v. Vladeck*, 326 F.R.D. 407, 410-11 (S.D.N.Y. 2018) (striking paragraphs in defendants' preliminary statement to counterclaims that were "broad, *ad hominem* character attacks" on plaintiff's "integrity"); *Gaughan v. Rubenstein*, 261 F. Supp. 3d 390, 429 (S.D.N.Y. 2017) (striking allegations that were "plainly irrelevant and serve no purpose other than to reveal embarrassing and personal information about Defendants and non-parties"); *Williams v. Grp. Russo's Payroll, Inc.*, 2023 WL 3042236, at *9 (E.D.N.Y. Apr. 21, 2023) (striking "rumors" that would "likely be excluded").

**IV.**
**THE COURT SHOULD STRIKE THE UNNECESSARY, IMPROPER, AND HIGHLY PREJUDICIAL ALLEGATIONS FROM PLAINTIFFS' FAC.**

Like the original complaint, Plaintiffs' FAC is so overbroad that it could only have been filed for an improper purpose. Plaintiffs' inflammatory and irrelevant personal character attacks couched as allegations should be stricken to protect the integrity of these proceedings and to avoid undue prejudice to Mr. Fishback.

"Immaterial matter is that which has no essential or important relationship to the claim for relief, and impertinent material consists of statements that do not pertain to, and are not necessary to resolve, the disputed issues." *Williams v. Grp. Russo's Payroll, Inc.*, 2023 WL 3042236, at *9 (E.D.N.Y. Apr. 21, 2023); *see also In re Methyl Tertiary Butyl Ether (MTBE) Prods. Liab. Litig.*, 402 F.Supp.2d 434, 437 (S.D.N.Y. 2005). A scandalous allegation is one that "reflects

3

unnecessarily on the defendant's moral character, or uses repulsive language that detracts from the dignity of the court." *Eng v. Casey*, 2014 WL 5824640, at *1 (S.D.N.Y. Nov. 7, 2014).

The sole cause of action in the FAC is simple and straightforward. Plaintiffs allege that Mr. Fishback breached his Employment Agreement by keeping and publishing certain allegedly confidential information he obtained while working for Greenlight. This straightforward claim does not require 121 meandering paragraphs, many of which are compound and contain multiple subparts. Plaintiffs' FAC is about as far from a "short and plain statement of the claim" as imaginable. *See* Fed. R. Civ. P. 8.

And as explained in detail below, huge swaths of the FAC are dedicated to irrelevant character attacks against Mr. Fishback. These allegations are included solely for the improper purposes of harassing Mr. Fishback, needlessly multiplying the scope and costs of these proceedings (particularly, by laying the groundwork for a truly massive and exorbitant discovery expedition), and prejudicing a potential jury against him.

**A.      Plaintiffs' Attacks On Mr. Fishback's Job Performance At Greenlight Are Irrelevant And Should Be Stricken.**

Plaintiffs' gratuitous claims about Mr. Fishback's job performance while he was employed at Greenlight have nothing whatsoever to do with whether he breached a confidentiality obligation, and should be stricken as immaterial, impertinent, salacious, and prejudicial. (FAC ¶¶ 7, 33-41, 45-53, 54, 58, 61).

For example, Paragraph 33 alleges that during Mr. Fishback's employment, he did not meet Greenlight's performance expectations, and did not devote enough time to Greenlight. It also alleges that Mr. Fishback's work was sometimes "delayed, undeveloped, or otherwise incomplete," and claims that Mr. Fishback exhibited "dishonesty" about his work and certain "outside personal ventures." FAC ¶ 33. These assertions are utterly immaterial to the single breach

4

of contract claim asserted against Mr. Fishback—which has nothing to do with alleged underperformance on the job.

For the same reason, the allegations that Mr. Fishback was on "thin ice" (FAC ¶¶ 34, 51-52), made mathematical errors (FAC ¶¶ 36-37, 39), was unreliable (FAC ¶ 38), worked slowly (FAC ¶¶ 40, 41), and was "preoccupied" with his nonprofit Incubate Debate and outside endeavors (FAC ¶¶ 42, 45-52), along with many of the other aspersions in those paragraphs, are impertinent, immaterial, and prejudicial.

Plaintiffs also mention a so-called "Jelly Donut Assignment," which has no discernable connection to the standalone contract claim, and is unnecessarily included to paint Mr. Fishback in a negative light (FAC ¶¶ 55-56). The number of hours Mr. Fishback spent on a work assignment has no bearing on whether he disclosed Greenlight's Confidential Information. There is no legitimate reason for these allegations to be in this FAC.

**B.      Plaintiffs' Allegations About A "Gift Matching" Incident Are Irrelevant And Should Be Stricken.**

Plaintiffs make a series of allegations about a "gift-matching" incident, which also has no conceivable relevance to this case. (FAC ¶¶ 42-44). Generally speaking, these allegations assert that Mr. Fishback asked Greenlight to make a "matching" gift to a charitable organization that Mr. Fishback founded, but did not provide documentation satisfactory to Greenlight showing his underlying donation, and that, as a result, Greenlight ultimately declined to make a contribution. Greenlight also takes the opportunity to state, irrelevantly, that it questioned "whether Fishback was demonstrating appropriate personal integrity." (FAC ¶ 44). These allegations have no connection to any claim or defense, and are obviously included for the sole purpose of smearing Mr. Fishback by raising vague collateral questions about Mr. Fishback's integrity, and to

5

needlessly expand the scope of discovery in this case to include this alleged "incident" that is irrelevant and immaterial to Plaintiffs' contract claim.

**C.**    **Plaintiffs' Allegations That Greenlight Intended To Terminate Mr. Fishback's Employment Before He Resigned Are Irrelevant And Should Be Stricken.**

Plaintiffs' allegations that Mr. Fishback "likely deduced" that he was going to be terminated by Greenlight, and that he "resigned first" (FAC ¶ 61) have no bearing on Plaintiffs' contract cause of action. (*See also* FAC ¶¶ 60, 62-63, 72-73). He was not terminated, and this is not a wrongful termination case. These assertions are included only to try tarnish Mr. Fishback's reputation with potential future employers and to publicly embarrass him. For the same reason, the allegations that Mr. Fishback concealed his reasons for resigning from Greenlight (FAC ¶¶ 3, 72-73) are irrelevant and unduly prejudicial. The reasons why he resigned have absolutely no bearing on this case. These allegations should be stricken.

**D.**    **Plaintiffs' Allegations That Mr. Fishback's Prior Legal Actions Were "Frivolous" Are Improper, Irrelevant And Should Be Stricken.**

Even as Plaintiffs themselves make a slew of utterly frivolous allegations, Plaintiffs falsely assert in the FAC that prior litigation by Mr. Fishback was "frivolous." (FAC ¶¶ 7, 87-90). No court or tribunal has ever found that to be the case, and there is no support whatsoever for Plaintiffs' baseless mudslinging. Moreover, these allegations have nothing to do with Plaintiffs' contract claim. They are just another attempt to attack and harass Mr. Fishback.[2]

Relatedly, the fact that Mr. Fishback agreed with Greenlight to voluntarily discontinue certain actions *without prejudice*, so those claims could be pursued in arbitration, does not support Plaintiffs' cause of action based on alleged violations of a confidentiality obligation.[3]    As

---

[2]    For the same reason, Plaintiffs' allegations recapping the procedural history of Mr. Fishback's prior litigation are immaterial, and only serve to confuse a potential jury (FAC ¶¶ 87-88).
[3]    Although Plaintiffs allege that Mr. Fishback did not pursue his claims in arbitration, he has filed an arbitration and is pursuing his claims there.

Plaintiffs' experienced counsel well know, a voluntary agreement to a change of forum says nothing about the merits of the claims. Those allegations can only have been included to create the inflammatory insinuation that Mr. Fishback pursued improper claims—which, again, is untrue and unsupported by any finding in any court or forum. *See, e.g.*, *Soumayah v. Minnelli*, 41 A.D.3d 390, 393 (1st Dep't 2007) (holding that settlement-related allegations "not necessary" and "may instill undue prejudice [in] the jury," and therefore deciding that "the most prudent course of action at this juncture is to strike the allegations.").

**E.**     **Plaintiffs' Allegations About Mr. Fishback's Contemplated (But Not Consummated) Attendance At A Greenlight Investor Dinner—For Which Greenlight Sent Him A Save-The-Date—Are Irrelevant And Should Be Stricken.**

There is also no legitimate reason for Plaintiffs' inclusion of a series of allegations regarding Mr. Fishback's discussions about potentially attending a Greenlight investor dinner—while he was, in fact, an investor[4]—but which Mr. Fishback ultimately did not attend. (FAC ¶¶ 8, 91-95).

Plaintiffs allege that Mr. Fishback "threatened" to attend Greenlight's 2024 Annual Partner Dinner (FAC ¶ 91) and hand letters to investors raising questions about Greenlight's business (FAC ¶ 93). But the undisputed fact is that Mr. Fishback never did so. In any event, these allegations have no relation whatsoever to Plaintiffs' cause of action. Mr. Fishback did not disclose, or threaten to disclose, anything even potentially confidential. A suggestion that he might want to discuss Greenlight's investments *with other Greenlight investors* cannot possibly constitute a breach of confidentiality.

---

[4]     Mr. Fishback notes that he only considered attending this dinner *after* he received a save-the-date request *from Greenlight*. Greenlight later withdrew that offer, and Mr. Fishback did not attend. Thus, Greenlight's version of events is materially misleading.

Moreover, couching Mr. Fishback's email to Greenlight as a "threat"—which Plaintiffs do repeatedly—is highly prejudicial.  Although Mr. Fishback never distributed the letter that was discussed, he would have been well within his rights and his purview as an investor with substantial funds in Greenlight to discuss these issues with other Greenlight investors.

Accordingly, paragraphs 8 and 91-95 should be stricken from the Complaint as irrelevant and immaterial to the issues in this action.

**F.**     **Plaintiff's Disputes With Mr. Fishback About His Role At Greenlight Are Irrelevant And Should Be Stricken.**

Finally, Plaintiff makes a series of arguments about whether Mr. Fishback had the role, title, or responsibilities of head of macro at Greenlight.  (FAC ¶¶ 5, 10, 66, 68, 80-81).  As with the other allegations addressed above, these allegations have no nexus to Plaintiffs' breach of contract claim.  Again, they are merely included to attack and disparage Mr. Fishback.  That is not a proper use of the Court's docket or the litigation process.  These allegations too should be stricken.

## V.     CONCLUSION

For the reasons set forth herein, the Court should strike the scandalous, inflammatory, and unnecessary allegations identified above, and should grant to Mr. Fishback such other and further relief as the Court deems just and proper.

8

Dated:    Brooklyn, New York
          October 9, 2024

**ABRAMS FENSTERMAN, LLP**

*/s/ Justin T. Kelton*
Justin T. Kelton
Amanda P. Small
1 MetroTech Center, Suite 1701
Brooklyn, NY 11201
Tel: (718) 215-5300
Fax: (718) 215-5304
Email:  jkelton@abramslaw.com
Email:  asmall@abramslaw.com
*Counsel for Defendant*
*James T. Fishback*

9