UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
Greenlight Capital, Inc., DME Capital      :
Management, LP,      :
     :    Case No.: 24-cv-04832-PAE
     Plaintiffs,      :
     :
   –   against –      :
     :
James T. Fishback,      :
     :    ORAL ARGUMENT
     Defendant.      :    REQUESTED
-------------------------------------------------------------X

## DEFENDANT JAMES FISHBACK'S REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF HIS MOTION TO STRIKE IRRELEVANT AND PREJUDICIAL ALLEGATIONS IMPROPERLY INCLUDED IN PLAINTIFFS' FIRST AMENDED COMPLAINT PURSUANT TO FRCP 12(f).

**ABRAMS FENSTERMAN, LLP**
Justin T. Kelton
Amanda P. Small
1 MetroTech Center, Suite 1701
Brooklyn, NY 11201
Tel: (718) 215-5300
Fax: (718) 215-5304
*Counsel for Defendant*
*James T. Fishback*

**TABLE OF CONTENTS**

I.   PRELIMINARY STATEMENT ........................................................................................ 1

II.  ARGUMENT AND AUTHORITIES ............................................................................... 2

   A.   Plaintiffs' Argument That The Subject Allegations Would Be Admissible Is Meritless .................................................................................................................. 2

   B.   Plaintiffs' Attacks On Mr. Fishback's Job Performance At Greenlight Are Irrelevant And Should Be Stricken ......................................................................... 3

   C.   Plaintiffs' Allegations About The "Gift Matching" Incident Are Irrelevant And Should Be Stricken .......................................................................................... 6

   D.   Plaintiffs' Allegations That Greenlight Intended To Terminate Mr. Fishback's Employment Before He Resigned Are Irrelevant And Should Be Stricken ........... 6

   E.   Plaintiffs' Allegations That Mr. Fishback's Prior Legal Actions Were "Frivolous" Are Improper, Irrelevant And Should Be Stricken ............................. 7

   F.   Plaintiffs' Allegations That Mr. Fishback "Threatened" To Attend A Greenlight Investor Dinner Are Irrelevant And Should Be Stricken ...................... 8

   G.   Plaintiffs' Disputes With Mr. Fishback About His Role And Responsibilities At Greenlight Are Irrelevant And Should Be Stricken ............................................. 8

III. CONCLUSION ................................................................................................................ 9

# TABLE OF AUTHORITIES

Page(s)

Cases

*Allocco v. Dow Jones & Co.,*
  No. 02 CIV. 1029 (LMM), 2002 WL 1484400 (S.D.N.Y. July 10, 2002) ................................ 4

*Correction Officers Benevolent Ass'n of Rockland Cnty. v. Kralik,*
  226 F.R.D. 175 (S.D.N.Y. 2005) ................................................................................ 4

*CreditSights, Inc. v. Ciasullo,*
  No. 05 CV 9345(DAB), 2008 WL 4185737 (S.D.N.Y. Sept. 5, 2008) ................................ 4

*In re United States,*
  945 F.3d 616 (2d Cir. 2019) .................................................................................... 2

*Kao v. Brit. Airways, PLC,*
  No. 17 CIV. 0232 (LGS), 2018 WL 501609 (S.D.N.Y. Jan. 19, 2018) ................................ 8

*Katsoolis v. Liquid Media Grp., Ltd.,*
  No. 18 CIV. 9382 (LGS), 2019 WL 6050972 (S.D.N.Y. Nov. 15, 2019) ................................ 4

*Soumayah v. Minnelli,*
  41 A.D.3d 390 (1st Dep't 2007) ................................................................................ 8

*Thyssenkrupp Materials N.A., Inc. v. W. Bulk Carriers A/S,*
  No. 13 CIV. 1248, 2014 WL 335595 (S.D.N.Y. Jan. 22, 2014) ................................ 5

*Zurich Am. Life Ins. Co. v. Nagel,*
  538 F. Supp. 3d 396 (S.D.N.Y. 2021) ................................................................ 3

Rules

Fed. R. Civ. P. 1 .......................................................................................................... 1

Fed. R. Evid. 402 ........................................................................................................ 2

Fed. R. Evid. 403 ........................................................................................................ 2

Fed. R. Evid. 408 ........................................................................................................ 3

FRCP 12(f) .................................................................................................................. 1

Defendant James T. Fishback respectfully submits this Reply Memorandum of Law in Further Support of his Motion to strike irrelevant and prejudicial allegations improperly included in Plaintiffs' First Amended Complaint (the "FAC") pursuant to Fed. R. Civ. P. 12(f).

## I.    PRELIMINARY STATEMENT

This lawsuit is now limited to a single, straightforward cause of action for alleged breaches of a confidentiality agreement.[1]    But Plaintiffs seek to make this action a referendum on Mr. Fishback's general character and qualities as an employee.  Plaintiffs' FAC is cluttered with more than 120 allegations that largely consist of attacks that have no conceivable bearing on the contract claim.  As shown in Mr. Fishback's motion, these allegations are irrelevant, inadmissible, inflammatory and prejudicial, and should be stricken pursuant to Fed. R. Civ. P. 12(f).

In opposition, Plaintiffs make no persuasive argument to establish the relevance or propriety of these inflammatory allegations.   Plaintiffs appear to believe that *anything* Mr. Fishback allegedly did can be relevant, so long as it supports an inference that Mr. Fishback was disagreeable, disobedient, insufficiently "committed" to Greenlight, or interested in activities outside the workplace.  Plaintiffs argue that all of this goes to Mr. Fishback's supposed *scienter* or motive.  But that argument stretches the Federal Rules of Evidence and the doctrine of relevancy beyond all bounds of reason.  It is well-settled that motive is irrelevant to a breach of contract claim, and allegations about Mr. Fishback's work assignments, outside projects, or personal qualities are entirely unrelated to the core question of whether he has breached a contract.

The sprawling scope Plaintiffs seek to litigate here violates the mandate of Fed. R. Civ. P. 1 that actions should be administered to "secure the just, speedy, and *inexpensive* determination of every action and proceeding."  *Id.* (emphasis added).  The issue in this case is whether Mr.

---

[1]    In response to Mr. Fishback's prior motion to dismiss and strike, Plaintiffs withdrew three of their four causes of action.

Fishback misused confidential information. But Plaintiffs' FAC would force the Court to conduct a series of mini-trials on all manner of irrelevant topics including whether his math was precise, his nonprofit was funded as intended, his work on assignments was sufficiently thorough, his work hours were sufficient, and even whether his "Jelly Donut Assignment" essay was well drafted, among others. The Court should decline those wasteful detours.

Plaintiffs' allegations are irrelevant, grossly disproportionate to the needs of Plaintiffs' single breach of contract claim, and clearly intended to prejudice Mr. Fishback. Accordingly, Mr. Fishback's motion should be granted in its entirety, and the Court should award to Mr. Fishback such other relief as the Court deems just and proper.

## II.    ARGUMENT AND AUTHORITIES

### A.    Plaintiffs' Argument That The Subject Allegations Would Be Admissible Is Meritless.

In Plaintiffs' opposition, they argue that Mr. Fishback has not shown that the irrelevant and prejudicial allegations at issue in this motion would be inadmissible at trial. This argument—made without citing any Federal Rule of Evidence—makes no sense. The entire premise of Mr. Fishback's motion is that Plaintiffs' allegations are so obviously irrelevant and brazenly prejudicial that they could not possibly be admissible. Indeed, evidence that is irrelevant or unduly prejudicial is, by definition, inadmissible. *See, e.g.*, Fed. R. Evid. 402; Fed. R. Evid. 403 (court may exclude even relevant evidence if its probative value is "substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence"); *see also*, *In re United States*, 945 F.3d 616, 630 (2d Cir. 2019) (evidence that is irrelevant is inadmissible).

In his motion, Mr. Fishback showed that each of the subject allegations is both irrelevant and unduly prejudicial. (*See generally*, Mot. pp. 4-8). Thus, Mr. Fishback has shown that evidence relating to those allegations would be inadmissible at trial. *Id.*

2

Plaintiffs' reliance on *Zurich Am. Life Ins. Co. v. Nagel*, 538 F. Supp. 3d 396, 400 (S.D.N.Y. 2021) is misplaced. In *Nagel*, the court considered whether a settlement communication should be stricken on the basis that settlement negotiations are inadmissible for certain purposes under Fed. R. Evid. 408. The court held that "the settlement zone is not a black hole from which no evidence can escape," and that "Rule 408 does not preclude Zurich's use of [an] email to prove a cause of action arising from the email itself." *Id.* On that basis, the court held that the settlement communication at issue may be relevant, and therefore, should not be stricken. The circumstances here could not be more different. Unlike *Nagel*, where the allegations at issue were potentially relevant to the cause of action itself, the allegations Plaintiffs include here are irrelevant to their sole claim—a straightforward breach of confidentiality. These extraneous and inflammatory allegations do not serve as a basis for Plaintiffs' cause of action, and bear no relevance to the breach claim at issue. Thus, *Nagel* actually reinforces Mr. Fishback's position: Plaintiffs have failed, and indeed cannot, meet the standard required to justify the inclusion of the subject allegations. Unlike in *Nagel*, Plaintiffs have no cause of action "arising from the [subject allegations themselves]."

**B.** **Plaintiffs' Attacks On Mr. Fishback's Job Performance At Greenlight Are Irrelevant And Should Be Stricken.**

In Mr. Fishback's motion, he showed that Plaintiffs' gratuitous attacks on his job performance while he was employed at Greenlight are completely unrelated to the sole issue here: whether he breached a confidentiality obligation, or whether he will do so. (*See* Mot. pp. 4-5 (addressing FAC ¶¶ 7, 33-41, 45-53, 54, 58, 61)). These allegations serve no purpose other than to tarnish Mr. Fishback, and should be stricken as immaterial, impertinent, salacious, and prejudicial. (*Id.*).

3

In response, Plaintiffs argue that ordinarily questions of relevancy are not ripe for decision on a motion to strike. (Opp. p. 8). But this case is far from ordinary: Plaintiffs have filled their FAC with irrelevant attacks that bear no conceivable link to their single cause of action. Courts in the Second Circuit clearly have the power to analyze a pleading and decide whether the allegations are relevant to any cause of action. *See, e.g.*, *Katsoolis v. Liquid Media Grp., Ltd*., No. 18 CIV. 9382 (LGS), 2019 WL 6050972, at *3 (S.D.N.Y. Nov. 15, 2019) (denying request to amend pleading to add allegations that Defendant did not receive a college education, and ordering that "Plaintiff shall not include this irrelevant allegation in the SAC."); *CreditSights, Inc. v. Ciasullo*, No. 05 CV 9345(DAB), 2008 WL 4185737, at *22 (S.D.N.Y. Sept. 5, 2008) (granting motion to strike where plaintiff failed to show any "causal relation between such facts and his claims."); *Correction Officers Benevolent Ass'n of Rockland Cnty. v. Kralik*, 226 F.R.D. 175, 177 (S.D.N.Y. 2005) (granting motion to strike because the allegations and exhibits at issue "are clearly irrelevant to the case at hand."); *Allocco v. Dow Jones & Co.*, No. 02 CIV. 1029 (LMM), 2002 WL 1484400, at *2 (S.D.N.Y. July 10, 2002) (granting motion to strike allegation that company employees used company computers for improper purposes because allegation "is not relevant to any of plaintiff's aforementioned claims."). For the reasons set forth in Mr. Fishback's motion, the Court should undertake such scrutiny here.

Plaintiffs argue that their single cause of action for alleged breach of a confidentiality agreement also includes a request for an injunction, and that obtaining an injunction "may require more than just success on the breach claim." (Opp. p. 9). However, the injunction that Plaintiffs seek is based on their single breach of contract claim. Since Plaintiffs withdrew the vast majority of the causes of action they asserted in their original complaint, what remains in this case is a dispute about whether Mr. Fishback breached a confidentiality agreement, and with respect to

Plaintiffs' request for an injunction, whether he will do so in the future. The fact that Plaintiffs include a request for an injunction is not a basis to trot out every smear they could possibly conjure about issues having nothing to do with supposed confidentiality violations.

How could allegations that Mr. Fishback spent too few hours on projects possibly relate to a dispute over whether he breached a confidentiality agreement? Or that his work was "delayed, undeveloped, or otherwise incomplete"? Or that he was allegedly dishonest? Or that he made mathematical errors? Or that he was "preoccupied" with matters outside of work? Or that Plaintiffs were unhappy with Mr. Fishback's work on the "Jelly Donut Assignment"?

Contrary to Plaintiffs' conclusory arguments, these irrelevant allegations have no connection to the breach of contract claim. And, as shown in Mr. Fishback's motion, these allegations are obviously prejudicial to him because they attempt to cast aspersions on Mr. Fishback's character and damage his reputation in the finance industry. (Mot. pp. 4-5).

Finally, Plaintiffs' moralistic argument that virtually *any* negative allegation about Mr. Fishback could potentially be relevant because it shows "that Fishback has no reservations about taking wrongful actions" (opp. p. 11) is meritless. This is a breach of contract case. Arguments about morality or motivation are irrelevant. *See Thyssenkrupp Materials N.A., Inc. v. W. Bulk Carriers A/S*, No. 13 CIV. 1248, 2014 WL 335595, at *1 (S.D.N.Y. Jan. 22, 2014) ("motive is generally irrelevant in breach of contract actions.") (citing authorities). An allegation that someone is difficult to work with does not make it any more or less likely that he breached a particular contract. Rather, the allegations at issue relate to vague insinuations about all kinds of miscellaneous supposed "bad acts," which have no bearing on this case and threaten to expand the scope of issues to be tried here far beyond what is reasonably appropriate to evaluate the merits of this case.

5

**C.    Plaintiffs' Allegations About The "Gift Matching" Incident Are Irrelevant And Should Be Stricken.**

In Mr. Fishback's motion, he showed that Plaintiffs allegations about a "gift-matching" incident (FAC ¶¶ 42-44) were unduly prejudicial and entirely irrelevant to Plaintiffs' confidentiality claim.  (Mot. pp. 5-6).  This alleged incident has nothing to do with confidentiality, and cannot possibly bear on any issue at trial.

Plaintiffs do not seriously contend otherwise.  They argue that the alleged "gift-matching" incident is that it "created reasonable concerns about his ability to be forthcoming with the company and compounded existing dissatisfaction with his employment." (Opp. p. 15).  But this argument does nothing to connect these allegations to Plaintiffs' cause of action for an alleged breach of contract.  Nor do Plaintiffs attempt to show that the allegations are not scandalous and prejudicial.  Instead, the allegations are clearly a vague attempt to pursue a collateral attack on Mr. Fishback's general credibility as to issue that have nothing to do with this case.  Thus, Plaintiffs have failed to overcome Mr. Fishback's motion to strike these assertions.

**D.    Plaintiffs' Allegations That Greenlight Intended To Terminate Mr. Fishback's Employment Before He Resigned Are Irrelevant And Should Be Stricken.**

Mr. Fishback also moved to strike allegations that he was going to be terminated by Greenlight (which indisputably never occurred), and that he "resigned first" (FAC ¶ 61), because they have no bearing on Plaintiffs' single contract claim.  (*See also* FAC ¶¶ 60, 62-63, 72-73).  It is undisputed that Mr. Fishback was not terminated, and this is not a wrongful termination case.

Moreover, Mr. Fishback was not required to provide any reason for resigning from Greenlight, and the claim that he concealed his reasons for resigning (FAC ¶¶ 3, 72-73) are irrelevant and unduly prejudicial.  While Plaintiffs argue that these allegations are intended to show that Mr. Fishback misappropriated confidential information for his new business (Opp. pp. 10-11), this argument fails because, as noted above, motive is irrelevant to a breach of contract

6

claim (*see supra* II, B) and these allegations do not go to the issue of whether any confidential information was misused. The issue here is whether Plaintiffs can prove a breach and/or any damage flowing therefrom. Speculation about Mr. Fishback's motives is simply not part of the equation. (*Id.*).

**E.     Plaintiffs' Allegations That Mr. Fishback's Prior Legal Actions Were "Frivolous" Are Improper, Irrelevant And Should Be Stricken.**

Mr. Fishback moved to strike Plaintiffs' allegations that a prior lawsuit filed by Mr. Fishback, which is now proceeding in arbitration, was "frivolous," because those allegations have nothing to do with Plaintiffs' contract claim (in addition to being false). (Mot. pp. 6-7).

In response, Plaintiffs argue that their allegations of alleged frivolous litigation are relevant because Mr. Fishback's prior lawsuit purportedly disclosed a piece of information that was somehow simultaneously untrue and "confidential." (Opp. p. 12). This argument fails because it does not address why the allegation of *frivolity* is relevant to any claim or defense in this case. Instead, Plaintiffs argue that they were merely "*acknowledging* that litigation". *Id*. (emphasis added). That is simply untrue. What their pleading actually attempts to do is attack the merits—and even the propriety—of the pleading in that prior action. Mr. Fishback did not argue in this motion that no prior litigation can be *referenced*. But referring to that prior litigation as "frivolous," when it is not, and when no tribunal has ever made any finding that could support such an outlandish claim, is improper, irrelevant, scandalous, and prejudicial. It also sets this action up for an unnecessary trial-within-a-trial about the merits of a different proceeding that is pending in another forum. It is clearly inappropriate in the context of this breach of contract case.

Finally, Mr. Fishback explained in his motion that the fact that he agreed to voluntarily discontinue certain other actions *without prejudice* so those claims could be pursued in arbitration, does not support Plaintiffs' cause of action based on alleged violations of a confidentiality

obligation and is therefore irrelevant and should be stricken.[2]  Mot. p. 7 (citing *Soumayah v. Minnelli*, 41 A.D.3d 390, 393 (1st Dep't 2007)).  Plaintiffs make no attempt to address this issue. They have therefore conceded this argument.  *See Kao v. Brit. Airways, PLC*, No. 17 CIV. 0232 (LGS), 2018 WL 501609, at *5 (S.D.N.Y. Jan. 19, 2018) (citing authorities).

**F.    Plaintiffs' Allegations That Mr. Fishback "Threatened" To Attend A Greenlight Investor Dinner Are Irrelevant And Should Be Stricken.**

Plaintiffs seek to make much of the fact that after *Greenlight sent Mr. Fishback a save-the-date* for a Greenlight investor dinner, he responded that he might attend (since he was, indisputably, an investor).  Plaintiffs argue that for Mr. Fishback to even consider asking investment-related questions at an investor dinner would violate his confidentiality obligations.

It is undisputed that Plaintiffs later withdrew their invitation, and Mr. Fishback did not attend.  Moreover, it is undisputed that after Plaintiffs withdrew their invitation, Mr. Fishback did not ask any investor the investment-related questions at issue, and took no steps to disrupt the dinner.  Thus, these allegations do not support a finding either that Mr. Fishback committed any breach, or that he may do so in the future.  Quite the contrary, they show that after Plaintiffs asked Mr. Fishback not to discuss Greenlight with his fellow co-investors, he acceded to their request in full, and did not do so.  Thus, these allegations do not support the single breach of contract claim that remains in this case.

**G.    Plaintiffs' Disputes With Mr. Fishback About His Role And Responsibilities At Greenlight Are Irrelevant And Should Be Stricken.**

Finally, as shown in Mr. Fishback's motion, Plaintiffs' arguments about the nature of Mr. Fishback's role, title, and responsibilities at Greenlight (FAC ¶¶ 5, 10, 66, 68, 80-81) have no nexus to Plaintiffs' breach of contract claim.  Mot. p. 8.  These allegations do not make it any more

---

[2]    Although Plaintiffs alleged that Mr. Fishback did not pursue his claims in arbitration, he has filed an arbitration and is pursuing his claims there.

or less likely that Mr. Fishback breached his confidentiality agreement. Moreover, they seek to draw the Court into an irrelevant and duplicative side-trial about Mr. Fishback's role and responsibilities in Greenlight's macro trading operation, which is already being litigated by the parties in binding arbitration, thus creating an unnecessary risk of inconsistent outcomes (in addition to wasteful duplicative litigation). Plaintiffs should not be permitted to use such irrelevant allegations to publicly disparage Mr. Fishback. They should be stricken.

### III.    CONCLUSION

For the reasons set forth in Mr. Fishback's motion and set forth herein, the Court should strike the scandalous, inflammatory, and unnecessary allegations identified above, and should grant to Mr. Fishback such other and further relief as the Court deems just and proper.

Dated:    Brooklyn, New York
November 12, 2024

**ABRAMS FENSTERMAN, LLP**

 */s/ Justin T. Kelton*
Justin T. Kelton
Amanda P. Small
1 MetroTech Center, Suite 1701
Brooklyn, NY 11201
Tel: (718) 215-5300
Fax: (718) 215-5304
Email:  jkelton@abramslaw.com
Email:  asmall@abramslaw.com
*Counsel for Defendant*
*James T. Fishback*