UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------X

Greenlight Capital, Inc., DME Capital      :
Management, LP,                               :

                                       :    Case No.: 24-cv-04832-PAE

                    Plaintiffs,     :

                                       :

     –  against –             :

                                       :    **ANSWER WITH AFFIRMATIVE**

James T. Fishback,                 :    **AND OTHER DEFENSES, AND**

                                     :    **JURY DEMAND**

                    Defendant.    :

---------------------------------------------------------------X

Defendant James T. Fishback, as and for his Answer with Affirmative and Other Defenses to the First Amended Complaint filed by Plaintiffs Greenlight Capital, Inc. and DME Capital Management, LP (Dkt. No. 18 (the "Complaint")), as modified by the Court's Opinion & Order dated December 19, 2024 (Dkt. No. 24), responds and alleges as follows:

## GENERAL OBJECTION AND RESPONSE

Mr. Fishback notes that many of the allegations in the complaint are compound, vague, and ambiguous.  Similarly, many of the allegations in the complaint relate to documents that have not been clearly identified or provided to Mr. Fishback.  Accordingly, Mr. Fishback responds to the allegations based on his current information and belief, subject to further analysis, including based on discovery to be exchanged in this action.  In responding to this complaint, Mr. Fishback does not admit—and expressly denies—any actionable misconduct or causing any legally cognizable damages.

Subject to the foregoing, Mr. Fishback responds to Greenlight's allegations as follows:

### NATURE OF THE ACTION[1]

1.      Paragraph 1 of the complaint consists of legal argument to which no response is required.  To the extent that any response is required, Mr. Fishback denies any actionable misconduct.

2.      Paragraph 2 of the complaint summarizes documents and historical events in this litigation that speak for themselves.  Mr. Fishback respectfully refers to those documents and events for their terms and import.  Mr. Fishback otherwise lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 2 of the Complaint.  Mr. Fishback denies any actionable misconduct.

3.      Mr. Fishback admits that he was hired as a Research Analyst at Greenlight, but states that Greenlight subsequently referred to him as its head of macro, and admits that he resigned from the Company in July 2023.  Mr. Fishback denies any actionable misconduct, lacks knowledge or information about Greenlights alleged "investigation" or what Greenlight believes that it found, and lacks knowledge or information sufficient to form a belief as to the remaining allegations in Paragraph 3 of the complaint.

4.      Mr. Fishback lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 4 of the complaint, except as to the allegations of Paragraph 4 that relate to a document, Mr. Fishback avers that such document speaks for itself, and Mr. Fishback respectfully refers to such document for its terms and import.

5.      In response to Paragraph 5 of the complaint, Mr. Fishback denies Greenlight's allegations about his purported "motives," and denies stealing proprietary information.  Mr.

---

[1]    For the sake of organization and clarity, Mr. Fishback recites the titles and headers used by Greenlight in its complaint, but he does not concede or admit the substantive content of those titles and headers, many of which are false.

Fishback admits telling third parties that he was head of macro, which was a phrase applied to him by Greenlight, and which Greenlight shared with third-parties.  Mr. Fishback denies that he referred to this fact in order to misappropriate Greenlight's successes or to build credibility, but rather because it was the title applied to him by Greenlight.  Mr. Fishback lacks sufficient knowledge or information sufficient to form a belief as to the remaining allegations in Paragraph 5 of the complaint.

6.     In response to Paragraph 6 of the complaint, Mr. Fishback admits that Greenlight asked him to delete information that Greenlight alleged to be Confidential Information. Mr. Fishback denies that he continued to retain and misuse Greenlight's Confidential Information after Greenlight's request, as he deleted it.  Mr. Fishback lacks sufficient knowledge or information sufficient to form a belief as to the remaining allegations in Paragraph 6 of the Complaint.

7.     In response to Paragraph 7 of the complaint, Mr. Fishback admits that he filed a lawsuit against Greenlight and that he voluntarily dismissed his claims in favor of arbitration. Mr. Fishback states that he filed an arbitration with the American Arbitration Association ("AAA") on September 26, 2024.   Mr. Fishback denies making false statements or misrepresentations, denies "using incorrect numbers and falsely attributing the profitability," denies disclosing confidential information, and states that he used the phrase head of macro because Greenlight had applied that phrase to him.  Mr. Fishback lacks knowledge or information sufficient to form a belief as to the remaining allegations in Paragraph 7 of the complaint.

8.     In response to Paragraph 8 of the complaint, Mr. Fishback denies "threatening" to attend and disrupt Greenlight's 2024 Annual Partner Dinner, as Mr. Fishback was invited to Greenlight's 2024 Annual Partner Dinner by Jason Lewis via email on October 11, 2023.  Mr. Fishback also denies threatening to hand out letters containing confidential information, but admits

to contemplating the possibility of raising certain investment-related questions to Greenlight's investors at the event.  Additionally, Mr. Fishback denies that he did not attend the event because of warnings from Greenlight, but rather states that he decided not to attend on his own volition for the sake of convenience and in a good faith effort to reduce unnecessary friction between the parties.

9.      In response to Paragraph 9 of the complaint, Mr. Fishback admits that in May 2024, the hosts of a podcast invited Greenlight's President, David Einhorn, to debate Mr. Fishback.  Mr. Fishback denies the remaining allegations in Paragraph 9 of the complaint, including the characterizations made.

10.      In response to Paragraph 10 of the complaint, Mr. Fishback admits discussing Greenlight's macro investments in a general manner publicly, but denies disclosing or admitting to possessing Greenlight's confidential information.  Mr. Fishback states that, upon information and belief, his discussion of macro investments related to investments that were already made public before his discussion.  Mr. Fishback denies retaining Greenlight's confidential information.

11.      Mr. Fishback lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 11 of the complaint.

12.      Mr. Fishback denies the allegations in Paragraph 12 of the complaint.

13.      In response to Paragraph 13 of the complaint, Mr. Fishback admits that he posted a video on his account on May 19, 2024, but denies the characterization that Mr. Fishback has a "flippant attitude."  The other allegations in Paragraph 13 of the complaint relate to a video that speaks for itself, and Mr. Fishback respectfully refers to such video for its terms and import.

14.      Mr. Fishback denies the allegations in Paragraph 14 of the complaint.

15.     Mr. Fishback denies the allegations in Paragraph 15 of the complaint, except lacks knowledge or information to form a belief as to the allegations about whether his posts were "widely viewed," and/or which "major media outlets" allegedly reported on the story.

16.     Mr. Fishback denies the allegations in Paragraph 16 of the complaint.

17.     In response to Paragraph 17 of the complaint, Mr. Fishback lacks knowledge or information sufficient to form a belief as to what is considered harmful to Greenlight.  The remaining allegations in Paragraph 17 refer to a document that speaks for itself, and Mr. Fishback respectfully refers to such document for its terms and import.

18.     Mr. Fishback denies the allegations in Paragraph 18 of the complaint.

## PARTIES

19.     Mr. Fishback lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 19 of the complaint.

20.     Mr. Fishback lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 20 of the complaint.

21.     Mr. Fishback admits the allegations in Paragraph 21 of the complaint.

## JURISDICTION AND VENUE

22.     Paragraph 22 of the complaint consists of legal argument to which no response is required.

23.     Mr. Fishback lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 23 of the complaint.

24.     Mr. Fishback admits the allegations in Paragraph 24 of the complaint.

25.     Paragraph 25 of the complaint consists of legal argument to which no response is required.

26.     Paragraph 26 of the complaint consists of legal argument to which no response is required.

## FACTUAL ALLEGATIONS

### I.     Greenlight & DME

27.     Mr. Fishback lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 27 of the complaint.

28.     Mr. Fishback lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 28 of the complaint.

29.     Mr. Fishback lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 29 of the complaint.

### II.     Greenlight Hires Fishback

30.     Mr. Fishback admits that he received an Offer Letter from Greenlight on January 27, 2021 as alleged in Paragraph 30 of the complaint, and respectfully refers to the Offer Letter for its terms and import as the Offer Letter speaks for itself.

31.     Mr. Fishback admits that he signed an Employment Agreement on February 8, 2021, as alleged in Paragraph 31 of the complaint, and respectfully refers to the Employment Agreement for its terms and import, as the Employment Agreement speaks for itself.

32.     Paragraph 32 of the complaint relates to a document that speaks for itself, and Mr. Fishback respectfully refers to such document for its terms and import.

### III.     Fishback's Tenure with Greenlight

33.     Mr. Fishback denies the allegations in Paragraph 33 of the complaint.

A. Fishback's Performance Issues:  2021-2022

34.     Mr. Fishback admits the allegations in Paragraph 34 of the Complaint.

35.    Mr. Fishback denies the allegations in Paragraph 35 of the complaint.

36.    Mr. Fishback admits the allegations in Paragraph 36 of the complaint, and states that Mr. Fishback was responsible for hundreds of macro trades during his nearly three years at Greenlight, and making one error does not make him incompetent.

37.    Mr. Fishback denies the allegations in Paragraph 37 of the complaint.

38.    Mr. Fishback lacks sufficient knowledge or information sufficient to form a belief as to the allegations in Paragraph 38 of the complaint.

39.    In response to Paragraph 39 of the complaint, Mr. Fishback admits replying that it was a "bank error."  Mr. Fishback lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 39 of the complaint.

40.    Mr. Fishback admits the allegations in Paragraph 40 of the complaint, but states success in trading is generally measured by results achieved, as opposed to time spent. Mr. Fishback further states that the time spent on an assignment is not reflective of the quality of the work product, as some of Mr. Fishback's most profitable macro trades at Greenlight were the result of relatively short periods of research.

41.    Mr. Fishback admits the allegations in Paragraph 41 of the complaint, but states that these issues often related to "ghost-writing" assignments, and Mr. Fishback consistently pushed back on assignments from Mr. Einhorn that he thought were ill-designed or ill-fated as he believed his time was better spent identifying asymmetric macro trading opportunities that could lead to substantial profits for the firm.  The allegations about a performance assessment and tweets refer to documents that speak for themselves, and Mr. Fishback respectfully refers to such documents for their terms and import.

B.  Potential Gift Matching Incident

42.    Paragraph 42 of the Complaint was stricken pursuant to the Court's Order dated December 19, 2024 (Dkt. No. 24).  Accordingly, no response is required.

43.    Paragraph 43 of the Complaint was stricken pursuant to the Court's Order dated December 19, 2024 (Dkt. No. 24).  Accordingly, no response is required.

44.    Paragraph 44 of the Complaint was stricken pursuant to the Court's Order dated December 19, 2024 (Dkt. No. 24).  Accordingly, no response is required.

C.  Performance Issues Continue Into 2023

45.    Mr. Fishback denies the allegations in Paragraph 45 of the complaint.

46.    Mr. Fishback lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 46 of the complaint.

47.    Mr. Fishback denies the allegations in Paragraph 47 of the complaint, and states that a number of Greenlight employees, including Daniel Roitman, personally donated to Incubate Debate in 2022.

48.    Mr. Fishback admits the allegations in Paragraph 48 of the complaint.

49.    In response to Paragraph 49 of the complaint, Mr. Fishback denies that he was preoccupied with his personal endeavors, and denies the characterization of his performance.  The other allegations of Paragraph 49 relate to a document that speaks for itself, and Mr. Fishback respectfully refers to such document for its terms and import.

50.    The allegations of Paragraph 50 of the complaint relate to a document that speaks for itself, and Mr. Fishback respectfully refers to such document for its terms and import.

51.    The allegations of Paragraph 51 of the complaint relate to a document that speaks for itself, and Mr. Fishback respectfully refers to such document for its terms and import.

52.    Mr. Fishback admits the allegations in Paragraph 52 of the complaint.

53.    Mr. Fishback admits the allegations in Paragraph 53 of the complaint.

**IV.    Greenlight Discovers Fishback's Improper Handling of Confidential Information & Fishback Resigns from Greenlight**

54.    Mr. Fishback denies the allegations in Paragraph 54 of the complaint.

55.    In response to Paragraph 55, Mr. Fishback admits that Mr. Einhorn tasked him with the "Jelly Donut Assignment," and admits to a two day delay in delivering the assignment.  Mr. Fishback lacks sufficient knowledge or information to form a belief as to the remaining allegations in Paragraph 55 of the complaint.

56.    Mr. Fishback lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 56 of the complaint.

57.    Mr. Fishback denies the allegations in Paragraph 57 of the complaint, and states that Greenlight never supplied him with a company laptop or cell phone, and Greenlight therefore understood that Mr. Fishback used his personal devices to complete his work.

58.    In response to Paragraph 58 of the complaint, Mr. Fishback admits that he was warned about his work, and admits to recognizing his shortcomings and promising to improve his performance.  Mr. Fishback lacks knowledge or information sufficient to form a belief as to the remaining allegations in Paragraph 58 of the complaint.

59.    The allegations of Paragraph 59 of the complaint relate to a document that speaks for itself and Mr. Fishback respectfully refers to such document for its terms and import.

60.    The allegations of Paragraph 60 of the complaint relate to documents that speak for themselves and Mr. Fishback respectfully refers to those documents for their terms and import.

61.    Mr. Fishback denies the allegations in Paragraph 61 of the complaint and states that Mr. Fishback was invited to many (upon information and belief, over fifty) one-on-one Zoom calls

with Mr. Einhorn, and had no reason to know that this call was any different. Mr. Fishback's decision to resign from his at-will employment at Greenlight was at his own volition.

62.    The allegations of Paragraph 62 of the complaint relate to a document that speaks for itself and Mr. Fishback respectfully refers to such document for its terms and import.

63.    In response to Paragraph 63 of the complaint, Mr. Fishback admits that he contemplated forming a hedge fund since early summer 2023. Mr. Fishback also states that, upon information and belief, he was permitted to disclose his role and contributions to Greenlight in a general manner. Mr. Fishback denies the remaining allegations in Paragraph 63 of the complaint.

## V.    Greenlight Discovers Fishback's Other Misconduct on the Eve of His Departure

64.    In response to Paragraph 64 of the complaint, Mr. Fishback denies making misrepresentations. Mr. Fishback lacks knowledge or information sufficient to form a belief as to the remaining allegations in Paragraph 64 of the complaint.

65.    Mr. Fishback denies any actionable misconduct, and otherwise lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 65 of the complaint.

### A.  Fishback Created Azoria, His Own Fund, While at Greenlight, and Concealed it from Greenlight

66.    In response to Paragraph 66 of the complaint, Mr. Fishback denies any wrongful misappropriation of Greenlight's reputation and Confidential Information, and denies that he built a business off of any misappropriation of Greenlight's reputation and Confidential Information. Mr. Fishback lacks knowledge or information sufficient to form a belief as to the remaining allegations in Paragraph 66 of the complaint.

67.    Paragraph 67 of the complaint relates to a document that speaks for itself, and Mr. Fishback respectfully refers to such document for its terms and import. Mr. Fishback lacks

knowledge or information sufficient to form a belief as to the remaining allegations in Paragraph 67 of the complaint.

68.    In response to Paragraph 68 of the complaint, Mr. Fishback denies signing up to a conference using a false title, given that Greenlight had previously referred to Mr. Fishback as its head of macro, both internally and externally.  Mr. Fishback also denies attempting to convey greater importance to Greenlight's operations, and/or greater macro investing success, than was accurate.  Mr. Fishback lacks knowledge or information sufficient to form a belief as to the remaining allegations in Paragraph 68 of the complaint.

69.    In response to Paragraph 69 of the complaint, Mr. Fishback admits he did not request Greenlight's permission to speak at the Citi Conference, and lacks knowledge or information sufficient to form a belief as to the remaining allegations in Paragraph 69.

70.    Mr. Fishback admits the allegations in Paragraph 70 that he formed Azoria while still employed at Greenlight; however, Mr. Fishback denies the allegation that he was improperly referred to as head of macro at this time, given that Greenlight had previously referred to Mr. Fishback as its head of macro.

71.    In response to Paragraph 71 of the Complaint, Mr. Fishback admits that Greenlight asked him to provide contact information for the Citi Conference, but lacks knowledge or information sufficient to form a belief as to Greenlight's state of mind in making the request. Mr. Fishback denies that he was never referred to by Greenlight as Greenlight's head of macro. Mr. Fishback admits that he did not provide Greenlight with the contact information, but states that he asked Citi to revise the conference agenda in line with Mr. Roitman's request.  Mr. Fishback admits the remaining allegations in Paragraph 71, and to the extent those allegations relate to a

document that speaks for itself, Mr. Fishback respectfully refers to such document for its terms and import.  The remaining allegations of Paragraph 71 are denied.

72.    In response to Paragraph 72 of the complaint, Mr. Fishback states that at the time he stated that Azoria was a "consulting LLC," that was its intended function.  Mr. Fishback admits that it now it operates as a hedge fund, which Mr. Fishback operates and promotes on social media, and which competes with Greenlight.  Mr. Fishback admits that he did not disclose Azoria's existence to Greenlight before August 9, 2023.  To the extent that the allegations in Paragraph 72 relate to a document that speaks for itself, Mr. Fishback respectfully refers to such document for its terms and import.  The remaining allegations in Paragraph 72 of the complaint are denied.

73.    Mr. Fishback lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 73 of the complaint.

B.    Fishback Transferred Greenlight's Confidential Information to Himself

74.    The allegations in Paragraph 74 of the complaint relate to a document that speaks for itself, and Mr. Fishback respectfully refers to such document for its terms and import.  Mr. Fishback otherwise lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 74 of the complaint.

75.    In response to Paragraph 75 of the complaint, Mr. Fishback admits that he forwarded certain information to himself, but states that he did so because Mr. Roitman indicated that Greenlight may wish to revert back to the paid consulting arrangement that Greenlight had initiated with Mr. Fishback in 2019 when Mr. Fishback was running his own macro hedge fund called Macrovoyant.  Mr. Fishback states that when Mr. Roitman asked him to delete this information, he did so, and Mr. Fishback has never shared it publicly.  The remaining allegations in Paragraph 75 purport to refer to a document that speaks for itself, and Mr. Fishback refers to

that document for its terms and import, and/or consist of legal argument and conclusion, which is denied.

76.    Mr. Fishback admits the allegations in Paragraph 76 of the complaint to the extent that he forwarded himself certain information so that he would have information needed to consult for Greenlight.  The remaining allegations in Paragraph 76 purport to refer to a document that speaks for itself, and Mr. Fishback refers to that document for its terms and import.

77.    Mr. Fishback admits the allegations in Paragraph 77 of the complaint that he forward certain information to his personal email account, and states that Greenlight was aware that Mr. Fishback had information about Greenlight's macro investments and performance in his personal email account because Mr. Fishback was a paid consultant to Greenlight prior to his full-time employment with Greenlight.  Greenlight acquiesced to same.  Mr. Fishback lacks knowledge or information sufficient to form a belief as to the allegations about what Greenlight is "attempting," and lacks knowledge or information sufficient to form a belief as to the remaining allegations in Paragraph 77.

78.    In response to Paragraph 78 of the complaint, Mr. Fishback denies that he still has possession of confidential information that he retained during his tenure at Greenlight, and Mr. Fishback admits that he represented to Greenlight that he deleted the portfolio of Greenlight investments, which he did.

C.  Greenlight Warns Fishback Against Misconduct and Fishback Reveals His Scheme

79.    Paragraph 79 of the complaint relates to a document that speaks for itself, and Mr. Fishback respectfully refers to such document for its terms and import.

80.    Paragraph 80 of the complaint relates to documents that speak for themselves, and Mr. Fishback respectfully refers to such documents for their terms and import.  Mr. Fishback

denies the implication that he was never referred to by Greenlight as its head of macro, which implication is inaccurate.  As for the allegations about Greenlight's formal corporate structure or "official" hierarchy, Mr. Fishback lacks knowledge or information sufficient to form a belief as to those allegations, except to restate that Greenlight referred to him as its head of macro.  Mr. Fishback lacks knowledge or information sufficient to form a belief as to Mr. Roitman's intent when he referred to Mr. Fishback as Greenlight's head of macro in an email to a third-party.

81.    Paragraph 81 of the complaint relates to documents that speak for themselves, and Mr. Fishback respectfully refers to such documents for their terms and import.  Mr. Fishback denies the allegations in Paragraph 81 to the extent that they consist of legal argument and conclusion about "context" and "lack of a proper noun."  Mr. Fishback also denies that "Mr. Roitman overstated his description of Fishback so that GLG would allow him to attend the event."  Mr. Fishback otherwise lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 81.

82.    In response to Paragraph 82 of the complaint, Mr. Fishback denies "theft of" or "stealing" Greenlight's portfolio of investments.  Mr. Fishback admits to forwarding the GLG email to himself, but denies Plaintiffs' characterization as to the reasoning.  Moreover, Mr. Fishback notes that the GLG email was sent by Greenlight to an external third-party and, therefore, was not confidential.  The remaining allegations in Paragraph 82 of the complaint are denied.

83.    In response to Paragraph 83 of the complaint, Mr. Fishback denies that he is in possession of Greenlight's confidential information.  Mr. Fishback admits to receiving letters from Greenlight's counsel asking him to confirm the deletion of all Greenlight confidential information.  Mr. Fishback lacks sufficient knowledge or information to form a belief as to the remaining allegations in Paragraph 83 of the complaint.

## VI.    Greenlight's Demand Letters

84.    In response to Paragraph 84 of the complaint, Mr. Fishback admits that he received the First Demand Letter.  The remainder of Paragraph 84 consists of legal argument and conclusion, which is denied, and/or refers to a document that speaks for itself, and Mr. Fishback respectfully refers to such document for its terms and import.  Mr. Fishback denies disclosing confidential information or that he is "willing" to do so.

85.    In response to Paragraph 85 of the complaint, Mr. Fishback admits that he received the Second Demand Letter.  The remainder of Paragraph 85 consists of legal argument and conclusion, which is denied, and/or refers to a document that speaks for itself, and Mr. Fishback respectfully refers to such document for its terms and import.

86.    In response to Paragraph 86 of the complaint, Mr. Fishback states, upon information and belief, that he did not respond specifically and explicitly to the demand letters.  However, Mr. Fishback has responded to Greenlight's allegations generally through his counsel and through the litigation process.

## VII.    Fishback Includes Confidential Information in a Complaint

87.    In response to Paragraph 87 of the complaint, Mr. Fishback admits to filing a complaint against Greenlight on October 23, 2023, in New York State Supreme Court.  The remainder of Paragraph 87 refers to a document that speaks for itself, and Mr. Fishback respectfully refers to such document for its terms and import.

88.    Paragraph 88 of the Complaint was stricken pursuant to the Court's Order dated December 19, 2024 (Dkt. No. 24).  Accordingly, no response is required.

89.    In response to Paragraph 89 of the complaint, Mr. Fishback denies filing his complaint for any improper purpose.  The remainder of Paragraph 89 consists of legal argument

and conclusion, which is denied, and/or refers to a document that speaks for itself, and Mr. Fishback respectfully refers to such document for its terms and import.  Mr. Fishback denies any actionable misconduct.

90.    Paragraph 90 of the complaint was stricken pursuant to the Court's Order dated December 19, 2024 (Dkt. No. 24).  Accordingly, no response is required.

### VIII.    Fishback Threatens to Disrupt Greenlight's 2024 Annual Partner Dinner

91.    Paragraph 91 of the complaint relates to a document that speaks for itself, and Mr. Fishback respectfully refers to such document for its terms and import.  Mr. Fishback denies the characterization that he "threatened to attend Greenlight's 2024 Annual Partner Dinner," since he was invited to that dinner.

92.    In response to Paragraph 92 of the complaint, Mr. Fishback denies making any threats, denies "insisting" that he would attend the Annual Partner Dinner or stand outside of the event, denies attempting "to intimidate and embarrass Greenlight," and denies attempting to "interfere with Greenlight's relationships with its investors, counterparties and service providers." Mr. Fishback lacks knowledge or information sufficient to form a belief as to the remaining allegations in Paragraph 92 of the complaint.

93.    Paragraph 93 of the complaint consists of legal argument and conclusion, which is denied, and/or refers to a document that speaks for itself, and Mr. Fishback respectfully refers to such document for its terms and import.

94.    In response to Paragraph 94 of the complaint, Mr. Fishback denies that the statement he made is false.  The remaining allegations in Paragraph 94 of the complaint refer to a document that speaks for itself, and Mr. Fishback respectfully refers to such document for its terms and import.

95.     In response to Paragraph 95 of the complaint, Mr. Fishback admits receiving letters through counsel regarding the Annual Partner Dinner, admits that he did not attend the Annual Partner Dinner, and admits that he did not stand outside Greenlight's Annual Partner Dinner. Mr. Fishback denies making any threats to Greenlight, denies harassing Greenlight, denies any "intent to harm Greenlight," and denies misusing Greenlight's confidential information. Mr. Fishback lacks knowledge or information sufficient to form a belief as to the remaining allegations in Paragraph 95 of the complaint.

**IX.    Fishback's May 2024 "Debate" Scheme & Social Media Meltdown**

96.     In response to Paragraph 96, Mr. Fishback denies "being extremely active in seeking out platforms," and denies that he "hoodwinked the hosts of a podcast called 'Wall Street Skinny' into extending an 'invite' to Mr. Einhorn to debate Fishback on their podcast."  The remainder of Paragraph 96 consists of legal argument and/or conclusions, which are denied, and refers to a document that speaks for itself, and Mr. Fishback respectfully refers to such document for its terms and import.

97.     In response to Paragraph 97 of the complaint, Mr. Fishback admits to responding to an email, states that his response is a document that speaks for itself, and respectfully refers to his email response for its terms and import.  Mr. Fishback denies deceiving the podcast's host. The remaining allegation in Paragraph 97 refers to a document that speaks for itself, and Mr. Fishback respectfully refers to such document for its terms and import.

98.     In response to Paragraph 98 of the complaint, Mr. Fishback denies "deceiving" anyone, denies attempting to "harass" Greenlight, and denies that he knew that Mr. Einhorn, who (like Mr. Fishback) is a former debater, would necessarily decline the opportunity to debate investment-related topics.  Mr. Fishback states that the podcast at issue was not his, and he had no

editorial control over it.  Therefore, the opportunity to participate in the podcast was, by definition, an invitation, regardless of who contacted whom first.  Based on the foregoing, Mr. Fishback denies the allegations in Paragraph 98 of the complaint.

99.    In response to Paragraph 99 of the complaint, Mr. Fishback denies inviting Mr. Einhorn on a podcast, as it was not Mr. Fishback's podcast.  Mr. Fishback also denies the characterization that the invitation was a "sham," as it was a genuine invitation and presented a real opportunity to appear on the podcast and engage in a debate.  Additionally, Mr. Fishback denies that the invitation was a "pretext," as Mr. Fishback was ready to participate in the debate, and would have done so if Mr. Einhorn had agreed, Mr. Fishback also denies revealing confidential information as to Mr. Einhorn's position on Tesla, because Mr. Einhorn's negative views and position about Tesla were already publicly known, and denies retaining Greenlight's confidential information.  Any remaining allegations of Paragraph 99 of the complaint are denied.

100.    Paragraph 100 of the complaint refers to a document that speaks for itself, and Mr. Fishback respectfully refers to such document for its terms and import.

101.    Paragraph 101 of the complaint refers to documents and videos that speak for themselves, and Mr. Fishback respectfully refers to such documents and videos for their terms and import.  The remaining allegations of Paragraph 101 of the complaint are denied.

102.    Paragraph 102 of the complaint refers to documents and videos that speak for themselves, and Mr. Fishback respectfully refers to such documents and videos for their terms and import.

103.    Paragraph 103 of the complaint refers to documents and videos that speak for themselves, and Mr. Fishback respectfully refers to such documents and videos for their terms and import.  Mr. Fishback denies misusing any confidential information, denies the legal arguments

and conclusions contained in Paragraph 103 of the complaint, and denies any actionable misconduct.

104.    In response to Paragraph 104 of the complaint, Mr. Fishback denies disclosing Greenlight's confidential information.  However, Mr. Fishback admits making statements that he was responsible for $100 million in macro trading profits, which he called "insane," but denies the legal conclusion that his statements disclosed Greenlight's confidential information.  Mr. Fishback further denies the allegations in Paragraph 104 of the complaint regarding his supposed motives or intent.

105.    In response to Paragraph 105, Mr. Fishback denies making false statements, but lacks sufficient knowledge or information to form a belief as to any impressions given by the statements he made, or whether the statements he made had any discernable impact on Greenlight. The remainder of Paragraph 105 consists of legal argument and conclusion, which is denied.

106.    Paragraph 106 refers to social media posts and other media articles that speak for themselves, and Mr. Fishback respectfully refers to those documents for their terms and import. Because Paragraph 106 is vague as to the specific posts being referenced, Mr. Fishback lacks knowledge or information sufficient to form a belief as to the number of views received by the posts.  Mr. Fishback admits, upon information and belief, that the New York Times, Business Insider, Yahoo Finance, Bloomberg and Morningstar, covered, to some degree, his departure from Greenlight.  Mr. Fishback denies making "wrongful statements."

107.    In response to Paragraph 107 of the complaint, Mr. Fishback denies making inaccurate statements.  The remainder of Paragraph 107 of the complaint consists of legal argument and conclusions, which are denied.

108.    In response to Paragraph 108 of the complaint, Mr. Fishback denies being "relentless and unabashed," denies making "unlawful" statements, and denies causing any legally cognizable harm.  Mr. Fishback lacks sufficient knowledge or information to form a belief as to the remainder of the allegations in Paragraph 108 of the complaint.

109.    In response to Paragraph 109 of the complaint, Mr. Fishback denies disclosing confidential information or causing any legally cognizable harm, and Mr. Fishback lacks sufficient knowledge or information to form a belief as to the remaining allegations in Paragraph 109 of the complaint.

110.    In response to Paragraph 110 of the complaint, Mr. Fishback denies being in physical possession of documents containing Greenlight's confidential information, denies disclosing confidential information, and denies that Greenlight is entitled to relief.

## FIRST CAUSE OF ACTION

### (Breach of Contract – Employment Agreement)

111.    Mr. Fishback incorporates by reference as if fully set forth herein each of the preceding paragraphs.

112.    Paragraph 112 of the complaint consists of legal argument and conclusion, and/or refers to a document that speaks for itself, and Mr. Fishback respectfully refers to such document for its terms and import.  Mr. Fishback denies the remaining allegations of Paragraph 112.

113.    Paragraph 113 of the complaint consists of legal argument and conclusion, and/or refers to a document that speaks for itself, and Mr. Fishback respectfully refers to such document for its terms of import.  Mr. Fishback denies the remaining allegations in Paragraph 113.

114.    Paragraph 114 of the complaint consists of legal argument and conclusion, and/or refers to documents that speak for themselves, and Mr. Fishback respectfully refers to such

documents for their terms and import. Mr. Fishback denies the remaining allegations in Paragraph 114.

115.    In response to Paragraph 115 of the complaint, Mr. Fishback denies any "breaches." To the extent that Paragraph 115 of the complaint consists of legal argument and conclusion, Mr. Fishback denies Plaintiff's legal arguments and conclusions. To the extent that Paragraph 115 of the complaint refers to a document that speaks for itself, Mr. Fishback refers to such document for its terms and import. Mr. Fishback lacks sufficient knowledge or information to form a belief as to the remaining allegations in Paragraph 115 of the complaint, except that Mr. Fishback denies that Greenlight is entitled to relief.

116.    Paragraph 116 of the complaint consists of legal argument and conclusion, which is denied, and/or refers to a document that speaks for itself, and Mr. Fishback respectfully refers to such document for its terms and import.

117.    Paragraph 117 of the complaint consists of legal argument and conclusion, and/or refers to a document that speaks for itself and Mr. Fishback respectfully refers to such document for its terms and import.

118.    Mr. Fishback denies the allegations in Paragraph 118 of the complaint.

119.    Mr. Fishback denies the allegations in Paragraph 119 of the complaint.

120.    Mr. Fishback denies the allegations in Paragraph 120 of the complaint.

121.    Paragraph 121 of the complaint refers to a document that speaks for itself and Mr. Fishback respectfully refers to such document for its terms and import. Mr. Fishback denies any remaining allegations in Paragraph 121 of the complaint.

## AFFIRMATIVE AND OTHER DEFENSES

In further answer to the Complaint, Mr. Fishback asserts the following affirmative and other defenses.  In asserting these defenses, Mr. Fishback does not assume the burden of proof as to matters that, pursuant to law, are Greenlight's burden to prove.

### AS AND FOR A FIRST DEFENSE

The Complaint is barred on the grounds of estoppel, unclean hands, and the first breach doctrine, and/or waiver.

### AS AND FOR A SECOND DEFENSE

The Complaint is barred by the doctrine of laches.

### AS AND FOR A THIRD DEFENSE

Mr. Fishback did not misuse Greenlight's confidential information.

### AS AND FOR A FOURTH DEFENSE

Plaintiff seeks to be unjustly enriched through the Complaint, and as such, the Complaint should be dismissed.

### RESERVATION OF RIGHTS

Mr. Fishback's investigation of these matters is ongoing, and he reserves the right to amend, supplement, or modify anything contained herein as additional information is uncovered.

### DEMAND FOR JURY TRIAL

Mr. Fishback demands trial by jury on all matters so triable.

### PRAYER FOR RELIEF

**WHEREFORE**, Mr. Fishback respectfully requests that the Court enter judgment denying and dismissing the claim set forth in the Complaint, and granting to Mr. Fishback such other and further relief as the Court deems just and proper.

Dated:    Brooklyn, New York
          January 6, 2025

**ABRAMS FENSTERMAN, LLP**

 */s/ Justin T. Kelton*      
Justin T. Kelton
Mordecai Geisler
Amanda P. Small
1 MetroTech Center, Suite 1701
Brooklyn, NY 11201
Tel: (718) 215-5300
Fax: (718) 215-5304
Email:  jkelton@abramslaw.com
Email:  mgeisler@abramslaw.com
Email:  asmall@abramslaw.com
*Counsel for Defendant*
*James T. Fishback*

23