**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| Greenlight Capital, Inc., DME Capital Management, LP, <br><br> Plaintiffs, <br><br> -vs.- <br><br> James T. Fishback, <br><br> Defendant. | No. 24-cv-04832-PAE |

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' MOTION TO STRIKE DEFENDANT'S OFFER OF JUDGMENT FROM THE DOCKET**

AKIN GUMP STRAUSS HAUER & FELD LLP

Stephen M. Baldini
Akin Gump Strauss Hauer & Feld LLP
One Bryant Park
New York, NY 10036
Tel:  212-872-1000
Fax:  212-872-1002
sbaldini@akingump.com

*Counsel for Plaintiffs Greenlight Capital, Inc. and DME Capital Management, LP*

Plaintiffs, Greenlight Capital, Inc. ("Greenlight") and DME Capital Management, LP ("DME") (collectively, "Plaintiffs"), respectfully submit this memorandum of law in support of their motion to strike the Offer of Judgment filed by Defendant, James T. Fishback ("Defendant") on April 2, 2025, *see* ECF No. 33, from the docket in this matter.

## ARGUMENT

### I.     The Court Should Strike the Offer of Judgment as Improperly Filed

Defendant purported to file the Offer of Judgment pursuant to Federal Rule of Civil Procedure 68, which provides that:

> At least 14 days before the date set for trial, a party defending against a claim *may serve* on an opposing party an offer to allow judgment on specified terms, with the costs then accrued. If, within 14 days after being served, the opposing party serves written notice accepting the offer, either party *may then file* the offer and notice of acceptance, plus proof of service. The clerk must then enter judgment."

Fed. R. Civ. P. 68(a).

The Court should strike the Offer of Judgment because Defendant violated the clear procedure in Rule 68. Rule 68 requires a defendant to serve, but not file, an offer of judgment and then to wait 14 days. If the plaintiff accepts the offer, either party may file it and the clerk then enters judgment. But if the offer is not accepted within the 14-day period, it does not ever get filed on the docket and is not otherwise admissible, "except in a proceeding to determine costs." Fed. R. Civ. P. 68(a), (b).

Given the clear text of Rule 68, courts in this district, circuit, and other circuits strike unaccepted offers of judgment that are filed on public dockets. *See City of Almaty, Kazakhstan v. Sater*, 2022 WL 2666018, at *2 (S.D.N.Y. July 11, 2022) ("Because [Defendant's] purported offer of judgment was not accepted within 14 days of service (or at all), it should not have been filed on the docket. [Defendant's] purported offer[,] therefore should be stricken from the docket.") (citation omitted); *Michael Grecco Prods., Inc. v. Jukely, Inc.*, 2019 WL 1284256, at *2 (E.D.N.Y.

1

Mar. 20, 2019) ("It is also well established that if an unaccepted offer of judgment is filed with the Court in disregard of the dictates of Rule 68(a), it should be stricken from the docket.").[1] The reason for Rule 68's procedure makes good sense, as it ensures that the parties do not need to lay out settlement discussions, in the form of proposed or unaccepted offers, in public filings. *See Kubiak v. County of Ravalli*, 32 F.4th 1182, 1186 (9th Cir. 2022) ("When the District Court entered [its summary judgment] order, it did not know about the [Defendant's] outstanding Rule 68 offer. This comports with Rule 68 procedures: the defendant serves its offer on the plaintiff but does not file it with the court. The offer is filed only upon acceptance.") (citations omitted).

Simply put, Rule 68 and the applicable caselaw are clear that it is never proper for a defendant to file a Rule 68 offer before a plaintiff has an opportunity to respond to it. But that is exactly what Defendant did here. In doing so, Defendant must have either: (1) failed to read and understand the rule that was his purported basis for making the offer; or (2) ignored the language of the rule, in an attempt to influence this Court's evaluation of this case and deter Plaintiffs from prosecuting their claims, which not only violates Rule 68, but runs contrary to the rule's core purpose. *See Hopper v. Euclid Manor Nursing Home*, 867 F.2d 291, 295 (6th Cir.1989) ("The rule contemplates that whether jury or judge tries the case the decisionmaker will be unaware of the extraneous fact that an offer of judgment has been made. This ensures that the trier of fact will not be influenced in its evaluation of the case by any knowledge of a rejected offer or the consequences thereof.").

To be clear, Plaintiffs *have* rejected the Defendant's Offer of Judgment for multiple reasons, which have all been communicated to Defendant. And Plaintiffs remain open to constructive,

---

[1] Leading treatises are in accord. *See* 13 *Moore's Federal Practice* § 68.05[2][a] (3d ed. 2018) ("Courts generally sanction the pre-acceptance filing by striking the offer from the record."); 12 *Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure* § 3002 (3d ed. 2022) ("The defendant should not file the offer with the court, but if that is done by mistake the remedy is to strike the offer from the court's file.").

2

good-faith negotiations aimed at resolving any disputed issues in this case. But these negotiations cannot be conducted by documenting proposed or unaccepted offers on the public docket under the guise of compliance with Rule 68.

## II.     Plaintiffs Reserve the Right to Challenge the Validity of Defendant's Offer

In any event, Plaintiffs also reserve their right to challenge the validity and effect of the Offer of Judgment. That is because, even setting aside the specific terms that will be subject to the parties' confidential negotiations, the Offer of Judgment's existing material terms are so ambiguous that it fails to even constitute a valid offer under Rule 68 on its face.

The Second Circuit has held that "[a] defendant's discretion to offer 'judgment on specified terms' in no way relieves her from the requirement that Rule 68 offers must unambiguously be made by 'a party defending against a claim,' and must be capable of comparison to the judgment ultimately obtained." *See Stanczyk v. City of N.Y.*, 752 F.3d 273, 284 (2d Cir. 2014) (citations omitted). As such, the Second Circuit has acknowledged "that an ambiguous Rule 68 offer is inoperative." *See id.*; *Toth v. 59 Murray Enterprises, Inc.*, 2017 WL 3605493, at *2 (S.D. N.Y. 2017), *appeal dismissed*, 2017 WL 5714513 (2d Cir. 2017) (Buchwald, J.) ("[T]he case law makes clear that a court has the power to declare a Rule 68 offer invalid because of ambiguity, among other reasons.").

The Offer of Judgment is ambiguous because, *inter alia*, it: (1) fails to define "Confidential Information," which is at the heart of the parties' dispute here; and (2) includes a disclaimer of liability that is ambiguous with respect to whether the judgment will allow Plaintiffs to seek costs and attorneys' fees.[2] Further, both of these issues are compounded by the fact that the Offer of

---

[2] The Offer of Judgment is silent as to costs and fees. When a party accepts a Rule 68 offer of judgment that is silent as to costs, that party is entitled to seek costs after entry of judgment. *See Barbour v. City of White Plains*, 700 F.3d 631, 633 (2d Cir. 2012) (per curiam). However, the Offer of Judgment here also contains a disclaimer of liability for Defendant, and Plaintiffs' contractual entitlement to costs and attorneys' fees in

3

Judgment is devoid of any substance beyond a single sentence copied from Plaintiffs' complaint that summarized the relief sought by Plaintiffs. "[T]he entry of final judgment pursuant to Rule 68 is a ministerial act that does not require the action of the judge." *Harris v. City of New York*, 2004 WL 1555194, at *1 (S.D.N.Y. July 12, 2004). Here, the Offer of Judgment purports to address permanent injunctive relief. In the context of a permanent injunction, Federal Rule of Civil Procedure Rule 65(d) provides that "[e]very order granting an injunction and every restraining order shall set forth the reasons for its issuance; shall be specific in terms; [and] shall describe in reasonable detail, and not by reference to the complaint or other document, the act or acts sought to be restrained...." Fed.R.Civ.P. 65(d); *see also S.C . Johnson & Son, Inc. v. Clorox Co.*, 241 F.3d 232, 240-41 (2d Cir. 2001) ("To comply with the specificity and clarity requirements" of Rule 65(d), "an injunction must be specific and definite enough to apprise those within its scope of the conduct that is being proscribed.")

The Offer of Judgment here does not even begin to approach the necessary form or contents for a valid final judgment entering permanent injunctive relief, and it would take much more than a "ministerial act" to transform the Offer of Judgment into a final judgment. Even setting aside the specific ambiguities identified above, the general lack of substance in the Offer of Judgment itself creates ambiguity as to how the parties would go about filling in the gaps in a final judgment to implement the Offer of Judgment if it were accepted, and what other disputes would potentially arise during that process.

In failing to make a definite offer with unambiguous key terms, Defendant has completely deprived the Plaintiffs of the ability to make a reasonable decision as to whether to accept the offer. Such an offer does nothing to serve the purposes of Rule 68, and is not a valid offer under that

---

connection with this action are "by reason of any breach of any provision of this Agreement." Thus, the Offer of Judgment is ambiguous with respect to whether Plaintiffs are entitled to recover their fees and costs incurred to date.

rule. *See Almaty*, 2022 WL 2666018, at *2 ("[A]mbiguous offers should be clarified or stricken to further the purposes of Rule 68 [to encourage settlement] and to protect the ability of parties to make reasonable decisions regarding the conduct of litigation.") (quoting *Boorstein v. City of N.Y.*, 107 F.R.D. 31, 34 (S.D.N.Y. 1985)).

In sum, Plaintiff reserves all rights to challenge the validity or interpretation of the Offer of Judgment under Rule 68 should Defendant fail to rectify the ambiguities in his offer and properly serve, but not file, the offer.

## **CONCLUSION**

For the reasons set forth above, the Offer of Judgment should be stricken from the docket.

New York, New York
Dated: April 16, 2025

            Respectfully submitted,

            AKIN GUMP STRAUSS HAUER & FELD LLP

            By: */s/ Stephen M. Baldini*
                Stephen M. Baldini
                Akin Gump Strauss Hauer & Feld LLP
                One Bryant Park
                New York, NY 10036
                Tel:  212-872-1000
                Fax:  212-872-1002
                sbaldini@akingump.com

                *Counsel for Plaintiffs Greenlight Capital, Inc. and DME Capital Management, LP*