UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
Greenlight Capital, Inc., DME Capital
Management, LP,

                  Plaintiffs,

     – against –

James T. Fishback,

                  Defendant.
---------------------------------------------------------------X

Case No.: 24-cv-04832-PAE

# DEFENDANT JAMES FISHBACK'S RESPONSE TO PLAINTIFF'S MOTION TO STRIKE OFFER OF JUDGMENT

**ABRAMS FENSTERMAN, LLP**
Justin T. Kelton
Amanda P. Small
1 MetroTech Center, Suite 1701
Brooklyn, NY 11201
Tel: (718) 215-5300
Fax: (718) 215-5304
*Counsel for Defendant*
*James T. Fishback*

Defendant James T. Fishback respectfully submits this Memorandum of Law in Response to Plaintiff's Motion to Strike the Offer of Judgment from the docket in this matter.

### I. RESPONSE TO MOTION TO STRIKE OFFER OF JUDGMENT

Mr. Fishback does not oppose removal of the Offer of Judgment from the docket. However, Mr. Fishback disputes Plaintiffs' argument that the Offer was invalid under Rule 68 of the Federal Rules of Civil Procedure.

*First*, the inclusion of a liability disclaimer in the Offer is consistent with Rule 68 jurisprudence and does not invalidate the Offer. *See Virgin Enterprises Ltd. v. American Longevity*, 2001 WL 1356234, at *1–2 (S.D.N.Y. Nov. 2, 2001); *see also McCauley v. Trans Union, L.L.C.*, 402 F.3d 340, 341 (2d Cir. 2005) ("As explained by a sister circuit in discussing disclaimers of liability in Rule 68 settlement offers, 'a party [cannot] force his opponent to confess to having violated the law, as it is always open to a defendant to default and suffer judgment to be entered against him without his admitting anything.'").

*Second*, the Offer was not ambiguous—and in fact was substantively aligned with the relief requested in Plaintiffs' First Amended Complaint (Dkt. No. 18, the "FAC"). The Offer closely tracked the language used in the FAC, and, in essence, offered Plaintiffs the very injunction they seek:

| **PLAINTIFFS' DEMAND IN THEIR COMPLAINT** | **MR. FISHBACK'S OFFER** |
|---|---|
| Permanent injunction, enjoining Mr. Fishback from:<br><br>• "retaining any Confidential Information in any form (including computer files, removable media "thumb drives," CDs, electronic files on removal media or in any other electronic form, and hard copy documents) and instead returning all | Permanent injunction, enjoining Mr. Fishback from:<br><br>• "retaining any Confidential Information in any form (including computer files, removable media "thumb drives," CDs, electronic files on removal media or in any other electronic form, and hard copy documents) and returning all copies of |

| **PLAINTIFFS' DEMAND IN THEIR COMPLAINT** | **MR. FISHBACK'S OFFER** |
|---|---|
| copies of such documents, materials, computer files and other data to Greenlight, and destroying any such Confidential Information that would remain in Fishback's possession even following return (i.e., computer files)"; and<br><br>• "disclosing or otherwise using Greenlight's Confidential Information" | such documents, materials, computer files and other data to Greenlight, and destroying any such Confidential Information that would remain in Fishback's possession even following return (i.e., computer files)"; and<br><br>• "disclosing or otherwise using Greenlight's Confidential Information." |
| (FAC p. 32) | (Dkt. No. 33) |

Surprisingly, Plaintiffs challenge the language of an offer mirroring their own terms set forth in their pleading. The central relief sought by Plaintiffs—a permanent bar against the possession, use, or disclosure of Plaintiffs' confidential information—was fully included in the Offer. Accordingly, the Court should decline to adopt Plaintiffs' mischaracterization of the Offer as deficient, and instead treat the Offer for what it was: a reasonable attempt to resolve this dispute efficiently by offering to Plaintiffs a major part of the relief they sought in their pleading.

In any event, no decision should be made as to the Offer's sufficiency because the Offer was rejected, and deciding its sufficiency at this juncture would constitute an advisory opinion. *See Bryant v. Bonded Accountants Services*, 2000 WL 33955881, at *4 (D. Minn. Aug. 2, 2000) (denying motion to strike unaccepted offer of judgment, and holding that since offer was rejected and no motion to enforce offer was pending, any opinion as to the propriety of the offer "would be merely advisory"). There is not currently any motion or controversy regarding enforcement of the Offer (although Mr. Fishback reserves his rights to argue that the Offer was valid in the future). Given the current posture of the case, the Court should not decide the merits of the arguments raised by Plaintiffs about whether the Offer was valid. *Id*. at *5 ("The issue of whether a failure

to accept an offer warrants imposition of costs under Rule 68 is more properly addressed, if it arises, when such a request for costs is made.").

## II. Conclusion

For the reasons set forth above, Mr. Fishback consents to removal of the Offer from the docket.

Dated: Brooklyn, New York
April 22, 2025

ABRAMS FENSTERMAN, LLP

 /s/ Justin T. Kelton
Justin T. Kelton
Amanda P. Small
1 MetroTech Center, Suite 1701
Brooklyn, NY 11201
Tel: (718) 215-5300
Fax: (718) 215-5304
Email: jkelton@abramslaw.com
Email: asmall@abramslaw.com
*Counsel for Defendant
James T. Fishback*

3