

**Brooklyn**
1 MetroTech Center, Suite 1701
Brooklyn, NY 11201
718.215.5300 ı **P**

Long Island · Brooklyn · White Plains · Rochester · Albany

July 10, 2025

**Via ECF**
Hon. Paul A. Engelmayer, United States District Judge
United States District Court
Southern District of New York
40 Foley Square
New York, NY 10007

> **Re:**  _**Greenlight v. Fishback**_**, SDNY Case No. 24-cv-04832-PAE;**
> **Motion for Leave to Withdraw as Counsel**

Dear Judge Engelmayer:

We are counsel to Defendant James Fishback in this case. We write pursuant to Local Civil Rule 1.4(b) to respectfully seek leave to withdraw as counsel, because Mr. Fishback has ended our engagement in this matter and instructed us to withdraw. _See Eisenberg v. Brand_, 144 Misc. 878, 879, 259 N.Y.S. 57, 58 (Sup. Ct. 1932) (a client who has retained counsel "may leave [the engagement] at any time without penalty.").

District courts have broad discretion in deciding a motion to withdraw. _See Whiting v. Lacara_, 187 F.3d 317, 320 (2d Cir. 1999). "Courts typically look to New York Rules of Professional Conduct for guidance on motions to withdraw." _City Merchandise Inc. v. Tian Tian Trading Inc._, No. 19-cv-09649, 2021 WL 119075, at *3 (S.D.N.Y. Jan. 13, 2021) (_citing Szulik v. Tag Virgin Islands Inc._, 2013 WL 6009945, at *1 (S.D.N.Y. Nov. 13, 2013) and _Joseph Brenner Assocs. v. Starmaker Entm't, Inc._, 82 F.3d 55, 57 (2d Cir. 1996)). The "Rules distinguish between permissive grounds for withdrawal and mandatory grounds for withdrawal." _Id._ "When a client discharges the attorney and terminates the attorney-client relationship, withdrawal is mandatory." _City Merchandise_, 2021 WL 119075, at *3 (_citing_ 22 N.Y.C.R.R. § 1200 [Rule 1.16(b)(3)]). Indeed, under Rule 1.16(b)(3) of the N.Y. Rules of Professional Conduct, a lawyer "shall" withdraw from the representation of a client when "the lawyer is discharged." _See also Casper v. Lew Lieberbaum & Co., Inc._, No. 97-CV-3016, 1999 WL 335334, at *4 (S.D.N.Y. May 26, 1999) ("While Local Rule 1.4 requires a court order to withdraw, when counsel has been discharged— and agreed to the termination—the order to withdraw should issue except under the most compelling circumstances.").

In light of the foregoing, it is respectfully requested that the Court grant this motion for leave to withdraw because Mr. Fishback has elected to terminate our law firm's engagement for this matter and, therefore, withdrawal is mandatory. _See McDonnell v. Tabah_, 297 F.2d 731 (2d Cir. 1961) ("there is no requirement of law or common sense that a court compel counsel to

continue to represent a former client when there had been a termination of the attorney and client relationship before trial by mutual consent, which is what happened in this case.").

It is our understanding that Mr. Fishback intends to represent himself *pro se* going forward. *See Jolly v. Coughlin*, No. 92-CV-9026, 1999 WL 20895, at *14 (S.D.N.Y. Jan. 19, 1999) ("if the plaintiff no longer wishes to be represented, he should be permitted to proceed *pro se*.").

We are not asserting a lien on Mr. Fishback's file for this matter, and a copy of the file is being transferred to him shortly, so we do not expect that withdrawal will cause significant delay or prejudice to any party.

No prior request for this relief has been made.

We thank the Court for its attention to this matter.

Respectfully submitted,

*/s/ Justin T. Kelton*

Justin T. Kelton

Cc:    All counsel of record (*via ECF*)

Defendant James Fishback (*via Email*)

The Court will hold an in-person conference on Monday, July 21, 2025, at 3 p.m., in Courtroom 1305 of the Thurgood Marshall United States Courthouse, at which it will take up the motion by counsel for defendant, Justin T. Kelton, Esq., for leave to withdraw. **The Court directs counsel for plaintiffs, Mr. Kelton, and Mr. Fishback to attend.** For avoidance of doubt, all discovery deadlines remain in place and Mr. Kelton has not been released as counsel for defendant.

SO ORDERED.

*Paul A. Engelmayer*

PAUL A. ENGELMAYER
United States District Judge

Dated: July 16, 2025
        New York, New York