Akin Gump Strauss Hauer & Feld LLP
One Bryant Park
Bank of America Tower
New York, NY 10036

T  +1 212.872.1000
F  +1 212.872.1002
akingump.com



**Stephen M. Baldini**
+1 212.872.1062/fax: +1 212.872.1002
sbaldini@akingump.com

August 8, 2025

**VIA ECF**
The Honorable Paul A. Engelmayer
United States District Court - Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square
New York, New York 10007-1312

      Re:    *Greenlight Capital, Inc., et al. v. Fishback,* 1:24-cv-04832-PAE

Dear Judge Engelmayer:

      On behalf of Plaintiffs Greenlight Capital, Inc. ("Greenlight") and DME Capital Management, LP (together "Plaintiffs"), we submit this pre-motion letter pursuant to Your Honor's Rule 3(H), in advance of Plaintiffs' proposed motion for summary judgment against defendant James Fishback ("Defendant"). Plaintiffs assert one claim for breach of contract. Under New York law, this claim requires proof of: "(1) the existence of a contract; (2) a breach of that contract; and (3) damages resulting from the breach." *Nat'l Mkt. Share, Inc. v. Sterling Nat. Bank*, 392 F.3d 520, 525 (2d Cir. 2004). Defendant does not dispute the existence of a contract here. Further, there is no genuine dispute that Plaintiffs have established the elements of breach and damages and are thus entitled to summary judgment, and also, injunctive relief.

      **1.   Breach of the Employment Agreement**

      Defendant and Greenlight are parties to an Employment Agreement that restricts Defendant's use of "Confidential Information." It provides, among other things, that Defendant: (1) shall not "disclose to any person not connected with the Company or use for his own benefit or for the benefit of any person other than the Company any Confidential Information either disclosed to or developed by the Employee during his employment by the Company," unless expressly permitted by Greenlight in writing; and (2) shall "deliver promptly to the Company all Confidential Information …which are or have been in his possession or under his control," upon the termination of Defendant's employment. Employment Agreement § 5. The Employment Agreement defines "Confidential Information" as including: "investments (except where publicly disclosed), investment methodologies, methods of dealing, investment track records, investment recommendations, investment performance, performance records of any individual investment position, performance records of any Company fund, performance records of Employee, information that supports the performance record of any Company fund or of Employee." *Id.* § 5.

      Defendant breached Section 5 of the Employment Agreement on multiple occasions by using Greenlight's Confidential Information for his own benefit, disclosing it to third parties, and retaining such information after his employment ended, all without authorization. A few notable examples include:



Honorable Paul A. Engelmayer
United States District Court for the Southern District of New York
August 8, 2025
Page 2

<u>Greenlight Investment Portfolio</u>: On Defendant's last day as a Greenlight employee, he sent Greenlight's entire portfolio of investments to his personal email address. At that point in time, Defendant had secretly committed to forming a hedge fund ("Azoria"), and later publicly stated Azoria would compete with Greenlight. Despite representing to Greenlight that he had deleted this information in 2023, Defendant retained possession of this document and produced it in this action. Defendant also sent other emails with Confidential Information about Greenlight's specific investments and their performance to his personal email during his time at Greenlight, and was unable to testify as to any legitimate purpose for doing so.

<u>2022 IRR Sheet</u>: Defendant was provided with ledgers of Greenlight trades that he worked on in connection with his annual performance reviews ("IRR Sheets"), which show the profits/losses and alpha generated by those trades. Defendant retained the 2022 IRR Sheet after leaving Greenlight, sent the IRR Sheet to a third party that he solicited as an investor in Azoria, and discussed its contents on a public podcast. He then disposed of the IRR Sheet in the summer of 2024 after Plaintiffs initiated this suit and while the parties were in active litigation.

<u>Track Record</u>: Shortly after leaving Greenlight, Defendant disclosed his purported yearly track records at Greenlight from 2021 to 2023 to several third parties in an attempt to raise investments for Azoria.

<u>Performance Letters and Updates</u>: As a Greenlight employee, Defendant also sent various forms of Confidential Information to his future Azoria co-founder, Asaf Abramovich, and several other third parties that he would later solicit as Azoria investors. These included letters and updates from Greenlight to its investors that are marked as confidential information and subject to investors' confidentiality obligations, as they contain information regarding Greenlight's investments and performance. Defendant also sent work product with economic analyses that he provided to Mr. Einhorn at Greenlight to many of the same third parties as well.

Each of these instances involved information about Greenlight's "investments," "investment track records," "investment performance," "performance records of…individual investment position[s]," "performance records of…Company fund[s]," "performance records of [an] Employee," and/or "information that supports [such] performance record[s]," in the definition of "Confidential Information."

The definition of Confidential Information is broad, but has extremely specific illustrative examples, and Defendant testified that the documents at issue contained information fitting in the plain language of those examples, leaving no room for disputes about ambiguity. *See Fischer & Mandell, LLP v. Citibank, N.A.*, 632 F.3d 793, 799 (2d Cir. 2011) ("Summary judgment is appropriate if the terms of the contract are unambiguous"). Defendant testified that he never sought or obtained permission from Greenlight (let alone in writing) to disclose the foregoing information to third parties, use the information for his own purposes, or retain such information after the termination of his employment.

2. **Damages Resulting from Breach**

The Employment Agreement states that the each of the parties thereto "will be entitled to enforce his or its rights under this Agreement specifically, to recover damages (including, without limitation,



Honorable Paul A. Engelmayer
United States District Court for the Southern District of New York
August 8, 2025
Page 3

reasonable fees and expenses of counsel) by reason of any breach of any provision of this Agreement…." Employment Agreement § 11.  There is no dispute that Plaintiffs incurred fees and expenses of counsel to enforce their rights under the Employment Agreement, and thus, that Plaintiffs incurred damages as a result of Defendant's breach here.  *See BDG Gotham Residential, LLC v. W. Waterproofing Co., Inc.*, 2024 WL 4349163, at *8 (S.D.N.Y. Sept. 30, 2024) ("While proof of damages is 'an essential element' of the claim, there is no requirement that any specific amount of damages be proven in order to obtain partial summary judgment as to liability.") (citation omitted).

### 3. **Injunctive Relief**

Plaintiffs are also entitled to a judgment enjoining Defendant from any additional violations of the Employment Agreement.  "To obtain a permanent injunction, a plaintiff must succeed on the merits and 'show the absence of an adequate remedy at law and irreparable harm if the relief is not granted.'" *Roach v. Morse*, 440 F.3d 53, 56 (2d Cir. 2006) (citation omitted).  Plaintiffs will succeed on their breach of contract claim as set forth above.  Further, Plaintiffs will show irreparable harm if relief is not granted, and the absence of an adequate remedy at law for multiple reasons that are not genuinely disputed here.

First, the Employment Agreement provides "[t]he parties hereto agree and acknowledge that money damages may not be an adequate remedy for any breach or threatened breach of [Section 5] of this Agreement" and that Greenlight may seek "specific performance and/or injunctive relief in order to enforce or prevent any violations of such provisions."  Employment Agreement § 11.  This may be viewed "as evidence of an admission that irreparable harm has occurred."  *See Roswell Capital Partners LLC v. Alternative Const. Techs.*, 2009 WL 222348, at *17 (S.D.N.Y. Jan. 30, 2009).  Second, Defendant misused Confidential Information to further the promotion of Azoria, and publicly stated he would operate Azoria to compete with Greenlight.  *Wenner Media LLC v. Northern & Shell North Am. Ltd.*, 2005 WL 323727, at *3-4 (S.D.N.Y. Feb. 8, 2005)  ("The presumption of irreparable harm is just in the circumstances of this case…when an individual in possession of a former employer's confidential information accepts employment with a competitor").  Third and relatedly, Defendant misused the Confidential Information to create the false impression that he was solely responsible for aspects of Greenlight's performance, which threatened Greenlight's relationships and goodwill with its investors.  *See Mercer Health & Benefits LLC v. DiGregorio*, 307 F. Supp. 3d 326, 348 (S.D.N.Y. 2018) ("[T]he accompanying loss of goodwill with the concerned customers, cannot be adequately compensated by monetary damages.")  Finally , Defendant disclosed Confidential Information to third parties in furtherance of these efforts. *Empower Energies, Inc. v. SolarBlue, LLC*, 2016 WL 5338555, at *12 (S.D.N.Y. Sept. 23, 2016) ("The improper disclosure of confidential  information may constitute irreparable injury in some circumstances…because, as a general matter, the loss 'cannot be measured in money damages.'") (citation omitted).[1]

---

[1] The facts also demonstrate that Defendant's handling of devices and information reflects consciousness of wrongdoing and the need for an injunction.  For example, Defendant did not produce documentary support for his purported "donation" of his laptop around the time he resigned from Greenlight, admitted to throwing away the IRR Sheet during this action, falsely denied photographing the IRR Sheet, and encountered various technical issues preventing his initial production of electronic copies of the IRR Sheet and Greenlight's investment portfolio.



Honorable Paul A. Engelmayer
United States District Court for the Southern District of New York
August 8, 2025
Page 4

      Respectfully,

      */s/ Stephen M. Baldini*
      Stephen M. Baldini