Akin Gump Strauss Hauer & Feld LLP
One Bryant Park
Bank of America Tower
New York, NY 10036

T   +1 212.872.1000
F   +1 212.872.1002
akingump.com



**Stephen M. Baldini**
+1 212.872.1062/fax: +1 212.872.1002
sbaldini@akingump.com

September 3, 2025

**VIA ECF**
The Honorable Paul A. Engelmayer
United States District Court - Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square
New York, New York 10007-1312

      Re:    *Greenlight Capital, Inc., et al. v. Fishback*, 1:24-cv-04832-PAE

Dear Judge Engelmayer:

      We write on behalf of Plaintiffs Greenlight Capital, Inc. and DME Capital Management, LP, to request a pre-motion discovery conference, in anticipation of a potential motion to compel production of documents from Defendant, pursuant to S.D.N.Y. Local Civil Rule 37.2 and Rule 2.C of the Court's Individual Practices in Civil Cases.

      Between July 31, 2025 and August 6, 2025, Defendant made several supplemental document productions containing text messages. The instant letter motion concerns ten of those text messages that were produced with redactions (the "Redacted Texts"). On August 26, 2025, Plaintiffs sent a letter to Defendant challenging his redaction of the Redacted Texts because the only parties included on those communications were non-attorneys with no ostensible connection to any litigation and Defendant provided no immediate explanation as to why they were redacted. On August 28, 2025, Defendant sent Plaintiffs a letter refusing to produce the Redacted Texts on the basis that they were protected by the work product privilege. The parties conferred on September 2, 2025 but were unable to resolve the issue. As a result, Plaintiffs now respectfully request a pre-motion conference before moving to compel the production of the Redacted Texts.

      A party seeking to assert the work product privilege must establish that the material at issue "'(1) [is] a document or a tangible thing, (2) that was prepared in anticipation of litigation, and (3) was prepared by or for a party, or by his representative.'" *Pilkington N. Am., Inc. v. Mitsui Sumimoto Ins. Co. of Am.*, 341 F.R.D. 10, 13 (S.D.N.Y. 2022) (citation omitted). The mere possibility of litigation is insufficient to trigger the protection. *See Gucci Am., Inc. v. Guess?, Inc.*, 271 F.R.D. 58, 74 (S.D.N.Y. 2010). And the privilege "does not protect underlying facts from discovery merely because they have been incorporated into a privileged document." *SR Int'l Bus. Ins. Co. v. World Trade Ctr. Props., LLC*, 2002 WL 1998195, at *3 (S.D.N.Y. Aug. 29, 2002)

The Honorable Paul A. Engelmayer
United States District Court, Southern District of New York
September 3, 2025

(citing *Upjohn Co. v. United States*, 449 U.S. 383, 389 (1981)). "The party invoking the [work product] privilege bears the heavy burden of establishing its applicability" which cannot be met with "conclusory or *ipse dixit* assertions." *In re Grand Jury Subpoena Dated July 6, 2005*, 510 F.3d 180, 183-84 (2d Cir. 2007). The Federal Rules of Civil Procedure draw a distinction between fact and opinion work product,[1] and provide that the former is discoverable when a party "has substantial need for the materials to prepare its case and cannot, without undue hardship, obtain their substantial equivalent by other means." Fed. R. Civ. P. 26(b)(3)(A)(ii). A substantial need exists for information that "is 'crucial' to the determination of whether the defendant could be held liable for the acts alleged, or carries great probative values on contested issues." *Gucci*, 271 F.R.D. at 74-75 (citation omitted).

The context of the Redacted Texts highly suggests that they are not subject to the work product privilege, and Defendant has done nothing to show otherwise. Defendant has provided no explanation, let alone evidentiary support, for why the parties included on the Redacted Texts were acting as his representatives or needed to prepare materials for any anticipated litigation. The parties to the Redacted Texts (the "Third Parties") were: (1) Mr. Jay Fishback; (2) Mr. Asaf Abramovich; (3) Mr. Isaac Bevers; and (4) Mr. Scott Levitt. Mr. Jay Fishback is the Defendant's father, and the other parties are Defendant's friends and former business associates. None of the Third Parties are attorneys, nor did they have unique knowledge necessitating their involvement in Defendant's contemplated litigation strategy.

Instead, the Third Parties were personal contacts with whom Defendant had frequent conversations regarding various contemporaneous topics of note. That those conversations may have touched on potential disputes with Plaintiff does not render them privileged, however. *Obeid v. Mack*, 2016 WL 7176653, at *9 (S.D.N.Y. Dec. 9, 2016) ("A party's decision to discuss his litigation—even with a close and trusted friend—does not further the purposes behind the work-product doctrine."); *Bice v. Robb*, 2010 WL 5373904, at *2 (S.D.N.Y. Dec. 22, 2010), *aff'd*, 511 F. App'x 108 (2d Cir. 2013) (stating that "ruminations about potential legal requirements to establish liability… and family solidarity concerning potential litigation to correct perceived wrongs do not satisfy the requirements" of the work product doctrine).

Defendant has not shown that any of the Redacted Texts were used by counsel or contributed meaningfully to litigation preparation. *Bice*, 2010 WL 5373904, at *2 ("[W]hile a party may create work product on her own initiative without the clear direction of an attorney, to be protected these materials must at some juncture be used, or at least possessed, by the attorney.") That is likely because the redactions are in communications that were not litigation-driven discussions, but part of casual ongoing conversations that Defendant would have had with the Third Parties in any event. *See Bonacasa v. Standard Chartered PLC*, 2025 WL 1380079, at *3 (S.D.N.Y. May 12, 2025) ("Whether there is work product protection turns on whether the material would have been prepared irrespective of the expected litigation[.]") (citation omitted). Shielding such communications does not further the purposes of the work product doctrine, namely, to "preserve a zone of privacy in which a lawyer can prepare and develop legal theories and strategy

---

[1] Fact work product may encompass factual material, including the result of a factual investigation. *Id.* at 182. In contrast, opinion work product reveals the "mental impressions, conclusions, opinions, or legal theories of an attorney or other representative." *Id.*

2

The Honorable Paul A. Engelmayer
United States District Court, Southern District of New York
September 3, 2025

'with an eye toward litigation,' free from unnecessary intrusion by his adversaries." *United States v. Adlman*, 134 F.3d 1194, 1196 (2d Cir. 1998) (citation omitted).

Further, even if portions of the Redacted Texts are entitled to work product protection, Plaintiffs have a substantial need for and inability to obtain the information from another source without undue hardship. *See* Fed. R. Civ. P. 26(b)(3)(A)(ii).

This case centers on Defendant's misuse of Greenlight's Confidential Information.[2] Critically, discovery thus far has shown that Defendant shared Confidential Information with each of the Third Parties at various points in time in violation of his Employment Agreement. Notably, Plaintiffs uncovered that on at least thirty occasions during his employment, Defendant sent Confidential Information to his father regarding Greenlight's investments and performance. During the same period, Defendant made investments in a personal trading account that mirrored Greenlight's own investments. With respect to Mr. Abramovich and Mr. Bevers, each of those individuals helped Defendant form Azoria around the time Defendant's employment with Greenlight ended, and received Confidential Information from Defendant in connection with those efforts. Defendant also sent Confidential Information to Mr. Levitt, who Defendant solicited as a potential Azoria investor. Defendant's communications with these parties are relevant given their involvement in his violations of the Employment Agreement and other wrongful misconduct. Defendant's *post hoc* framing of these parties as litigation advisors to avoid discovery is a transparent and meritless attempt to misuse the work product doctrine. *Cf. O'Gorman v. Kitchen*, 2021 WL 1292907, at *3 (S.D.N.Y. Apr. 7, 2021) (recognizing that "stamp[ing] attorney work product onto documents in order to permit sharing those documents with friends, while shielding them from foe" constitutes a "pretextual" and inappropriate invocation of attorney work product).

Additionally, when Defendant understood that Greenlight would pursue claims to remedy his wrongful conduct, he coordinated with his father, Mr. Abramovich, and Mr. Levitt to submit fake "reference checks" to Greenlight for the purpose of bringing false defamation claims against Greenlight to intimidate the company from pressing its own claims against him. This may render the Redacted Texts discoverable under the crime-fraud exception to the work product doctrine.[3]

Plaintiffs do not have any opportunity to obtain these communications from another source. Unfortunately, Defendant did not produce the Redacted Texts until after his own deposition and the close of discovery, leaving Plaintiffs with no remaining opportunity to discover the information from Defendant or third parties absent reopening discovery.[4] As a result, Plaintiffs respectfully request that the Court hold a pre-motion discovery conference in anticipation of Plaintiffs' potential motion to compel Defendant to produce the Redacted Texts.

---

[2] Capitalized terms not defined herein have the meaning ascribed to them in Plaintiffs First Amended Complaint.

[3] "[I]t is well-established that communications that otherwise would be protected by … the attorney work product privilege are not protected if they relate to client communications in furtherance of contemplated or ongoing criminal or fraudulent conduct." *United States v. Roe (In re Richard Roe, Inc.)*, 68 F.3d 38, 40 (2d Cir. 1995) (internal quotation marks and citation omitted).

[4] Mr. Abramovich and Mr. Levitt produced third-party discovery in this action, but quite curiously, the text messages at issue were not included in those productions. Because Defendant had not produced any text messages at that point either, however, Plaintiffs were not aware that any texts were missing from those third-party productions.

3

The Honorable Paul A. Engelmayer
United States District Court, Southern District of New York
September 3, 2025

                            Sincerely,

                            */s/ Stephen M. Baldini*
                            Stephen M. Baldini

The Court will take up this issue at the pre-motion conference on September 4, 2025 (tomorrow) at 11 a.m.

The defendant is directed **forthwith** to submit copies of the 10 text messages described in plaintiffs' letter—in both redacted and unredacted form—by email to EngelmayerNYSDChambers@nysd.uscourts.gov.

SO ORDERED.

Date: September 3, 2025
      New York, New York

                              Paul A. Engelmayer
                              United States District Judge