UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
Greenlight Capital, Inc., DME Capital　　　　　　：
Management, LP,　　　　　　　　　　　　　　　：
　　　　　　　　　　　　　　　　　　　　　　　：　　Case No.: 24-cv-04832-PAE
　　　　　　　　　　　　　　Plaintiffs,　　　　 ：
　　　　　　　　　　　　　　　　　　　　　　　：
　　　　– against –　　　　　　　　　　　　　：
　　　　　　　　　　　　　　　　　　　　　　　：
James T. Fishback,　　　　　　　　　　　　　 ：
　　　　　　　　　　　　　　　　　　　　　　　：
　　　　　　　　　　　　　　Defendant.　　　　 ：
---------------------------------------------------------------X

## DECLARATION OF JAMES FISHBACK

JAMES FISHBACK declares pursuant to 28 U.S.C. § 1746 as follows:

　　　　1.　　I am an individual and the Defendant herein. As such, I am fully familiar with the facts and circumstances herein. I respectfully submit this Declaration in Opposition to Plaintiffs' motion (Dkt. No. 57) seeking to compel production of unredacted versions of ten text messages (the "Texts").

　　　　2.　　As the Court is aware, I have conceded to a finding of breach of contract, to the injunctive relief sought by Plaintiffs, and to Plaintiffs' entitlement to reasonable attorneys' fees and costs (subject only to reserving my right to review and respond to any fee application). Thus, I respectfully believe that Plaintiffs' request for additional discovery in this action is moot.

　　　　3.　　Nevertheless, I submit this Declaration to provide additional context regarding the Texts at issue, in the event that the Court considers Plaintiffs' motion to compel, notwithstanding that I have conceded all aspects of this case.

　　　　4.　　I understand that one consideration that courts consider in analyzing the work product doctrine is whether a disclosure of information to a third-party substantially increased the opportunity for potential adversaries to obtain the information.

1

5. Here, there are four non-parties to whom I disclosed certain information in the Text messages: my father Mr. Jay Fishback, Mr. Asaf Abramovich, Mr. Isaac Bevers, and Mr. Scott Levitt. There is no basis to believe that my disclosures of litigation-related information to these individuals would substantially increase the opportunity for my adversaries to obtain the information.

6. My relationship with my father is exceptionally close and confidential. We talk multiple times daily and consult each other about matters of the highest importance and confidence, such as issues of our shared religion and faith, our finances, my relationships, and virtually anything else one might imagine a father and son discussing. My father has never violated my confidences, and I have never violated his. We love, support, and defend each other, and there is simply no likelihood that my providing litigation-related materials to my father would substantially increase the chance that such information would be disclosed to an adversary.

7. Mr. Asaf Abramovich is my best friend, confidante, and my former business partner at Azoria. I have known him since the first day of sophomore year of high school. Since we were business partners, we were aligned in interest and fiduciaries of each other, and we freely shared confidential information regularly. And as close friends, we have discussed nearly all aspects of life, including those that we consider highly personal and confidential. Mr. Abramovich has never betrayed my confidences, and I have never betrayed his. My disclosing litigation-related materials to Mr. Abramovich would not substantially increase the likelihood that the materials would be disclosed to an adversary.

8. Mr. Isaac Bevers is a close friend, confidante, and business partner. I relied on his close and confidential counsel on a range of matters. Mr. Bevers has never betrayed my confidences, and I have never betrayed his. Thus, my disclosing litigation-related materials to Mr.

2

Bevers would not create an increased likelihood that the materials would be disclosed to an adversary.

9. Mr. Scott Levitt has been a friend and mentor since 2016, when he and I first met. I have relied on his close and confidential counsel on a range of professional matters since then. When he and I speak, we usually do so for hours, and we get into details that I would only share with close confidantes like him because I relied on his counsel. Mr. Levitt has never betrayed my confidences, and I have never betrayed his. Thus, my disclosing litigation-related materials to Mr. Levitt would not substantially increase the likelihood that the materials would be disclosed to an adversary.

10. Litigation is complex and stressful, and my disputes with Greenlight have been no exception. Because Greenlight is my former employer, and because it is so well-known and successful, these disputes have had a substantial impact on my career. Thus, I sought advice and counsel from my father, Mr. Abramovich, Mr. Bevers, and Mr. Levitt, as to my and my counsel's approach and strategy for certain litigation-related issues, such as claims, arguments, framing of facts, and the like, because I wanted the benefit of their views and experience as I navigated this difficult and complicated process.

11. Additionally, because I worked with both Mr. Abramovich and Mr. Bevers at some point during my various litigations with Greenlight, we had an alignment of interests since anything that impacted my career (positively or negatively) could also have an impact on them via our shared business interests.

12. I understand that Plaintiffs are seeking to compel production of some of the portions of my private text messages with these individuals because Plaintiffs argue that the redacted information either does not relate to litigation or is otherwise not protectible.

13. Plaintiffs are incorrect in their assumptions as to what the redacted information involves. Below is a brief summary of the information at issue:

| # | DESCRIPTION |
|---|---|
| 1 | ▮ |
| 2 | ▮ |
| 3 | ▮ |
| 4 | ▮ |
| 5 | ▮ |
| 6 | ▮ |
| 7 | ▮ |
| 8 | ▮ |
| 9 | ▮ |
| 10 | ▮ |

14. The redacted information in these Texts concerns my pending or anticipated litigation/arbitration with Plaintiffs, and none of the redacted information in these Texts would have been created but for those litigations/arbitrations. Moreover, while I recognize that some of the language used in certain of the Texts was perhaps overly zealous or colloquial, the redacted information relates, at base, to argumentation, drafts of litigation-related pleadings and other documents, advice from my counsel, strategy for proceeding, and the like.

15. Therefore, even if I had not already conceded all of the issues at stake in this lawsuit, I do not believe that Plaintiffs should be entitled to obtain the redacted information because

it involves private discussions about litigation drafts and strategy, with close confidantes who I have always trusted.

16. I am attaching to this Declaration for transmittal purposes the following documents:

   a. Attached hereto as <u>Exhibit</u> A is a true and correct copy of my complaint filed in the New York State Court defamation action.

   b. Attached hereto as <u>Exhibit</u> B is a true and correct copy of a stipulation of dismissal of the New York State Court defamation action.

17. For all of the reasons set forth herein and in my letter opposition to Plaintiffs' motion to compel, I respectfully submit that Plaintiffs' motion should be denied. I thank the Court for its consideration of these matters.

To the best of my knowledge, information, and belief, I declare under penalty of perjury that the foregoing is true and correct.

Dated: September 8, 2025

James Fishback<br>
JAMES FISHBACK

Signature: *James Fishback*
James Fishback (Sep 8, 2025 16:37:35 EDT)

Email: james@azoriapartners.com