SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

JAMES FISHBACK,

               Plaintiff,

   - against -

GREENLIGHT CAPITAL, INC.,

               Defendant.

Index No.:

**VERIFIED COMPLAINT**

Plaintiff James Fishback, by and through his undersigned counsel, brings this action against Defendant Greenlight Capital, Inc. ("Defendant" or "Greenlight"), and alleges as follows upon knowledge as to himself and his own actions, and otherwise upon information and belief:

**INTRODUCTION**

1.     This complaint seeks redress for Defendant's malicious, intentional defamation of Mr. Fishback.

2.     As set forth below, Mr. Fishback was previously employed by Greenlight, beginning as a research analyst, then as a trader, and finally as its Head of Macro.

3.     Mr. Fishback excelled in his work, and generated over $100 million in profits for Greenlight from the period of February 2021 to August 2023, when Mr. Fishback resigned.

4.     Upon his resignation, Greenlight began falsely claiming, for the first time, that Mr. Fishback was never Head of Macro. The company made these claims to Mr. Fishback and to others, including to a preeminent family office that was considering investing in Mr. Fishback's new hedge fund, Azoria Partners. When that potential investor asked Greenlight to confirm basic background and employment information about Mr. Fishback, Greenlight (through its Chief Operating Officer, Daniel Roitman) falsely responded that Mr. Fishback was never Head of Macro, and threatened to "have a lawyer send [Mr. Fishback] a cease and desist."

1

5. Greenlight's claims that Mr. Fishback was never Head of Macro are easily proven false. Indeed, Roitman, as Greenlight's COO, sent written correspondence to third parties identifying Mr. Fishback as Head of Macro. And Mr. Fishback reminded Greenlight of this fact *before* Greenlight knowingly lied about it to the potential investor.

6. Therefore, Mr. Fishback brings claims for defamation *per se* and defamation, and seeks actual, presumed, and punitive damages in an amount to be determined at trial.

## PARTIES

7. Plaintiff James Fishback is an individual who resides in the State of Florida. He is 28 years old.

8. Upon information and belief, Defendant Greenlight is a foreign business corporation formed under the laws of the State of Delaware, registered to do business in New York, and with a registered address for service of process at 140 East 45th Street, 24th Floor, New York, New York, United States, 10017.

## JURISDICTION AND VENUE

9. Plaintiff designates New York County as the place of trial.

10. Under CPLR 509, venue is based on the county designated by Plaintiff.

## FACTUAL ALLEGATIONS

**A. Mr. Fishback Begins Working For Greenlight, Performs Exceptionally, And Is Promoted To Head Of Macro.**

11. Mr. Fishback is a self-taught investment professional who successfully ran his own hedge fund for five years before the events at issue in this complaint.

12. Mr. Fishback personally consulted Greenlight's founder and CEO, David Einhorn, on macro investing beginning in early April 2019, for which he was compensated.

2

13. In or about February 2021, after nearly two years of a fruitful macro consulting arrangement, Mr. Fishback was offered employment at Greenlight.

14. Initially, Mr. Fishback was a Research Analyst focused on identifying and structuring asymmetric macro trades in currency, bond, inflation, commodity, and equity markets.

15. From the start, Mr. Fishback was an outstanding performer at Greenlight.

16. Mr. Fishback regularly self-identified and structured extremely profitable trades, and during his time at Greenlight he earned more than $100 million in profits for the company.

17. Thus, notwithstanding his relative youth, Mr. Fishback achieved an extraordinary level of success based on the objective criteria applied to investment professionals in the hedge fund world.

18. In recognition of Mr. Fishback's achievements, Greenlight gave Mr. Fishback the title Head of Macro.

19. Greenlight repeatedly confirmed, both in writing and verbally, that Mr. Fishback was Greenlight's Head of Macro.

20. For example, on May 11, 2023, Roitman, in securing an invitation for Mr. Fishback to join a private call with Dr. Eric S. Rosengren, former president of the Federal Reserve Bank of Boston, emailed Heather Robertson, a Senior Manager of the GLG Group the following:

3



**DR**  **Daniel Roitman**    5/11/23
To: Heather  Cc: James ›

**RE: GLG Signature Remote Roundtable: US Economic Outlook with Former Boston Fed President Eric Rosengren**

Heather – can you sign James Fishback for this? He's our head of macro here. Copying him to the email.

Thanks,
Dan

Daniel Roitman
Chief Operating Officer
Greenlight Capital, Inc.
droitman@greenlightcapital.com
212-973-1900

**From:** Heather Robertson <hrobertson2@glgroup.com>
**Sent:** Thursday, May 11, 2023 3:21 PM
**To:** Daniel Roitman <droitman@GreenlightCapital.com>
**Subject:** GLG Signature Remote Roundtable: US Economic Outlook with Former Boston Fed President Eric Rosengren

Hi Dan,

21.     In addition to this email from Roitman directly stating that Mr. Fishback was Greenlight's Head of Macro, the title had been communicated to Mr. Fishback and others numerous times, including when he was introduced by Greenlight employees at conferences, dinners, and on calls.

22.     Mr. Fishback was also given increased responsibility within Greenlight, which reflected his position as Head of Macro.

23.     For example, Mr. Fishback was the only investment professional other than David Einhorn, the founder and CEO of Greenlight, who had permission to trade on behalf of Greenlight. Upon information and belief, no "research analyst" at the company had such authorization.

24.     Likewise, upon information and belief, no "research analyst" at the company generated more than $100 million in documented profits during a 2.5 year period.

4

**B.**      **Greenlight Defames Mr. Fishback By Falsely Claiming He Was Never Head Of Macro.**

25.      Upon Mr. Fishback's resignation, Greenlight maliciously defamed Mr. Fishback by falsely claiming that he never was Greenlight's Head of Macro.

26.      In an email dated September 28, 2023, Roitman advised Mr. Fishback that he had received an inquiry about Mr. Fishback's work for Greenlight, and that one of the questions asked was "What were James' responsibilities as Greenlight's Head of Macro?"

27.      Roitman claimed that Mr. Fishback was never Head of Macro, and threatened to "have a lawyer send [Mr. Fishback] a cease and desist."

28.      Mr. Fishback responded that he would "not be compelled to lie" and "will not comply with your unjust demand."

29.      Upon information and belief, the inquiry that Roitman referenced in his September 28 email was from a partner and director of investments at a preeminent family office.

30.      Upon information and belief, Roitman told this individual that Mr. Fishback was a "Research Analyst" and "was not Head of Macro."

31.      These statements were false, and Greenlight knew them to be false because, as discussed above, Mr. Fishback was, in fact, Head of Macro, and, as established above, Greenlight acknowledged this fact to others in writing.

32.      Greenlight's defamation of Mr. Fishback has caused him to suffer significant damage.  For example, by being denied his true title and implicitly smeared as a liar by Greenlight, Mr. Fishback has struggled to secure investors for his new hedge fund, Azoria Partners.

5

## CAUSES OF ACTION

### AS AND FOR A FIRST CAUSE OF ACTION
### (Defamation *Per Se*)

33. Mr. Fishback repeats and realleges all of the above allegations as if fully set forth here.

34. As set forth above, Greenlight knowingly, intentionally, and maliciously made a false statement of fact about Mr. Fishback, namely, that he was never Greenlight's Head of Macro.

35. Greenlight's false statement was published to a third-party, namely a partner and director of investments at a preeminent family office.

36. Greenlight's false statement was published by Greenlight without any privilege or authorization.

37. Greenlight acted with actual malice because at the time it made the false statements about Mr. Fishback, Greenlight had actual knowledge that they were false.

38. These false statements are libelous *per se* because they damaged Mr. Fishback in his trade and profession.

39. As a result of the false and defamatory statements published by Greenlight, Mr. Fishback's reputation has been impugned.

40. As a result of the false and defamatory accusations published by Greenlight, Mr. Fishback's relationships with members of his community, the community of current and former high-level hedge fund managers, his current and prospective business partners, and other individuals with whom Mr. Fishback had known and interacted have been irreparably damaged.

41. As a result of the false and defamatory accusations published by Greenlight, confidence in Mr. Fishback's integrity and fitness as a potential manager of a hedge fund has been undermined.

6

42. Mr. Fishback is entitled to punitive damages because Greenlight's publication of these defamatory statements was accompanied by malice, wantonness, and a conscious desire to cause injury. Greenlight acted with reckless and willful indifference to Mr. Fishback's rights.

43. In view of the foregoing, Mr. Fishback is entitled to actual, presumed, and punitive damages in an amount to be specifically determined at trial.

## AS AND FOR A SECOND CAUSE OF ACTION
### (Defamation)

44. Mr. Fishback repeats and realleges all of the above allegations as if fully set forth here.

45. As set forth above, Greenlight knowingly, intentionally, and maliciously made a false statement of fact about Mr. Fishback, namely, that he was never Greenlight's Head of Macro.

46. The statements were published to a third-party, namely, a partner and director of investments for a preeminent family office.

47. Greenlight's false statement was published by Greenlight without any privilege or authorization.

48. Greenlight acted with actual malice because at the time it made the false statements about Mr. Fishback, it had actual knowledge that they were false.

49. These false statements are libelous because they damaged Mr. Fishback in his trade and profession.

50. As a result of the false and defamatory statements published by Greenlight, Mr. Fishback's reputation has been impugned.

51. As a result of the false and defamatory accusations published by Greenlight, Mr. Fishback's relationships with members of his community, the community of current and

7

former high-level hedge fund executives, his current and prospective business partners, and other individuals with whom Mr. Fishback had known and interacted have been irreparably damaged.

52.     As a result of the false and defamatory accusations published by Greenlight, confidence in Mr. Fishback's integrity and fitness as a potential executive of a hedge fund has been undermined.

53.     Mr. Fishback is entitled to punitive damages because Greenlight's publication of these defamatory statements was accompanied by malice, wantonness, and a conscious desire to cause injury.  Greenlight acted with reckless and willful indifference to Mr. Fishback's rights.

54.     In view of the foregoing, Mr. Fishback is entitled to actual, presumed, and punitive damages in an amount to be specifically determined at trial.

**WHEREFORE**, Plaintiff James Fishback demands that judgment be entered against Greenlight as follows:

On the First Cause of Action:

a.  Actual, presumed, and punitive damages in an amount to be specifically determined at trial;

b.  Awarding Mr. Fishback all expenses, costs, attorneys' fees, and interest as authorized by New York Law and Rules; and

c.  Such other and further relief as the Court deems appropriate.

On the Second Cause of Action:

a.  Actual, presumed, and punitive damages in an amount to be specifically determined at trial;

b.  Awarding Mr. Fishback all expenses, costs, attorneys' fees, and interest as authorized by New York Law and Rules; and

c.  Such other and further relief as the Court deems appropriate.

8

Dated:    Brooklyn, New York
October 19, 2023

**ABRAMS FENSTERMAN, LLP**

 */s/ Justin T. Kelton*

Justin T. Kelton
Mordecai Geisler
1 MetroTech Center, Suite 1701
Brooklyn, NY 11201
Tel: (718) 215-5300
Fax: (718) 215-5304
Email:  jkelton@abramslaw.com
Email:  mgeisler@abramslaw.com
*Attorneys for Plaintiff*
*James Fishback*

9

District of Columbia     **VERIFICATION**

~~STATE OF FLORIDA~~     )

    ) ss.

~~COUNTY OF~~ _____ )

JAMES FISHBACK, being duly sworn deposes and says:

I am the Plaintiff in the within action. I have read the foregoing Verified Complaint and know the contents thereof, that the same is true to my knowledge, except as to those matters therein stated upon information and belief, and that as to the those matters, I believe them to be true. Deponent's belief, as to those matters therein alleged upon information and belief is based on documents of public record.

_____

JAMES FISHBACK

Sworn to before me this

23ʰ day of October, 2023

_____

Notary Public