# Exhibit 3

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

Greenlight Capital, Inc., DME Capital
Management, LP,

                          Plaintiffs,

        -vs.-

James T. Fishback,

                       Defendant.

No. 1:24-cv-04832-PAE

---

## PLAINTIFFS' LOCAL CIVIL RULE 33.3(a)
## INTERROGATORIES (NOS. 1 – 18)

Pursuant to Federal Rule of Civil Procedure 33 and Local Civil Rule 33.3 of the Local

Rules of the United States District Courts for the Southern and Eastern Districts of New York,

Plaintiffs, Greenlight Capital, Inc. ("Greenlight") and DME Capital Management, LP ("DME")

(collectively, "Plaintiffs"), hereby request that Defendant James T. Fishback answer the following

interrogatories in writing and under oath, in accordance with the Definitions and Instructions set

forth herein, within thirty (30) days from the date of service hereof and continuing thereafter until

completed.

## DEFINITIONS

1.      "And" and "or" incorporates by reference the definition provided by Local Civil Rule 26.3(d)(2).

2.      "Answer" means the Answer (Dkt. 28) filed in this Lawsuit by Defendant on January 6, 2025.

3.      "Any," "all," and "each" incorporates by reference the definition provided by Local Civil Rule 26.3(d)(1).

4.      "Complaint" means the First Amended Complaint (Dkt. 18) filed in this Lawsuit by Plaintiffs on September 23, 2024, as well as any supplemental or amended complaints filed by Plaintiffs with leave of the Court in this Lawsuit.

5.      "Communication" incorporates by reference the definition provided by Local Civil Rule 26.3(c)(1).  The definition is not limited to transfers between Persons but also includes other transfers, such as records and memoranda to file; any written letter, memorandum, or other Document which was sent by one or more individuals to another or others; any telephone call between one or more individual and another or others, whether such call was by chance or prearranged, formal or informal; and any conversation or meeting between one or more individual and another or others, whether such contact was by chance or prearranged, formal or informal.

6.      "Concerning" incorporates by reference the definition provided by Local Civil Rule 26.3(c)(7).

7.      "Defendant," "Fishback," "His," "You," "Your," or "Yourself" incorporates by reference the definition provided by Local Civil Rule 26.3(c)(5).

8.      "Describe" means to state a complete description and explanation of facts, circumstances, analysis, opinion, or other information relating to the subject matter of any

interrogatory in which such term is used.

9.    "DME" means DME Capital Management, LP, and incorporates by reference the definition provided by Local Civil Rule 26.3(c)(5).

10.    "Document" incorporates by reference the definition provided by Local Civil Rule 26.3(c)(2), and includes any written, recorded, electronic, or graphic material of any kind, whether prepared by You or by any other Person, which is in Your possession, custody, or control.  The term includes agreements; contracts; letters; inter-office Communications; memoranda; reports; records; instructions; specifications; notes; notebooks; scrapbooks; diaries; plans; drawings; sketches; blueprints; diagrams; photographs; photocopies; charts; graphs; descriptions; drafts, whether or not they resulted in a final document; minutes of meetings, conferences, and telephone or other conversations or Communications; invoices; purchase orders; bills of lading; recordings; published or unpublished speeches or articles; publications; transcripts of telephone conversations; phone mail; e-mail; ledgers; financial statements; microfilm; tape or disc recordings; and computer print-outs.

11.    "Electronic Account" means an account with a service provider of email, social media or messaging applications (including, without limitation, Facebook, GroupMe, LinkedIn, Instagram, WhatsApp, WeChat, X (formerly known as Twitter), Substack, Snapchat, Signal, Telegram, Reddit, Glassdoor, Foursquare, PeekYou, Pinterest, Google Chat, or Google+), file-hosting services (e.g., including, without limitation, Dropbox, OneDrive, Google Drive, Box, Egnyte, ShareFile, SharePoint, or iCloud), blogs, websites, web-hosting services, or any other internet service, platform, or application that enables users to transmit or display information electronically to Persons or store electronic information.

12.    "Electronic Device" means any device that is used for receiving, transmitting,

3

storing, modifying, viewing, or printing electronically-stored information, including but not limited to desktop computers, laptop computers, tablets, portable electronic devices, cellular telephones, portable storage drives (e.g., "USB drives" or "thumb drives"), internal storage drives, disc-based media, flash memory based devices, removeable hard drives, compact discs, removeable diskettes, printers, copying machines, fax machines, or similar devices.

13.    "Greenlight" means Greenlight Capital, Inc., and incorporates by reference the definition provided by Local Civil Rule 26.3(c)(5).

14.    "Greenlight Information" means any information Defendant obtained directly from Greenlight, or incidental to his employment with Greenlight, Concerning Greenlight's business, including but not limited to Greenlight's operations, investments, securities, positions, trades, investment objectives, strategies, including without limitation, trading strategies, performance reviews, compensation, impressions, opinions, analyses, methods, policies, procedures, and performance, irrespective of: (a) whether such information was Confidential Information as defined in Defendant's employment agreement with Greenlight; and (b) whether the information was maintained on personal, as opposed to Greenlight, Electronic Accounts and Electronic Devices.

15.    "Identify" incorporates by reference the definitions provided by Local Civil Rule 26.3(c)(3) and 26.3(c)(4).

16.    "Including" and "includes" shall mean "including, without limitation."

17.    "Lawsuit" means the present case captioned *Greenlight Capital, Inc., et al. v. Fishback*, in the United States District Court for the Southern District of New York, case number 1:24-cv-04832-PAE.

18.    "Local Civil Rule 26.3" refers to the Uniform Definitions in Discovery Requests

4

in Local Civil Rule 26.3 of the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York.

19.     "Non-Greenlight Investment Activities" means any activities You engaged in Concerning investments or securities, including without limitation, exchange-traded funds ("ETFs") and alternative investments, other than those that You engaged in as part of Your employment with Greenlight, including but not limited to Your activities Concerning Azoria Partners LLC or its affiliates.

20.     "Person" incorporates by reference the definition provided by Local Civil Rule 26.3(c)(6).

21.     "Plaintiffs" means Greenlight and DME, and incorporates by reference the definition provided by Local Civil Rule 26.3(c)(5).

22.     "Relevant Period" means the time period from February 8, 2021 to present.

23.     "Third Party" means and includes any Person or Persons other than Plaintiffs and Defendant.

24.     The singular form of any word appearing herein includes the plural, and the plural form of any word appearing herein includes the singular, except as otherwise expressly stated.

25.     The use of a verb in any tense shall be construed as the use of the verb in all other tenses.

## **INSTRUCTIONS**

The following instructions apply to each interrogatory set forth below:

1.     Unless otherwise stated, the information sought in each interrogatory is as of the date of Defendant's response.  These interrogatories are of a continuing nature, and Defendant is required to serve supplemental responses in accordance with Federal Rule of Civil Procedure

5

26(e).

2.      In answering each interrogatory, Defendant is requested to furnish all information in His, or His attorneys', possession, custody, or control and to furnish all information available to Defendant or His attorneys upon reasonable inquiry.

3.      If an interrogatory is objected to in whole or in part, specify all grounds on which such objections rests.  Any ground not stated in an objection within the time provided under the Federal Rules of Civil Procedure, or any extensions thereof, shall be deemed waived.

4.      If, in answering any of these interrogatories, Defendant claims ambiguity in interpreting either the interrogatory or a definition or instruction applicable thereto, such claim shall not be interposed as a basis for refusing to respond, but there shall be set forth, as part of the response, the language deemed to be ambiguous and the interpretation used in responding to the interrogatory.

5.      When responding to an interrogatory which requests that Defendant "identify" a Person, provide the Person's full name, present and last known address, telephone numbers, job title (if any), and present employer (if any).

6.      Unless otherwise indicated in a particular interrogatory, these interrogatories are not limited by time or geography.

7.      To the extent Defendant is aware of information responsive to any interrogatory that no longer exists because it was deleted, discarded, or destroyed, Defendant must so state in His response and explain the facts and circumstances under which such information was deleted, discarded, or destroyed, including without limitation when such events took place, by whom, at whose discretion, and why.

8.      If Defendant elects to specify and produce business records in answer to any

interrogatory, the specification shall be in sufficient detail to permit Plaintiffs to locate and identify the business records from which the answer may be ascertained.

## **INTERROGATORIES**

**INTERROGATORY NO. 1:**

Identify all Electronic Accounts that were in Your possession, custody, or control and contained Documents or Communications Concerning Greenlight Information during the Relevant Period.

**INTERROGATORY NO. 2:**

Identify all Electronic Devices that were in Your possession, custody, or control and that were used to view or access any of the Electronic Accounts listed in response to Interrogatory No. 1, or to otherwise receive, transmit, store, modify, view, or print any Greenlight Information during the Relevant Period.

**INTERROGATORY NO. 3:**

Identify the location(s) of the Electronic Accounts and Electronic Devices listed in response to Interrogatory Nos. 1 and 2 that are currently within Your possession, custody, or control.

**INTERROGATORY NO. 4:**

For any Electronic Accounts or Electronic Devices listed in response to Interrogatory Nos. 1 and 2, but omitted in response to Interrogatory No. 3, identify the dates on which such Electronic Accounts or Electronic Devices ceased to be in Your possession, custody, and control, and any Persons to whom possession, custody, or control was transferred.

**INTERROGATORY NO. 5:**

Identify all location(s) where any Communications or Documents that were accessible to You through Greenlight's Citrix environment (secure virtual workspace), Your Greenlight employee email account, or in hardcopy form from Greenlight were stored at any point in time during the Relevant Period.

**INTERROGATORY NO. 6:**

For any Communications or Documents within the scope of Interrogatory No. 5, identify the date(s) on which any such Communications or Documents ceased to be in Your possession, custody, and control, and any Persons to whom possession, custody, or control was transferred.

**INTERROGATORY NO. 7:**

Identify all location(s) where any Communications or Documents that were accessible to You through Greenlight's Citrix environment (secure virtual workspace), Your Greenlight employee email account, or in hardcopy form from Greenlight are currently stored, to the extent that You have any such Communications or Documents in Your possession, custody, or control.

**INTERROGATORY NO. 8:**

Identify all Persons who had access to any of the Electronic Accounts responsive to Interrogatory No. 1, Electronic Devices responsive to Interrogatory No. 2, or the locations responsive to Interrogatory Nos. 5 and 7, during the Relevant Period.

**INTERROGATORY NO. 9:**

Identify all Electronic Accounts that were in Your possession, custody, or control and contained Documents or Communications Concerning Your Non-Greenlight Investment Activities during the Relevant Period.

8

**INTERROGATORY NO. 10:**

Identify all Electronic Devices that were in Your possession, custody, or control and that were used to view or access any of the Electronic Accounts listed in response to Interrogatory No. 9, or to otherwise receive, transmit, store, modify, view, or print any Documents or Communications Concerning Your Non-Greenlight Investment Activities during the Relevant Period.

**INTERROGATORY NO. 11:**

Identify all financial accounts through which You have purchased, sold, or otherwise transacted in securities or other investments in connection with Your Non-Greenlight Investment Activities during the Relevant Period.

**INTERROGATORY NO. 12:**

Identify the Documents or Communications containing the "certain information" that You "forwarded to [Yourself]," as referred to in paragraphs 75-77 of the Answer, and all current and former locations of such Documents or Communications.

**INTERROGATORY NO. 13:**

Identify the Documents or Communications containing the "confidential information that [You] retained during [Your] tenure at Greenlight," as referred to in paragraph 78 of the Answer, and all current and former locations of such Documents or Communications.

**INTERROGATORY NO. 14:**

Identify all Persons with personal knowledge of the facts and circumstances described in the Complaint and/or Answer and, for each Person named, identify the area(s) of personal knowledge possessed.

9

**INTERROGATORY NO. 15:**

Identify all Persons whom You expect to call as witnesses at or in connection with the trial or other evidentiary hearing in this action and, for each witness named, state the subject matter on which the witness is expected to testify.

**INTERROGATORY NO. 16:**

Identify each Communication, written or oral, between You and any representative of Plaintiffs, including but not limited to David Einhorn, Daniel Roitman, or Barrett C. Brown, relating in any way to the facts, issues and/or claims set forth in the Complaint and/or Answer, including the date of each and every Communication, the substance of each and every Communication, the parties to each and every Communication, and the method by which each and every Communication was made.

**INTERROGATORY NO. 17:**

Identify all documentary evidence and exhibits which You may use or identify at the trial of this matter, including, but not limited to, use for the purpose of introducing evidence, refreshing a witness's recollection, or use as a demonstrative aid.

**INTERROGATORY NO. 18:**

Identify any of the Documents, Communications, Electronic Devices, or Electronic Accounts that are responsive to any of the foregoing interrogatories but were altered, deleted, or destroyed.

Dated:  February 14, 2025

*/s/ Stephen M. Baldini*
Stephen M. Baldini
Akin Gump Strauss Hauer & Feld LLP
One Bryant Park
New York, NY 10036
Tel:  212-872-1000
Fax:  212-872-1002
sbaldini@akingump.com

*Counsel for Plaintiffs Greenlight Capital,*
*Inc. and DME Capital Management, LP*

11

**CERTIFICATE OF SERVICE**

I certify that a copy of the foregoing has been served upon all counsel of record via email on February 14, 2025.

_/s/ Stephen M. Baldini_____
Stephen M. Baldini