# Exhibit 4

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| Greenlight Capital, Inc., DME Capital Management, LP, <br><br> Plaintiffs, <br><br> -vs.- <br><br> James T. Fishback, <br><br> Defendant. | No. 1:24-cv-04832-PAE |

### PLAINTIFFS' FIRST SET OF REQUESTS FOR PRODUCTION (NOS. 1 – 15)

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, Plaintiffs, Greenlight Capital, Inc. ("Greenlight") and DME Capital Management, LP ("DME") (collectively, "Plaintiffs"), hereby request that Defendant James T. Fishback serve written responses to the following requests for production of documents and things ("Requests"), along with copies of the requested documents and things in accordance with the Definitions and Instructions set forth herein, within thirty (30) days from the date of service hereof and continuing thereafter until completed, at the offices of Akin Gump Strauss Hauer & Feld LLP, Attention of Stephen M. Baldini, located at One Bryant Park, Bank of America Tower, New York, NY 10036.

## DEFINITIONS

1. "And" and "or" incorporates by reference the definition provided by Local Civil Rule 26.3(d)(2).

2. "Answer" means the Answer (Dkt. 28) filed in this Lawsuit by Defendant on January 6, 2025.

3. "Any," "all," and "each" incorporates by reference the definition provided by Local Civil Rule 26.3(d)(1).

4. "Azoria" means Azoria Partners LLC.

5. "Complaint" means the First Amended Complaint (Dkt. 18) filed in this Lawsuit by Plaintiffs on September 23, 2024, as well as any supplemental or amended complaints filed by Plaintiffs with leave of the Court in this Lawsuit.

6. "Communication" incorporates by reference the definition provided by Local Civil Rule 26.3(c)(1). The definition is not limited to transfers between Persons but also includes other transfers, such as records and memoranda to file; any written letter, memorandum, or other Document which was sent by one or more individuals to another or others; any telephone call between one or more individual and another or others, whether such call was by chance or prearranged, formal or informal; and any conversation or meeting between one or more individual and another or others, whether such contact was by chance or prearranged, formal or informal.

7. "Concerning" incorporates by reference the definition provided by Local Civil Rule 26.3(c)(7).

8. "Defendant," "Fishback," "His," "You," "Your," or "Yourself" incorporates by reference the definition provided by Local Civil Rule 26.3(c)(5).

9. "Describe" means to state a complete description and explanation of facts,

2

circumstances, analysis, opinion, or other information relating to the subject matter of any Request in which such term is used.

10.    "DME" means DME Capital Management, LP, and incorporates by reference the definition provided by Local Civil Rule 26.3(c)(5).

11.    "Document" incorporates by reference the definition provided by Local Civil Rule 26.3(c)(2), and includes any written, recorded, electronic, or graphic material of any kind, whether prepared by You or by any other Person, which is in Your possession, custody, or control.  The term includes agreements; contracts; letters; inter-office Communications; memoranda; reports; records; instructions; specifications; notes; notebooks; scrapbooks; diaries; plans; drawings; sketches; blueprints; diagrams; photographs; photocopies; charts; graphs; descriptions; drafts, whether or not they resulted in a final document; minutes of meetings, conferences, and telephone or other conversations or Communications; invoices; purchase orders; bills of lading; recordings; published or unpublished speeches or articles; publications; transcripts of telephone conversations; phone mail; e-mail; ledgers; financial statements; microfilm; tape or disc recordings; and computer print-outs.

12.    "Electronic Account" means an account with a service provider of email, social media or messaging applications (including, without limitation, Facebook, GroupMe, LinkedIn, Instagram, WhatsApp, WeChat, X (formerly known as Twitter), Substack, Snapchat, Signal, Telegram, Reddit, Glassdoor, Foursquare, PeekYou, Pinterest, Google Chat, or Google+), file-hosting services (e.g., including, without limitation, Dropbox, OneDrive, Google Drive, Box, Egnyte, ShareFile, SharePoint, or iCloud), blogs, websites, web-hosting services, or any other internet service, platform, or application that enables users to transmit or display information electronically to Persons or store electronic information.

13.    "Electronic Device" means any device that is used for receiving, transmitting, storing, modifying, viewing, or printing electronically-stored information, including but not limited to desktop computers, laptop computers, tablets, portable electronic devices, cellular telephones, portable storage drives (e.g., "USB drives" or "thumb drives"), internal storage drives, disc-based media, flash memory based devices, removeable hard drives, compact discs, removeable diskettes, printers, copying machines, fax machines, or similar devices.

14.    "Greenlight" means Greenlight Capital, Inc., and incorporates by reference the definition provided by Local Civil Rule 26.3(c)(5).

15.    "Greenlight Information" means any information Defendant obtained directly from Greenlight, or incidental to his employment with Greenlight, Concerning Greenlight's business, including but not limited to Greenlight's operations, investments, securities, positions, trades, investment objectives, strategies, including without limitation, trading strategies, performance reviews, compensation, impressions, opinions, analyses, methods, policies, procedures, and performance, irrespective of: (a) whether such information was Confidential Information as defined in Defendant's employment agreement with Greenlight; and (b) whether the information was maintained on personal, as opposed to Greenlight, Electronic Accounts and Electronic Devices.

16.    "Identify" incorporates by reference the definitions provided by Local Civil Rule 26.3(c)(3) and 26.3(c)(4).

17.    "Including" and "includes" shall mean "including, without limitation."

18.    "Lawsuit" means the present case captioned *Greenlight Capital, Inc., et al. v. Fishback*, in the United States District Court for the Southern District of New York, case number 1:24-cv-04832-PAE.

19. "Local Civil Rule 26.3" refers to the Uniform Definitions in Discovery Requests in Local Civil Rule 26.3 of the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York.

20. "Non-Greenlight Investment Activities" means any activities You engaged in Concerning investments or securities, including without limitation, exchange-traded funds ("ETFs") and alternative investments, other than those that You engaged in as part of Your employment with Greenlight, including but not limited to Your activities Concerning Azoria or its affiliates.

21. "Person" incorporates by reference the definition provided by Local Civil Rule 26.3(c)(6).

22. "Plaintiffs" means Greenlight and DME, and incorporates by reference the definition provided by Local Civil Rule 26.3(c)(5).

23. "Relevant Period" means the time period from February 8, 2021 to present.

24. "Thing" means any tangible item other than a Document including, without limitation, compositions, samples, formulations, and preparations.

25. "Third Party" means and includes any Person or Persons other than Plaintiffs and Defendant.

26. The singular form of any word appearing herein includes the plural, and the plural form of any word appearing herein includes the singular, except as otherwise expressly stated.

27. The use of a verb in any tense shall be construed as the use of the verb in all other tenses.

## INSTRUCTIONS

The following instructions apply to each Request set forth below:

1.      Produce all responsive Documents and Things in the possession, custody, or control of Defendant, wherever located.

2.      State, for each Request, whether or not there exist any Documents within the scope of the Request and whether any such Documents are in Defendant's possession, custody, or control.

3.      Produce entire Documents, including attachments, enclosures, cover letters, memoranda, and appendices, as they were stapled, clipped, or bound together, with all associated file folders, dividers, and file labels.

4.      Produce color copies of Documents where color is necessary to interpret or understand the contents.

5.      Label each page of each Document with a unique identifying control number (bates number).

6.      Pursuant to Local Civil Rule 26.2, in the event that any Document called for by these Requests is withheld on the basis of attorney-client privilege, work-product doctrine, or any other privilege or immunity, that Document is to be identified on a corresponding log, which identifies (i) the author(s), addressee(s), and any indicated or blind copies, and where not apparent, the relationship of the author(s), addressee(s), and other recipient(s) to each other; (ii) the Document's date; (iii) the subject matter(s) of the Document; (iv) the nature of the privilege or immunity asserted; and (v) any additional facts on which Defendant would base His claim of privilege or immunity.

7.      For any Request for which potentially relevant Documents no longer exists, identify the scope of the Documents that no longer exist, the custodians of such Documents, and provide the circumstances under which the Documents were destroyed, including, but not limited to the date on which Defendant destroyed the Documents, the date on which Defendant became aware

that such Documents were destroyed, and the basis for Defendant's destruction of such Documents.

8. Unless otherwise indicated in a particular Request, these Requests are not limited by time or geography.

9. These Requests are continuous in nature, and pursuant to Federal Rule of Civil Procedure 26(e), Defendant is under a duty to timely supplement or amend each prior response to a request for production if Defendant learns that the response is in any respect incomplete or incorrect, or if any information or Documents are therereafter acquired.

**REQUESTS FOR PRODUCTION**

**REQUEST FOR PRODUCTION NO. 1:**

All Documents and Communications which You contend support any defense You have asserted or intend to assert in this Lawsuit.

**REQUEST FOR PRODUCTION NO. 2:**

All Documents and Communications You intend to use as evidence at the trial in this Lawsuit.

**REQUEST FOR PRODUCTION NO. 3:**

All Documents and Communications that You obtained, either directly or indirectly, from Greenlight, including but not limited to through Greenlight's Citrix environment (secure virtual workspace), Your Greenlight employee email account, or in hardcopy or other electronic form from Greenlight personnel or locations.

**REQUEST FOR PRODUCTION NO. 4:**

All Documents and Communications comprising the "certain information" that You claim You forwarded to Yourself as referenced in paragraphs 75-77 of the Answer.

7

**REQUEST FOR PRODUCTION NO. 5:**

All Documents and Communications Concerning any Greenlight investment analyses, strategies, methodologies, discussions, recommendations, or decisions, including but not limited to information Concerning the profitability, rates of return, or the magnitude or nature of any Greenlight investments or contemplated investments, either on an individual basis or in the aggregate.

**REQUEST FOR PRODUCTION NO. 6:**

All Documents and Communications Concerning Your Non-Greenlight Investment Activities prior to August 16, 2023, including but not limited to the creation of Azoria, recruiting of Azoria personnel, Communications with Third Parties regarding Azoria, and purpose or function of Azoria, including but not limited to a proposed entity for "consulting," "hedge fund," or ETF operations.

**REQUEST FOR PRODUCTION NO. 7:**

All Documents and Communications Concerning Your Non-Greenlight Investment Activities at any point during the Relevant Period that contain Greenlight Information.

**REQUEST FOR PRODUCTION NO. 8:**

All Documents and Communications Concerning Your role or title at Greenlight, including but not limited to Your statement that You were referred to as Greenlight's "head of macro," or any other title besides "research analyst" or "analyst."

**REQUEST FOR PRODUCTION NO. 9:**

All Communications with Third Parties Concerning Your involvement or contemplated involvement in any events, including conferences, panels, presentations, interviews, podcasts, or similar events where You were asked to provide, or did in fact provide, information regarding Your

employer, prior to August 16, 2023, including but not limited to the Citi Conference referred to in paragraph 69 of the Complaint and Answer.

**REQUEST FOR PRODUCTION NO. 10:**

All Communications and Documents Concerning or referenced in any public statements You made Concerning Greenlight, including but not limited to Your involvement with the "Wall Street Skinny" podcast referred to in paragraphs 96-99 of the Complaint and Answer and the "Forward Guidance" podcast referred to in paragraph 102 of the Complaint and Answer.

**REQUEST FOR PRODUCTION NO. 11:**

All Communications with past, present, or prospective Greenlight investors.

**REQUEST FOR PRODUCTION NO. 12:**

All Communications with past, present, or prospective investors in Your Non-Greenlight Investment Activities that contain Greenlight Information.

**REQUEST FOR PRODUCTION NO. 13:**

All Communications with past or present Greenlight employees after August 15, 2023.

**REQUEST FOR PRODUCTION NO. 14:**

All Documents and Communications You contend are sufficient to show that any statements You have made Concerning Greenlight's investments "related to investments that were already made public" as referenced in paragraph 10 of Your Answer.

**REQUEST FOR PRODUCTION NO. 15:**

All Documents and Communications You contend are sufficient to show the circumstances surrounding the deletion, destruction, or alteration of any other Document, Communication, Electronic Device, or Electronic Account that are responsive to these Requests or interrogatories served by Plaintiffs.

Dated:  February 14, 2025

/s/ Stephen M. Baldini
Stephen M. Baldini
Akin Gump Strauss Hauer & Feld LLP
One Bryant Park
New York, NY 10036
Tel:  212-872-1000
Fax:  212-872-1002
sbaldini@akingump.com

*Counsel for Plaintiffs Greenlight Capital,
Inc. and DME Capital Management, LP*

10

**CERTIFICATE OF SERVICE**

I certify that a copy of the foregoing has been served upon all counsel of record via email on February 14, 2025.

_/s/ Stephen M. Baldini____
Stephen M. Baldini