# Exhibit 5

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
Greenlight Capital, Inc., DME Capital     :
Management, LP,     :
    :      Case No.: 24-cv-04832-PAE
    Plaintiffs,    :
    :
   –   against –    :      **DEFENDANT'S FIRST SET**
    :      **OF INTERROGATORIES**
    :      **TO PLAINTIFFS**
James T. Fishback,     :
    :
    Defendant.    :
-------------------------------------------------------------X

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure ("FRCP") and Local

Rules 26.2 and 26.3 of this Court, Defendant James T. Fishback hereby requests that Plaintiffs

Greenlight Capital, Inc. ("Greenlight") and DME Capital Management, LP. ("DME") (together,

"Plaintiffs"), produce sworn written answers to each of the interrogatories set forth below within

thirty (30) days after service hereof.

These interrogatories are continuing. If at any time after service of answers hereto, and

prior to the trial of this action, Plaintiffs obtain or become aware of additional information

pertaining to any of these interrogatories, Plaintiffs shall, within thirty (30) days, and in no event

later than five days before trial, serve upon the undersigned supplemental sworn written answers

setting forth such additional information.

## **DEFINITIONS**

The following definitions apply to this request:

1.     "Document" refers to paper documents, electronically stored information,

including writings, drawings, graphs, charts, photographs, sound recordings, images, and other

data or data compilations, stored in any medium from which information can be obtained either

1

directly or indirectly or, if necessary, by subpoena, or after translation by responding party into a reasonably usable form.

2.      "Communications" refers to information transmitted (whether in the form of letter, fax, e-mail, telephone, text message, social media message, WhatsApp message, any app message, ideas, inquiries, or otherwise) from one person to another.

3.      "E-mails" means any transmissions (sent or received) of electronic mail, including but not limited to mailing lists, address books, memorandums, letters, file attachments, and metadata.

4.      "ESI" (Electronically Stored Information) means information or data that is generated, received, processed, and recorded by computers and other electronic devices, and includes, without limitation, system metadata (e.g., author, recipient, CC, BCC, custodian, source, file creation date, file modification date, sent date, subject extracted text or OCR where extracted text unavailable, file name, attachments) and user-generated metadata (e.g. spreadsheet formulas). "ESI" further includes, without limitation, the following: (i) output resulting from the use of any software program, such as word processing documents, spreadsheets, database files, charts, graphs, and outlines, (ii) electronic mail, (iii) mail messages from X (Twitter), Slack, Google Chat/Gchat, Facebook, Instagram, Skype, LinkedIn, Microsoft Teams, and all similar programs and social media, (iv) audio and video files, (v) internal (intranet) or external websites, (vi) activity listings of electronic information or data wherever it resides, including, without limitation, (i) an active file on a computer network or individual computer hard drive, (ii) in a deleted file or file fragment, (iii) backup/storage media, (iv) on removable media, such as a floppy disk, memory stick, portable hard drive, or zip drive, (v) on a smartphone, tablet, or personal digital assistant, and (vi) on a home or personal device. The term "ESI" also includes documents, containers and labels appended

2

to or concerning any physical storage device associated with responsive electronic information or data.

5.    "Person" or "persons" means natural persons as well as legal entities, including without limitation, firms, companies, proprietorships, corporations, partnerships, limited liability companies, associations, unincorporated associations, and governmental bodies, agencies, and officials, and every other type of organization or entity.

6.    "Relating to" or "Relate to" means directly or indirectly mentioning, describing, pertaining to, being connected with, or reflecting upon the subject matter of the specific request.

7.    "Greenlight" means plaintiff, Greenlight Capital, Inc., and all of its past or present parents, subsidiaries, divisions, departments, affiliates, assignors, assignees, members, officers, directors, employees, executives, attorneys, accountants, agents, advisors, consultants, representatives, predecessors, or any persons or entities purporting to act for or on its behalf or under its control.

8.    "DME" means plaintiff, DME Capital Management, LP, and all of its past or present parents, subsidiaries, divisions, departments, affiliates, assignors, assignees, members, officers, directors, employees, executives, attorneys, accountants, agents, advisors, consultants, representatives, predecessors, or any persons or entities purporting to act for or on its behalf or under its control.

9.    "You", "Your," or "Plaintiffs" means Greenlight and DME, collectively, and all of their past or present parents, subsidiaries, divisions, departments, affiliates, assignors, assignees, members, officers, directors, employees, executives, attorneys, accountants, agents, advisors, consultants, representatives, predecessors, or any persons or entities purporting to act for or on its behalf or under its control.

10. "Mr. Fishback" or "Defendant" means defendant in this action, James T. Fishback and any persons or entities purporting to act for or on his behalf.

11. "Azoria" means Azoria Partners and all of its past or present parents, subsidiaries, divisions, departments, affiliates, assignors, assignees, members, officers, directors, employees, executives, attorneys, accountants, agents, advisors, consultants, representatives, predecessors, or any persons or entities purporting to act for or on its behalf or under its control.

12. "Employment Agreement" means the employment agreement between Greenlight and Mr. Fishback dated February 8, 2021.

13. "Complaint" means the First Amended Complaint filed by Plaintiffs in the above-captioned action (the "Action") on or about September 23, 2024.

14. Capitalized terms that are not defined herein have the same meaning as in the Complaint.

15. The use of the singular form of any word or words includes the plural. The use of the plural form of any word includes the use of the singular.

## INSTRUCTIONS

1. To the extent, if at all, You object to any of the interrogatories herein whether in whole or in part, You are to respond to that portion of the responsive interrogatory as to which no objection is asserted. With respect to that part of the interrogatory as to which an objection is asserted, You are to state with specificity the basis of that objection.

2. Each Interrogatory should be construed independently. No Interrogatory should be construed by reference to any other Interrogatory for the purpose of limiting the scope of the response to such Interrogatory.

3. A masculine, feminine, or neutral pronoun shall not exclude the other genders.

4. When knowledge of information is requested of You, such request includes knowledge of Your employees, members, managers, officers, directors, agents, servants, representatives, attorneys, and accountants.

5. These Interrogatories are continuing in nature. If any document or information comes into Your possession subsequent to responding hereto, You must supplement Your responses accordingly.

6. The term "identify" shall mean the following: When referring to a person, "identify" means to give, to the extent known, the person's full name, present or last known address, and when referring to a natural person, additionally, the present or last known place of employment. Once a person has been identified in accordance with this subparagraph, only the name of that person need be listed in response to subsequent discovery requesting the identification of that person. When referring to documents, communications, or correspondence, "identify" means to give, to the extent known, the (i) type of document; (ii) general subject matter; (iii) date of the document; and (iv) author(s), addressee(s) and recipient(s) and if previously produced pursuant to discovery in this matter, a "Bates number" or other identifying feature used in connection with the production.

7. If a privilege is claimed with respect to any information requested, please provide all information falling within the scope of the Interrogatory which is not privileged, and identify with sufficient particularity for the purposes of a motion to compel a response or production of each item of information, or thing, separately with respect to which You claim a privilege.

8. Each Interrogatory shall be answered separately and fully in writing and under oath. These answers are to be signed and sworn by the Person making them. If You refuse to answer

any Interrogatory, in whole or in part, You must state each specific ground for such refusal. If You object in part to any Interrogatory, answer the remainder completely.

9.  When an objection is made to any Interrogatory or any subpart thereof, state with specificity the grounds for the objection.

10.  To the extent that any information called for by these Interrogatories is unknown to You, so state, and set forth such remaining information as is known. If any estimate can reasonably be made in place of unknown information, and describe the basis upon which the estimate is made.

11.  Unless expressly stated otherwise herein, the relevant time period for these requests is six years prior to the initiation of this lawsuit to present.

12.  The Interrogatories are continuing in character and require supplementation in accordance with the FRCP.

13.  Mr. Fishback reserves the right to serve additional Interrogatories as may be appropriate.

## **INTERROGATORIES**

1.  Identify all Persons You believe have knowledge or information about the allegations in Plaintiffs' Complaint, including: (i) the name of the witness; (ii) the address, email address, and telephone number of the witness; and (iii) a summary of the subject matter of the witness' knowledge.

2.  Identify all Persons You believe have knowledge or information about Mr. Fishback's alleged misappropriation or misuse of Confidential Information, including: (i) the name of the witness; (ii) the address, email address, and telephone number of the witness; and (iii) a summary of the subject matter of the witness' knowledge.

6

3.     Identify all Documents reflecting or evidencing Mr. Fishback's alleged misappropriation or misuse of Confidential Information.

4.     Identify all Persons You believe have knowledge or information about Mr. Fishback's roles and responsibilities at Greenlight, including:  (i) the name of the witness; (ii) the address, email address, and telephone number of the witness; and (iii) a summary of the subject matter of the witness' knowledge.

5.     Identify all Persons You believe have knowledge or information about Mr. Fishback's job performance or track record at Greenlight, including:  (i) the name of the witness; (ii) the address, email address, and telephone number of the witness; and (iii) a summary of the subject matter of the witness' knowledge.

6.     Identify all Persons You believe have knowledge or information about Mr. Fishback's resignation from Greenlight, including:  (i) the name of the witness; (ii) the address, email address, and telephone number of the witness; and (iii) a summary of the subject matter of the witness' knowledge.

7.     Identify all owners, members, and/or shareholders of Plaintiffs.

8.     Identify all Persons who You have corresponded with (whether verbally on in writing) about Mr. Fishback and/or the allegations in Your Complaint.

9.     Identify all Persons that You intend to rely upon as fact witness(es) in the above-captioned action, whether by live testimony or written statement.

10.     Identify all Persons that You intend to rely upon as expert witness(es) in the above-captioned action, whether by live testimony or written statement, and provide a summary of their alleged areas of expertise and anticipated opinions.

11.    Identify all Persons who participated in the preparation (including the gathering of information for such preparation) of the responses to these Interrogatories.

Dated: February 14, 2025

                              **ABRAMS FENSTERMAN, LLP**

                        By:  /s/ Justin T. Kelton
                              Justin T. Kelton
                              Mordecai Geisler
                              Amanda P. Small
                              1 MetroTech Center, Suite 1701
                              Brooklyn, NY 11201
                              Tel: (718) 215-5300 x 501
                              Fax: (718) 215-5304
                              Email: jkelton@abramslaw.com
                              Email: mgeisler@abramslaw.com
                              Email: asmall@abramslaw.com
                              *Attorneys for Defendant James T. Fishback*

**TO:    AKIN GUMP STRAUSS HAUER & FELD LLP**
        Stephen M. Baldini, Esq.
        One Bryant Park
        New York, NY 10036
        Tel: 212-872-1000
        Fax: 212-872-1002
        sbaldini@akingump.com
        *Counsel for Plaintiffs Greenlight Capital,*
        *Inc. and DME Capital Management, LP*

8