# Exhibit 7

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
Greenlight Capital, Inc., DME Capital      :
Management, LP,                             :
                                      :    Case No.: 24-cv-04832-PAE
                     Plaintiffs,     :
                                        :
     – against –                   :
                                        :
James T. Fishback,                :
                                        :
                     Defendant.    :
-------------------------------------------------------------------X

### DEFENDANT JAMES T. FISHBACK'S OBJECTIONS AND RESPONSES TO PLAINTIFFS' INTERROGATORIES

Defendant James T. Fishback ("Mr. Fishback" or "Defendant"), by and through his undersigned counsel, Abrams Fensterman, LLP, hereby objects and responds to Plaintiffs' Interrogatories (the "Interrogatories" and each an "Interrogatory") as follows:

### GENERAL OBJECTIONS

1.      Mr. Fishback objects to the Interrogatories to the extent that they call for the disclosure of information protected by the attorney-client privilege, attorney-work product privilege, and/or other privileges or protections from disclosure.

2.      Mr. Fishback objects to the Interrogatories to the extent that they call for the disclosure of information prepared in anticipation of litigation and/or trial preparation material.

3.      Mr. Fishback objects to the Interrogatories to the extent that they seek information not relevant to the issues raised in this matter and to the extent that they are not reasonably calculated to lead to the discovery of admissible evidence.

4.      Mr. Fishback objects to the Interrogatories to the extent that they are vague and ambiguous.

1

5.      Mr. Fishback objects to the Interrogatories to the extent that they are overly broad, unduly burdensome and/or oppressive, including, without limitation, to the extent that they seek documents and information already within Plaintiffs' knowledge, possession, and/or control.

6.      Mr. Fishback objects to the Interrogatories to the extent that they seek disclosure of opinions, mental impressions, conclusions, or legal theories of Mr. Fishback's representatives or counsel.

7.      Mr. Fishback objects to the Interrogatories to the extent that they are redundant and duplicative of one another.

8.      Mr. Fishback objects to the Interrogatories to the extent that they purport to require him to locate or identify documents not in his possession, custody, or control.

9.      These responses are based on information available at the present time. Mr. Fishback reserves the right to supplement, amend or correct these responses.

10.      The general objections apply to each and every response, whether specifically described and mentioned in the response or not.

## SPECIFIC OBJECTIONS AND RESPONSES

**INTERROGATORY NO. 1:**

Identify all Electronic Accounts that were in Your possession, custody, or control and contained Documents or Communications Concerning Greenlight Information during the Relevant Period.

**Response:**

Mr. Fishback objects to this Interrogatory on the ground that it is vague, overly broad, and unduly burdensome.  Subject to and without waiver of the foregoing and General Objections,

Mr. Fishback identifies the following Electronic Accounts: tommyfishback@gmail.com; james@macrovoyant.com; james@azoriapartners.com.

**INTERROGATORY NO. 2:**

Identify all Electronic Devices that were in Your possession, custody, or control and that were used to view or access any of the Electronic Accounts listed in response to Interrogatory No. 1, or to otherwise receive, transmit, store, modify, view, or print any Greenlight Information during the Relevant Period.

**Response:**

Mr. Fishback objects to this Interrogatory as vague, overbroad, and unduly burdensome. Subject to the foregoing and General Objections, Mr. Fishback states the following Electronic Devices were in his possession during the Relevant Period: iPhone Pro, MacBook Pro 15, MacBook Pro 13, Mac Mini.

**INTERROGATORY NO. 3:**

Identify the location(s) of the Electronic Accounts and Electronic Devices listed in response to Interrogatory Nos. 1 and 2 that are currently within Your possession, custody, or control.

**Response:**

Mr. Fishback objects to this Interrogatory as vague, overbroad, and unduly burdensome. Mr. Fishback further objects to the extent that this Interrogatory asks him to identify the "locations" of "Electronic Accounts," because that request is vague and calls for information outside Mr. Fishback's knowledge. Subject to and without waiver of the foregoing and General Objections, Mr. Fishback states, upon information and belief, Madison, Florida and Washington, D.C.

**INTERROGATORY NO. 4:**

For any Electronic Accounts or Electronic Devices listed in response to Interrogatory Nos. 1 and 2, but omitted in response to Interrogatory No. 3, identify the dates on which such Electronic Accounts or Electronic Devices ceased to be in Your possession, custody, and control, and any Persons to whom possession, custody, or control was transferred.

**Response:**

Mr. Fishback objects to this Interrogatory as unduly burdensome. Subject to and without waiver of the foregoing and General Objections, Mr. Fishback identifies that the MacBook Pro 15 ceased to be in his possession, custody, or control in or about Summer of 2023.

**INTERROGATORY NO. 5:**

Identify all location(s) where any Communications or Documents that were accessible to You through Greenlight's Citrix environment (secure virtual workspace), Your Greenlight employee email account, or in hardcopy form from Greenlight were stored at any point in time during the Relevant Period.

**Response:**

Mr. Fishback objects to this Interrogatory as overbroad and unduly burdensome. Subject to and without waiver of the foregoing and General Objections, Mr. Fishback identifies Madison, Florida and Washington, D.C. In addition, Mr. Fishback identifies, upon information and belief, Plaintiffs and the systems and devices owned and controlled by Plaintiffs, such as the Citrix environment (secure virtual workspace), Mr. Fishback's Greenlight employee email account, etc.

4

**INTERROGATORY NO. 6:**

For any Communications or Documents within the scope of Interrogatory No. 5, identify the date(s) on which any such Communications or Documents ceased to be in Your possession, custody, and control, and any Persons to whom possession, custody, or control was transferred.

**Response:**

Mr. Fishback objects to this Interrogatory as unduly burdensome.  Subject to and without waiver of the foregoing and General Objections, Mr. Fishback states that certain referenced Communications or Documents ceased to be in his possession as of in or about August 2023.

**INTERROGATORY NO. 7:**

Identify all location(s) where any Communications or Documents that were accessible to You through Greenlight's Citrix environment (secure virtual workspace), Your Greenlight employee mail account, or in hardcopy form from Greenlight are currently stored, to the extent that You have any such Communications or Documents in Your possession, custody, or control.

**Response:**

Mr. Fishback objects to this Interrogatory as overbroad and unduly burdensome.  Subject to and without waiver of the foregoing and General Objections, Mr. Fishback states that the locations that he accessed such Communications or Documents referenced in this Interrogatory were Madison, Florida and Washington, D.C.

**INTERROGATORY NO. 8:**

Identify all Persons who had access to any of the Electronic Accounts responsive to Interrogatory No. 1, Electronic Devices responsive to Interrogatory No. 2, or the locations responsive to Interrogatory Nos. 5 and 7, during the Relevant Period.

**Response:**

Mr. Fishback objects to this request because it violates Local Civil Rule 33.3. Subject to and without waiver of the foregoing and General Objections, Mr. Fishback states that he is the only Person (other than personnel of Plaintiffs or their representatives) who had access to the Electronic Accounts, Electronic Devices, and locations identified in Interrogatories 1, 2, 5, and 7.

**INTERROGATORY NO. 9:**

Identify all Electronic Accounts that were in Your possession, custody, or control and contained Documents or Communications Concerning Your Non-Greenlight Investment Activities during the Relevant Period.

**Response:**

Mr. Fishback objects to this Interrogatory as vague, overbroad, unduly burdensome, and irrelevant because Mr. Fishback's Non-Greenlight Investment Activities are unrelated to Greenlight's claims and Mr. Fishback's defenses herein. Subject to and without waiver of the foregoing and General Objections, Mr. Fishback identifies the following email addresses: tommyfishback@gmail.com; james@macrovoyant.com; james@azoriapartners.com. In addition, Mr. Fishback owns an investment account at JPMorgan Private Bank.

**INTERROGATORY NO. 10:**

Identify all Electronic Devices that were in Your possession, custody, or control and that were used to view or access any of the Electronic Accounts listed in response to Interrogatory No. 9, or to otherwise receive, transmit, store, modify, view, or print any Documents or Communications Concerning Your Non-Greenlight Investment Activities during the Relevant Period.

6

**Response:**

Mr. Fishback objects to this Interrogatory as vague, overbroad, unduly burdensome, and irrelevant because Mr. Fishback's Non-Greenlight Investment Activities are unrelated to Greenlight's claims and Mr. Fishback's defenses herein.  Subject to and without waiver of the foregoing and General Objections, Mr. Fishback identifies the following Electronic Devices: iPhone Pro, MacBook Pro 13, Mac Mini.

**INTERROGATORY NO. 11:**

Identify all financial accounts through which You have purchased, sold, or otherwise transacted in securities or other investments in connection with Your Non-Greenlight Investment Activities during the Relevant Period.

**Response:**

Mr. Fishback objects to this Interrogatory as vague, overbroad, unduly burdensome, and irrelevant because Mr. Fishback's Non-Greenlight Investment Activities are unrelated to Greenlight's claims and Mr. Fishback's defenses herein.  In addition, Mr. Fishback objects to the phrase "all financial accounts" as used in this Interrogatory because it is vague, ambiguous, and undefined. Subject to and without waiver of the foregoing and General Objections, Mr. Fishback states that these transactions were made from his account at JPMorgan Private Bank.

**INTERROGATORY NO. 12:**

Identify the Documents or Communications containing the "certain information" that You "forwarded to [Yourself]," as referenced in Paragraphs 75-77 of the Answer, and all current and former locations of such Documents and Communications.

**Response:**

Subject to and without waiver of the General Objections, Mr. Fishback will produce documents reflecting the "certain information" that he "forwarded to himself," as referenced in Paragraphs 75-77 of the Answer, to the extent that such documents exist.

**INTERROGATORY NO. 13:**

Identify the Documents and Communications containing the "confidential information that [You] retained during [Your] tenure at Greenlight," as referenced in paragraph 78 of the Answer, and all current and former locations of such Documents and Communications.

**Response:**

Subject to and without wavier of the General Objections, Mr. Fishback states that he did not retain any copies of documents on his Electronic Devices. Rather, Mr. Fishback had access to Greenlight's remote server, Citrix, on those Electronic Devices. Occasionally, Mr. Fishback emailed himself work documents to print at home.

**INTERROGATORY NO. 14:**

Identify all Persons with personal knowledge of the facts and circumstances described in the Complaint and/or Answer and, for each Person named, identify the area(s) of personal knowledge possessed.

**Response:**

Mr. Fishback objects to this Interrogatory as vague and compound. Mr. Fishback also objects to this Interrogatory because it asks him to speculate about the "personal knowledge" about Persons other than Mr. Fishback. Subject to and without waiver of the foregoing and General Objections, Mr. Fishback identifies:

(1) James Fishback – Mr. Fishback possesses information with respect to his performance and track record while employed by Greenlight, Mr. Fishback's employment roles and responsibilities, the types of categories of information to which Mr. Fishback had access while working at Greenlight, Greenlight's requests that such information be deleted, and information tending to demonstrate that certain information be deleted, and information tending to demonstrate that certain information alleged by Greenlight to be confidential had been disclosed or made available by Greenlight itself or by individuals other than Mr. Fishback, among other things.  Mr. Fishback also possesses information, largely in the form of knowledge about which he will testify, including, for example, information supporting his contentions that: (i) many of the allegations in the complaint are inaccurate, overstated, or used to suggest implications that are untrue; and (ii) Mr. Fishback has no intention of using Greenlight's confidential information in connection with any project or business.

(2) David Einhorn – Mr. Einhorn has information regarding Mr. Fishback's work, performance, and track record while employed by Greenlight, and the contributions Mr. Fishback made to Greenlight, including, for example, with respect to macro trading.  In addition, upon information and belief, Mr. Einhorn has information regarding the types and categories of alleged confidential information to which Mr. Fishback had access while working at Greenlight, Greenlight's requests that such information be deleted, and information tending to demonstrate that certain information alleged by Greenlight to be confidential had been disclosed or made available by Greenlight itself or by individuals other than Mr. Fishback, among other things.

9

(3) <u>Daniel Roitman</u> – Mr. Roitman has information regarding Mr. Fishback's work, performance, and track record while employed by Greenlight, and the contributions Mr. Fishback made to Greenlight, including, for example, with respect to macro trading.  In addition, Mr. Roitman has information regarding the types and categories of alleged confidential information to which Mr. Fishback had access while working at Greenlight, Greenlight's requests that such information be deleted, and information tending to demonstrate that certain information alleged by Greenlight to be confidential had been disclosed or made available by Greenlight itself or by individuals other than Mr. Fishback, among other things.

(4) <u>Alexis Klendening</u> – Ms. Klendening possesses information with respect to Mr. Fishback's employment at Greenlight, including his personal file, and Mr. Fishback's performance at Greenlight.

(5) <u>John Charecky</u> – Mr. Charecky possesses information about investments that Mr. Fishback made while employed by Greenlight, Mr. Fishback's performance at Greenlight, Mr. Fishback's role at Greenlight, Greenlight's macro investments, and whether Mr. Fishback had any trading authority while employed by Greenlight, among other things.

(6) <u>Andrew Simon</u> – Mr. Simon possesses information about investments Mr. Fishback made while employed by Greenlight, Mr. Fishback's performance at Greenlight, Mr. Fishback's role at Greenlight, Greenlight's macro investments, and whether Mr. Fishback had trading authority while employed by Greenlight, among other things.

**INTERROGATORY NO. 15:**

Identify all Persons whom You expect to call as witnesses at or in connection with the trial or other evidentiary hearing in this action and, for each witness named, state the subject matter on which the witness is expected to testify.

**Response:**

Mr. Fishback objects to this Interrogatory as premature because discovery in this case is not complete. Subject to and without waiver of the foregoing and General Objections, Mr. Fishback refers to the individuals referenced in response to Interrogatory No. 14 as possible witnesses. Mr. Fishback will supplement this response if and when he identifies additional potential witnesses, consistent with the Federal Rules of Civil Procedure, the Rules of the Court, and any deadlines to disclose trial witnesses.

**INTERROGATORY NO. 16:**

Identify each Communication, written or oral, between You and any representative of Plaintiffs, including but not limited to David Einhorn, Daniel Roitman, or Barrett C. Brown, relating in any way to the facts, issues and/or claims set forth in the Complaint and/or Answer, including the date of each and every Communication, the substance of each and every Communication, the parties to each and every Communication, and the method by which each and every Communication was made.

**Response:**

Mr. Fishback objects to this Interrogatory as compound, overbroad, and unduly burdensome because it seeks all Communications without identifying specific relevant subject matters or temporal ranges. Mr. Fishback further objects to this Interrogatory because it seeks information already in Plaintiffs' possession, custody, or control. Subject to and without waiver

of the foregoing and General Objections, Mr. Fishback will produce Documents and Communications between himself and any representative of Plaintiffs, including Mr. Einhorn, Mr. Roitman, and Mr. Barrett, if any relevant and responsive Communications are identified after a reasonable search.

**INTERROGATORY NO. 17:**

Identify all documentary evidence and exhibits which You may use or identify at the trial of this matter, including but not limited to, use for the purpose of introducing evidence, refreshing a witness' recollection, or use as a demonstrative aid.

**Response:**

Mr. Fishback objects to this Interrogatory as premature because discovery in this case is not complete. In addition, Mr. Fishback objects to this Interrogatory as compound, overbroad, and unduly burdensome. Subject to and without waiver of the foregoing and General Objections, Mr. Fishback will produce non-privileged documents that are relevant and responsive, if any are identified after a reasonable search. Mr. Fishback will supplement this response if and when he identifies additional potential trial evidence, consistent with the Federal Rules of Civil Procedure, the Rules of the Court, and any deadlines to disclose trial evidence.

**INTERROGATORY NO. 18:**

Identify any of the Documents, Communications, Electronic Devices, or Electronic Accounts that are responsive to any of the foregoing interrogatories but were altered, deleted, or destroyed.

12

**Response:**

Mr. Fishback objects to this Interrogatory as compound, overbroad, and unduly burdensome. Subject to and without waiver of the foregoing and General Objections, Mr. Fishback states that he donated his MacBook Pro 15 to Goodwill in our about Summer 2023.


Dated:    Brooklyn, New York
          March 17, 2025

                                              **As To Objections:**


                                              **ABRAMS FENSTERMAN, LLP**

                                               */s/ Justin T. Kelton*
                                              Justin T. Kelton
                                              Mordecai Geisler
                                              Amanda P. Small
                                              1 MetroTech Center, Suite 1701
                                              Brooklyn, NY 11201
                                              Tel: (718) 215-5300
                                              Fax: (718) 215-5304
                                              Email: jkelton@abramslaw.com
                                              Email: mgeisler@abramslaw.com
                                              Email: asmall@abramslaw.com
                                              *Attorneys for Defendant*
                                              *James T. Fishback*



                                              **As To Responses:**



                                              Mr. James Fishback

13