# Exhibit 8

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
Greenlight Capital, Inc., DME Capital          :
Management, LP,                                :
                                               :        Case No.: 24-cv-04832-PAE
                              Plaintiffs,       :
                                               :
     – against –                               :
                                               :
James T. Fishback,                             :
                                               :
                              Defendant.        :
------------------------------------------------------------------X

### DEFENDANT JAMES T. FISHBACK'S OBJECTIONS AND RESPONSES TO PLAINTIFFS' FIRST SET OF REQUESTS FOR PRODUCTION

Defendant, James T. Fishback ("Mr. Fishback" or "Defendant"), by and through his undersigned counsel, Abrams Fensterman, LLP, hereby objects and responds to Plaintiffs' First Set of Requests for Production (the "Requests" and each a "Request") as follows:

### GENERAL OBJECTIONS

1.      Mr. Fishback objects to the Requests to the extent that they call for the disclosure of documents and information protected by the attorney-client privilege, attorney-work product privilege, and/or other privileges.

2.      Mr. Fishback objects to the Requests to the extent that they call for the disclosure of documents and information prepared in anticipation of litigation.

3.      Mr. Fishback objects to the Requests to the extent that they seek documents and information not relevant to the issues raised in this matter and to the extent that they are not reasonably calculated to lead to the discovery of admissible evidence.

4.      Mr. Fishback objects to the Requests to the extent that they are vague and ambiguous.

1

5.      Mr. Fishback objects to the Requests to the extent that they are overly broad, unduly burdensome and/or oppressive, including, without limitation, to the extent that they seek documents and information already within Plaintiffs' knowledge, possession, and/or control.

6.      Mr. Fishback objects to the Requests to the extent that they seek disclosure of opinions, mental impressions, conclusions or legal theories of Mr. Fishback's representatives, or his counsel or other representatives.

7.      Mr. Fishback objects to the Requests to the extent that they are redundant and duplicative of one another.

8.      Mr. Fishback objects to the Requests to the extent that they purport to require him to locate or identify documents and information that are not in his possession, custody, or control.

9.      Mr. Fishback objects to the Requests to the extent that they seek documents or information concerning persons or entities who are not party to this action to the extent that producing such information would infringe upon the privacy rights of such non-parties.

10.     Mr. Fishback reserves the right to redact irrelevant, confidential, or privileged information in any document produced.

11.     Nothing herein shall be construed as an admission by Mr. Fishback with respect to the admissibility or relevance of any fact or document, or the truth or accuracy of any characterization or document of any kind.

12.     These responses do not, in any way, waive any privilege or protection by the inadvertent production of information subject thereto and Mr. Fishback reserves the right to demand the return thereof.

13.     A statement in these responses that Defendant agrees to produce responsive documents should not be taken to mean that any such documents exist, but only that, if they exist,

2

and can be located through a reasonable search of documents in Defendant's custody or possession, Defendant agrees to produce them.

14.     These responses are based upon information available at the present time.  Further, Mr. Fishback reserves the right to supplement, amend, or correct these responses in the event that future discovery reveals facts that would justify such supplementation, correction, or amendment.

15.     These General Objections apply to each and every response, whether specifically described and mentioned in the response or not.

**SPECIFIC OBJECTIONS AND RESPONSES**

**REQUEST FOR PRODUCTION NO. 1:**

All Documents and Communications which You contend support any defense You have asserted or attend to assert in this Lawsuit.

**RESPONSE:**

Mr. Fishback objects to this Request as premature because discovery in this action is not yet complete, and the deadline to identify evidence in support of Mr. Fishback's legal position has not yet occurred.  Mr. Fishback further objects to this Request to the extent that it calls for the disclosure of documents and information protected by the attorney-client privilege, attorney-work product privilege, and/or other privileges.  Subject to and without waiver of the foregoing and General Objections, Mr. Fishback will produce non-privileged documents that are relevant and responsive, if any are uncovered after a reasonable search.

**REQUEST FOR PRODUCTION NO. 2:**

All Documents and Communications You intend to use as evidence at the trial in this Lawsuit.

**RESPONSE:**

Mr. Fishback objects to this Request as premature because discovery in this action is not yet complete, and the deadline to identify trial evidence has not yet occurred. Mr. Fishback further objects to this Request to the extent that it calls for the disclosure of documents and information protected by the attorney-client privilege, attorney-work product privilege, and/or other privileges. Subject to and without waiver of the foregoing and General Objections, Mr. Fishback will produce non-privileged documents that are relevant and responsive, if any are uncovered after a reasonable search.

**REQUEST FOR PRODUCTION NO. 3:**

All Documents and Communications that You obtained, either directly or indirectly, from Greenlight, including but not limited to through Greenlight's Citrix environment (secure virtual workspace), Your Greenlight employee email account, or in hardcopy or other electronic form from Greenlight personnel or business.

**RESPONSE:**

Mr. Fishback objects to this Request on the grounds that it is overbroad and unduly burdensome. Mr. Fishback also objects to the term "indirectly" as used in this Request because it renders the Request overbroad and temporally unlimited, seeks information outside of Mr. Fishback's knowledge, and seeks information that has no relevance or connection to the issues involved in this action. Mr. Fishback further objects to this Request because it seeks information already in Plaintiffs' possession, custody, or control. Additionally, Mr. Fishback objects to this Request to the extent that it is duplicative of Requests 1 and 2. Subject to and without waiver of the foregoing and General Objections, Mr. Fishback will produce non-privileged documents that are relevant and responsive, if any are uncovered after a reasonable search.

**REQUEST FOR PRODUCTION NO. 4:**

All Documents and Communications comprising the "certain information" that You claim You forwarded to Yourself as referenced in Paragraphs 75-77 of the Answer.

**RESPONSE:**

Mr. Fishback objects to this Request as it is duplicative of Requests 1 and 2.  Mr. Fishback further objects to this Request because it seeks information already in Plaintiffs' possession, custody, or control.  Subject to and without waiver of the foregoing and General Objections, Mr. Fishback will produce non-privileged documents that are relevant and responsive, if any are uncovered after a reasonable search.

**REQUEST FOR PRODUCTION NO. 5:**

All Documents and Communications Concerning any Greenlight investment analyses, strategies, methodologies, discussions, recommendations, or decisions, including but not limited to information Concerning the profitability, rates of return, or the magnitude or nature of any Greenlight investments or contemplated investments, either on an individual basis or in the aggregate.

**RESPONSE:**

Mr. Fishback objects to this Request on the grounds that it is overbroad.  Mr. Fishback further objects to this Request as it is duplicative of Requests 1 and 2.  Additionally, Mr. Fishback objects to this Request to the extent that it calls for the disclosure of documents and information protected by the attorney-client privilege, attorney-work product privilege, and/or other privileges. Subject to and without waiver of the foregoing and General Objections, Mr. Fishback will produce non-privileged documents that are relevant and responsive, if any are identified after a reasonable search.

5

**REQUEST FOR PRODUCTION NO. 6:**

All Documents and Communications Concerning Your Non-Greenlight Investment Activities prior to August 16, 2023, including but not limited to the creation of Azoria, recruiting of Azoria personnel, Communications with Third Parties regarding Azoria, and purpose or function of Azoria, including but not limited to a proposed entity for "consulting," "hedge fund," or ETF operations.

**RESPONSE:**

Mr. Fishback objects to this Request on the grounds that it is overbroad, vague, and ambiguous, and because it seeks "all documents and communications" regarding Mr. Fishback's non-Greenlight investment activities, including those having nothing to do with the issues in this case, and is not in any way tailored to the claims, defenses, or issues involved in this action. Additionally, Mr. Fishback objects to this Request to the extent that it calls for the disclosure of documents and information protected by the attorney-client privilege, attorney-work product privilege, and/or other privileges. Mr. Fishback further objects to this request because it seeks confidential, proprietary, and competitively sensitive information.

In light of the foregoing and the General Objections, Mr. Fishback will not respond to this Request as drafted. Mr. Fishback is willing to meet-and-confer with Plaintiffs in an attempt to resolve the issues outlined above and negotiate an appropriate scope for this Request.

**REQUEST FOR PRODUCTION NO. 7:**

All Documents and Communications Concerning Your Non-Greenlight Investment Activities at any point during the Relevant Period that contain Greenlight Information.

**RESPONSE:**

Mr. Fishback objects to this Request on the grounds that it is vague and overbroad. Mr. Fishback objects to the term "Greenlight Information" as used in the Requests because the definition proffered by Plaintiffs for that term is vague, ambiguous, and overbroad, and renders the Requests using that term unduly burdensome.[1]  Mr. Fishback further objects because it is unclear what it means for an "investment activity" to "contain Greenlight Information." Additionally, Mr. Fishback objects to this Request to the extent that it calls for the disclosure of documents and information protected by the attorney-client privilege, attorney-work product privilege, and/or other privileges.  Mr. Fishback further objects to this request because it seeks confidential, proprietary, and competitively sensitive information.  Subject to and without waiver of the foregoing and General Objections, Mr. Fishback will produce non-privileged documents that are relevant and responsive, if any are identified after a reasonable search.

**REQUEST FOR PRODUCTION NO. 8:**

All Documents and Communications Concerning Your role or title at Greenlight, including but not limited to Your statement that You were referred to as Greenlight's "head of macro," or any other titles besides "research analyst" or "analyst."

**RESPONSE:**

Mr. Fishback objects to this Request to the extent that it calls for the disclosure of documents and information protected by the attorney-client privilege, attorney-work product privilege, and/or other privileges.  Subject to and without waiver of the foregoing and General

---

[1]  Specifically, the definition of "Greenlight Information" is vague, ambiguous, and overbroad because it purports to include "any" information "incidental to his employment with Greenlight," any information "Concerning Greenlight's business," and purports to include information "irrespective of" whether such information was confidential.

7

Objections, Mr. Fishback will produce non-privileged documents that are relevant and responsive, if any are identified after a reasonable search.

**REQUEST FOR PRODUCTION NO. 9:**

All Communications with Third Parties Concerning Your involvement or contemplated involvement in any events, including conferences, panels, presentations, interviews, podcasts, or similar events where You were asked to provide, or did in fact provide, information regarding Your employer, prior to August 16, 2023, including but not limited to the Citi Conference referred to in paragraph 69 of the Complaint and Answer.

**RESPONSE:**

Mr. Fishback objects to this Request on the grounds that it is overbroad and temporally unlimited, and because it purports to seek information regarding any event or discussion that in any way mentions or discusses any "employer" that Mr. Fishback has ever had, and is not limited to Mr. Fishback's employment by Plaintiffs. Mr. Fishback understands and will construe this request as seeking information regarding events that involved discussions about his employment at Greenlight. Additionally, Mr. Fishback objects to this Request to the extent that it calls for the disclosure of documents and information protected by the attorney-client privilege, attorney-work product privilege, and/or other privileges. Subject to and without waiver of the foregoing and General Objections, Mr. Fishback will produce non-privileged documents that are relevant and responsive, if any are identified after a reasonable search.

**REQUEST FOR PRODUCTION NO. 10:**

All Communications and Documents Concerning or referenced in any public statements You made Concerning Greenlight, including but not limited to Your involvement with the "Wall

8

Street Skinny" podcast referred to in paragraphs 96-99 of the Complaint and Answer and the "Forward Guidance" podcast referred to in Paragraph 102 of the Complaint and Answer.

**RESPONSE:**

Mr. Fishback objects to this request as overbroad because it seeks "all communications and documents . . . concerning or referenced in any public statements" Mr. Fishback made "concerning Greenlight," a category that has no relevance or connection to the issues involved in this action. Mr. Fishback objects to this Request on the grounds that it is overbroad. Mr. Fishback objects to the phrase "public statements" as used in this Request because it is vague, ambiguous, and undefined. Additionally, Mr. Fishback objects to this Request to the extent that it calls for the disclosure of documents and information protected by the attorney-client privilege, attorney-work product privilege, and/or other privileges. Subject to and without waiver of the foregoing and General Objections, Mr. Fishback will produce non-privileged documents that are relevant and responsive, if any are identified after a reasonable search.

**REQUEST FOR PRODUCTION NO. 11:**

All Communications with past, present, or prospective Greenlight investors.

**RESPONSE:**

Mr. Fishback objects to this request as overbroad because it seeks information that has no relevance or connection to the issues involved in this action. Mr. Fishback objects to the phrase "past, present, or prospective Greenlight investors" as used in this Request because it is vague, ambiguous, and undefined. Mr. Fishback further objects to the phrase "past, present, or prospective Greenlight investors" as used in this Request because it renders the Request unlimited in temporal scope. In addition, Mr. Fishback objects to this Request on the grounds that it is overbroad and vague, as Mr. Fishback does not know all of Greenlight's "past investors," "present

9

investors," or "prospective investors."  Subject to and without waiver of the foregoing and General Objections, Mr. Fishback will produce non-privileged documents that are relevant and responsive, if any are identified after a reasonable search.

**REQUEST FOR PRODUCTION NO. 12:**

All Communications with past, present, or prospective investors in Your Non-Greenlight Investment Activities that contain Greenlight Information.

**RESPONSE:**

Mr. Fishback objects to the term "Greenlight Information" as used in the Requests because the definition proffered by Plaintiffs for that term is vague, ambiguous, and overbroad, and renders the Requests using that term unduly burdensome.[2]  Mr. Fishback objects to the phrase "past, present, or prospective investors" as used in this Request because it is vague, ambiguous, and undefined.  Mr. Fishback further objects to the phrase "past, present, or prospective investors" as used in this Request because it renders the Request unlimited in temporal scope.  Mr. Fishback further objects to this request because it seeks confidential, proprietary, and competitively sensitive information.  Subject to and without waiver of the foregoing and General Objections, Mr. Fishback will produce non-privileged documents that are relevant and responsive, if any are identified after a reasonable search.

**REQUEST FOR PRODUCTION NO. 13:**

All Communications with past or present Greenlight employees after August 15, 2023.

---

[2]  Specifically, the definition of "Greenlight Information" is vague, ambiguous, and overbroad because it purports to include "any" information "incidental to his employment with Greenlight," any information "Concerning Greenlight's business," and purports to include information "irrespective of" whether such information was confidential.

**RESPONSE:**

Mr. Fishback objects to this request as overbroad because it seeks information that has no relevance or connection to the issues involved in this action.  Mr. Fishback objects to the phrase "past or present Greenlight employees" as used in this Request because it is vague, ambiguous, and undefined.  Mr. Fishback further objects to the phrase "past or present Greenlight employees after August 15, 2023" as used in this Request because it renders the Request unlimited in temporal scope.  In addition, Mr. Fishback objects to this Request on the grounds that it is overbroad and vague, as Mr. Fishback does not know all of Greenlight's "past or present employees." Mr. Fishback further objects to this Request because it seeks information already in Plaintiffs' possession, custody, or control.  Subject to and without waiver of the foregoing and General Objections, Mr. Fishback will produce non-privileged documents that are relevant and responsive, if any are identified after a reasonable search.

**REQUEST FOR PRODUCTION NO. 14:**

All Documents and Communications You contend are sufficient to show that any statements You have made Concerning Greenlight's investments "related to investments that were already made public" as referenced in Paragraph 10 of Your Answer.

**RESPONSE:**

Mr. Fishback objects to this Request on the grounds that it is overbroad and vague, because Plaintiffs have not clearly identified what alleged "statements Concerning Greenlight's investments" are the subjects of any of their claims.  Subject to and without waiver of the foregoing and General Objections, Mr. Fishback will produce non-privileged documents that are relevant and responsive, if any are identified after a reasonable search.

**REQUEST FOR PRODUCTION NO. 15:**

All Documents and Communications You contend are sufficient to show the circumstances surrounding the deletion, destruction, or alteration of any Document, Communication, Electronic Device, or Electronic Account that are responsive to these Requests or interrogatories served by Plaintiffs.

**RESPONSE:**

Mr. Fishback objects to this Request on the grounds that it is vague and overbroad. Mr. Fishback further objects to this Request to the extent that it calls for the disclosure of documents and information protected by the attorney-client privilege, attorney-work product privilege, and/or other privileges. Subject to and without waiver of the foregoing and General Objections, Mr. Fishback will produce non-privileged documents that are relevant and responsive, if any are identified after a reasonable search.

Dated: March 17, 2025

**ABRAMS FENSTERMAN, LLP**

 _/s/ Justin T. Kelton_
Justin T. Kelton
Mordecai Geisler
Amanda P. Small
1 MetroTech Center, Suite 1701
Brooklyn, NY 11201
Tel: (718) 215-5300
Fax: (718) 215-5304
Email: jkelton@abramslaw.com
Email: mgeisler@abramslaw.com
Email: asmall@abramslaw.com
*Attorneys for Defendant*
*James T. Fishback*