# Exhibit 9

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| Greenlight Capital, Inc., DME Capital Management, LP,<br><br><div align="center">Plaintiffs,</div><br>-vs.-<br><br>James T. Fishback,<br><br><div align="center">Defendant.</div> | No. 1:24-cv-04832-PAE |

<div align="center">

**PLAINTIFFS' RESPONSES AND OBJECTIONS TO**
**DEFENDANT'S FIRST SET OF INTERROGATORIES**

</div>

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure and the Local Rules of this Court, Plaintiffs, Greenlight Capital, Inc. ("Greenlight" or the "Company") and DME Capital Management, LP ("DME") (collectively, "Plaintiffs"), by and through their undersigned counsel, hereby respond and object (the "Responses and Objections") to Defendant's First Set of Interrogatories dated February 14, 2025 (the "Interrogatories").

<div align="center">

**RESERVATION OF RIGHTS**

</div>

1.      As to all matters referred to in these Responses and Objections, Plaintiffs' investigation and discovery is ongoing. The specific Responses set forth below are based upon, and necessarily limited by, information now available to Plaintiffs. Plaintiffs reserve the right to modify and supplement their Responses and Objections and to present in any proceeding and at trial any further information obtained during discovery and preparation for trial. These objections should not be construed as, and do not constitute, a waiver of Plaintiffs' rights to prove additional facts at a hearing or trial.

2.      Any statement contained in these Responses and Objections that non-privileged information will be produced in response to a specific Interrogatory does not mean that any such information actually exists, but only that it will be produced to the extent that it exists and can be obtained without undue burden.

3.      These Responses and Objections are made without in any way waiving or intending to waive:  (i) any objections as to the competency, relevancy, materiality, privilege, or admissibility as evidence, for any purpose, of information or documents produced in response to these Interrogatories; (ii) the right to object on any ground to the use of the information provided in response to the Interrogatories at any hearings or at trial; (iii) the right to object on any ground at any time to a request for further Responses; or (iv) the right at any time to revise, correct, add to, supplement, or clarify any of the Responses contained herein.

4.      The information supplied in response to the Interrogatories is for use in this litigation and for no other purpose.

## **GENERAL OBJECTIONS**

In addition to the grounds for objection set forth in response to the particular Interrogatories below, Plaintiffs respond and object generally with respect to the Interrogatories as follows:

1.      Plaintiffs object to the Interrogatories (including, without limitation, the definitions, instructions, time periods of demands, and information demanded) to the extent that they purport to impose obligations on Plaintiffs different from, beyond the scope of, or in addition to, those imposed or required by (a) the Federal Rules of Civil Procedure, (b) the Local Rules of this Court, including Local Rules 26.3 and 33.3, or (c) any other applicable statute, rule, case law, or order.

2.      Plaintiffs object to the Interrogatories to the extent that a deposition would be a more efficient means of pursuing Plaintiffs' knowledge with respect to the information sought in the Interrogatories.  *See* Local Rule 33.3(b) (stating that interrogatories during discovery outside the scope of Rule 33.3(a) "may only be served (1) if they are a more practical method of obtaining the information sought than a request for production or a deposition, or (2) if ordered by the Court.").

3.      Plaintiffs object to the Interrogatories to the extent that they seek information that is (a) not in Plaintiffs' possession, custody, or control; (b) in the possession, custody, or control of Defendant; (c) publicly available; or (d) equally available and/or as readily accessible to Defendant or his counsel as to Plaintiffs.

4.      Plaintiffs object to the Interrogatories to the extent that they are unduly burdensome, overbroad, oppressive, or seek information that (a) is not relevant to the claims or defenses of any party; (b) is not proportionate to the needs of the case; or (c) would not be admissible pursuant to Federal Rule of Evidence 408.

5.      Plaintiffs object to each Interrogatory to the extent that it is vague, ambiguous, compound, or subject to multiple interpretations.

6.      Plaintiffs object to each Interrogatory to the extent that it contains an untrue premise, mischaracterizes facts, or is hypothetical in nature.

7.      Plaintiffs object to each Interrogatory to the extent that it is cumulative of other Interrogatories.

8.      Plaintiffs object to each Interrogatory to the extent it seeks the production or disclosure of proprietary, confidential, and/or sensitive business, commercial, trade-secret, or information.

3

9.     Plaintiffs object to the Interrogatories to the extent that they require production of information in contravention of any confidentiality agreement or obligations that would unduly violate the privacy interests of others.

10.     Plaintiffs object to each Interrogatory to the extent it seeks information and/or documents that are protected from discovery by the attorney-client privilege, the attorney work-product doctrine, common-interest privilege, and all other applicable privileges and protections ("Privileged Information").  Plaintiffs hereby claim all such privileges and object to the provision of documents or information subject to such privileges.  Privileged Information will not be produced. Plaintiffs' agreement to produce information in response to the Requests discussed herein specifically excludes any Privileged Information or any documents containing Privileged Information.  To the extent that any production of documents or information is made, any inadvertent production of Privileged Information in response to the Interrogatories is not intended to and does not constitute a waiver of any applicable privilege or protection.  Plaintiffs request that Defendant and/or his attorneys notify Plaintiffs of the production of any Privileged Information immediately upon discovery of such Privileged Information.

11.     Plaintiffs object to the Interrogatories, including but not limited to the definitions contained therein, to the extent that they assume disputed facts or legal conclusions. Plaintiffs hereby deny such disputed facts or legal conclusions to the extent assumed by any Interrogatory or stated definition.  Any response or objection by Plaintiffs with respect to any such Interrogatory is without prejudice to this objection and Plaintiffs' rights to dispute facts and legal conclusions assumed in the Interrogatories.

12.     Plaintiffs object to the Interrogatories to the extent that they purport to define a term in a way that is inconsistent with its definition under the Federal Rules of Civil Procedure, the Local

4

Rules of this Court, or its generally understood meaning, or otherwise attempt to impose a burden on Plaintiffs greater than that permitted by the Federal Rules of Civil Procedure, the Local Rules of this Court, including Local Rule 26.3, or any other applicable statute, rule, case law, or order.

13.     Plaintiffs object to the definitions of "Greenlight," "DME," "You," "Your," and "Plaintiffs" as including Plaintiffs' past or present parents, subsidiaries, divisions, departments, affiliates, assignor, assignees, members, officers, directors, employees, executives, attorneys, accountants, agents, advisors, consultants, representatives, predecessors, or any persons or entities purporting to act for or on Plaintiffs' behalf or under Plaintiffs' control.  Plaintiffs' Responses are made solely on behalf of Greenlight Capital, Inc. and DME Capital Management, LP.  Plaintiffs' Responses are not intended to and do not waive any objections, arguments, rights, remedies, claims, or defenses of any kind that any of Plaintiffs' affiliates may have with respect to whether any U.S. Court could exercise jurisdiction over any of Plaintiffs' affiliates with respect to the Complaint or otherwise, including but not limited to whether service of process requirements have been or could be met with respect to service of the Complaint on any of Plaintiffs' affiliates, all of which are expressly reserved.

14.     Plaintiffs assert their General Objections with respect to each Interrogatory served by Defendant.

15.     Plaintiffs' decision, now or in the future, to provide information notwithstanding the objectionable nature of any of the Definitions or Instructions or Interrogatories themselves shall not be construed as:  (a) an acknowledgement that the material is relevant or admissible; (b) a waiver of any of Plaintiffs' general or specific objections; or (c) an agreement that requests for similar information will be treated in a similar manner.

5

16.    No objection or limitation, or lack thereof, and no statement providing information herein shall be deemed an admission by Plaintiffs as to the existence or nonexistence of documents or information.

## SPECIFIC RESPONSES AND OBJECTIONS TO THE INTERROGATORIES

### INTERROGATORY NO. 1:

Identify all Persons You believe have knowledge or information about the allegations in Plaintiffs' Complaint, including: (i) the name of the witness; (ii) the address, email address, and telephone number of the witness; and (iii) a summary of the subject matter of the witness' knowledge.

### RESPONSE:

Plaintiffs object to this Interrogatory for each of the reasons set forth in the General Objections, including but not limited to the following:

Plaintiffs object to this Interrogatory on the grounds that it exceeds the scope of interrogatories permitted under Local Rule 33.3.

In a good faith attempt to provide a response, and subject to and without waiving the foregoing general and specific objections, Plaintiffs identify the following individuals in response to this Interrogatory:

- David Einhorn
- Daniel Roitman
- Barrett C. Brown
- Steven Rosen
- Andrew Weinfeld
- James T. Fishback

### INTERROGATORY NO. 2:

Identify all Persons You believe have knowledge or information about Mr. Fishback's alleged misappropriation or misuse of Confidential Information, including: (i) the name of the witness; (ii)

6

the address, email address, and telephone number of the witness; and (iii) a summary of the subject matter of the witness' knowledge.

**RESPONSE:**

Plaintiffs object to this Interrogatory for each of the reasons set forth in the General Objections, including but not limited to the following:

Plaintiffs object to this Interrogatory on the grounds that it exceeds the scope of interrogatories permitted under Local Rule 33.3.

In a good faith attempt to provide a response, and subject to and without waiving the foregoing general and specific objections, Plaintiffs identify the following Persons in response to this Interrogatory:

- David Einhorn

- Daniel Roitman

- Barrett C. Brown

- Steven Rosen

- Andrew Weinfeld

- James T. Fishback

- Jack Farley

- Forward Guidance Podcast

**INTERROGATORY NO. 3:**

Identify all Documents reflecting or evidencing Mr. Fishback's alleged misappropriation or misuse of Confidential Information.

**RESPONSE:**

Plaintiffs object to this Interrogatory for each of the reasons set forth in the General Objections, including but not limited to the following:

Plaintiffs object to Interrogatory No. 3 on the grounds that it is disproportional to the needs of the case because discovery has only begun in this matter, and Plaintiffs may identify documents reflecting or evidencing Defendant's misappropriation or misuse of Confidential Information through the course of discovery.

In a good faith attempt to provide a response, and subject to and without waiving the foregoing general and specific objections, Plaintiffs respectfully refer Defendant to Plaintiffs' Responses and Objections to Defendant's First Set of Document Demands, including specifically Plaintiffs' responses and objections to those Requests that relate to allegations of Defendant's misuse of confidential information.

**INTERROGATORY NO. 4:**

Identify all Persons You believe have knowledge or information about Mr. Fishback's roles and responsibilities at Greenlight, including: (i) the name of the witness; (ii) the address, email address, and telephone number of the witness; and (iii) a summary of the subject matter of the witness' knowledge.

**RESPONSE:**

Plaintiffs object to this Interrogatory for each of the reasons set forth in the General Objections, including but not limited to the following:

Plaintiffs object to Interrogatory No. 4 on the grounds that it is vague and ambiguous as to the meaning and scope of the phrase "knowledge or information about Mr. Fishback's roles and responsibilities at Greenlight." Plaintiffs further object to Interrogatory No. 4 on the grounds that it seeks information that is not relevant to any party's claim or defense. Plaintiffs further object to Interrogatory No. 4 on the grounds that it exceeds the scope of interrogatories permitted under Local Rule 33.3.

In a good faith attempt to provide a response, and subject to and without waiving the foregoing general and specific objections, Plaintiffs identify the following individuals in response to this Interrogatory:

- David Einhorn

- Daniel Roitman

- Andrew Weinfeld

- Barrett C. Brown

- John Charecky

- James T. Fishback

**INTERROGATORY NO. 5:**

Identify all Persons You believe have knowledge or information about Mr. Fishback's job performance or track record at Greenlight, including: (i) the name of the witness; (ii) the address, email address, and telephone number of the witness; and (iii) a summary of the subject matter of the witness' knowledge.

**RESPONSE:**

Plaintiffs object to this Interrogatory for each of the reasons set forth in the General Objections, including but not limited to the following:

Plaintiffs object to Interrogatory No. 5 on the grounds that it is vague and ambiguous as to the meaning and scope of the phrase "knowledge or information about Mr. Fishback's job performance," as that could include anyone who interacted with Defendant in his capacity as a Greenlight employee. Plaintiffs further object to this Interrogatory because it assumes disputed facts, including that Defendant had a "track record at Greenlight." Plaintiffs further object to Interrogatory No. 5 on the grounds that it seeks information that is not relevant to any party's claim or defense.

9

Plaintiffs further object to Interrogatory No. 5 on the grounds that it exceeds the scope of interrogatories permitted under Local Rule 33.3.

In a good faith attempt to provide a response, and subject to and without waiving the foregoing general and specific objections, Plaintiffs identify the following individuals in response to this Interrogatory:

- David Einhorn

- Daniel Roitman

- Barrett C. Brown

- Aric Steffen

- Andrew Weinfeld

- James T. Fishback

**INTERROGATORY NO. 6:**

Identify all Persons You believe have knowledge or information about Mr. Fishback's resignation from Greenlight, including: (i) the name of the witness; (ii) the address, email address, and telephone number of the witness; and (iii) a summary of the subject matter of the witness' knowledge.

**RESPONSE:**

Plaintiffs object to this Interrogatory for each of the reasons set forth in the General Objections, including but not limited to the following:

Plaintiffs object to Interrogatory No. 6 on the grounds that it exceeds the scope of interrogatories permitted under Local Rule 33.3.

In a good faith attempt to provide a response, and subject to and without waiving the foregoing general and specific objections, Plaintiffs identify the following individuals in response to this Interrogatory:

- David Einhorn

- Daniel Roitman

- Barrett C. Brown

- Andrew Weinfeld

- James T. Fishback

**INTERROGATORY NO. 7:**

Identify all owners, members, and/or shareholders of Plaintiffs.

**RESPONSE:**

Plaintiffs object to this Interrogatory for each of the reasons set forth in the General Objections, including but not limited to the following:

Plaintiffs object to Interrogatory No. 7 on the grounds that it seeks information that is not relevant to any party's claim or defense.  Plaintiffs further object to Interrogatory No. 7 on the grounds that it exceeds the scope of interrogatories permitted under Local Rule 33.3.

Plaintiffs will not provide a response to this Interrogatory.

**INTERROGATORY NO. 8:**

Identify all Persons who You have corresponded with (whether verbally on in writing) about Mr. Fishback and/or the allegations in Your Complaint.

**RESPONSE:**

Plaintiffs object to this Interrogatory for each of the reasons set forth in the General Objections, including but not limited to the following:

Plaintiffs object to Interrogatory No. 8 on the grounds that the phrase "all Persons who You have corresponded with (whether verbally on in writing) about Mr. Fishback" is vague, ambiguous, and overbroad.  Plaintiffs further object to Interrogatory No. 8 on the grounds that it seeks information

11

that is not relevant to any party's claim or defense.  Plaintiffs further object to Interrogatory No. 8 on

the grounds that it seeks privileged information.  Plaintiffs further object to Interrogatory No. 8 on

the grounds that it exceeds the scope of interrogatories permitted under Local Rule 33.3.

In a good faith attempt to provide a response, and subject to and without waiving the

foregoing general and specific objections, Plaintiffs identify their counsel and Defendant's counsel.

Plaintiffs also respectfully refer Defendant to their response to Interrogatory No. 1.

**INTERROGATORY NO. 9:**

Identify all Persons that You intend to rely upon as fact witness(es) in the above-captioned
action, whether by live testimony or written statement.

**RESPONSE:**

Plaintiffs object to this Interrogatory for each of the reasons set forth in the General

Objections, including but not limited to the following:

Plaintiffs object to Interrogatory No. 9 on the grounds that it seeks privileged information.

Plaintiffs further object to Interrogatory No. 9 on the grounds that it is disproportional to the needs

of the case because discovery has only begun in this matter, and Plaintiffs may identify fact

witness(es) through the course of discovery.

Subject to and without waiving the foregoing general and specific objections, Plaintiffs agree

to provide pre-trial disclosures in accordance with the Civil Case Management Plan and Scheduling

Order (Docket No. 30) and all applicable local and federal rules of civil procedure.

**INTERROGATORY NO. 10:**

Identify all Persons that You intend to rely upon as expert witness(es) in the above-captioned
action, whether by live testimony or written statement, and provide a summary of their alleged areas
of expertise and anticipated opinions.

**RESPONSE:**

Plaintiffs object to this Interrogatory for each of the reasons set forth in the General Objections, including but not limited to the following:

Plaintiffs object to Interrogatory No. 10 on the grounds that it seeks privileged information. Plaintiffs further object to Interrogatory No. 10 on the grounds that it is disproportional to the needs of the case because discovery has only begun in this matter, and Plaintiffs may identify expert witness(es) through the course of discovery. Plaintiffs further object to Interrogatory No. 10 on the grounds that it exceeds the scope of interrogatories permitted under Local Rule 33.3.

Subject to and without waiving the foregoing general and specific objections, Plaintiffs agree to provide pre-trial disclosures in accordance with the Civil Case Management Plan and Scheduling Order (Docket No. 30) and all applicable local and federal rules of civil procedure.

**INTERROGATORY NO. 11:**

Identify all Persons who participated in the preparation (including the gathering of information for such preparation) of the responses to these Interrogatories.

**RESPONSE:**

Plaintiffs object to this Interrogatory for each of the reasons set forth in the General Objections, including but not limited to the following:

Plaintiffs object to Interrogatory No. 11 on the grounds that it seeks privileged information. Plaintiffs further object to Interrogatory No. 11 on the grounds that it exceeds the scope of interrogatories permitted under Local Rule 33.3.

In a good faith attempt to provide a response, and subject to and without waiving the foregoing general and specific objections, Plaintiffs identify their counsel. Plaintiffs also respectfully refer Defendant to their response to Interrogatory No. 1.

13

Dated:  March 17, 2025

/s/ Stephen M. Baldini
Stephen M. Baldini
Akin Gump Strauss Hauer & Feld LLP
One Bryant Park
New York, NY 10036
Tel:  212-872-1000
Fax:  212-872-1002
sbaldini@akingump.com

*Counsel for Plaintiffs Greenlight Capital,*
*Inc. and DME Capital Management, LP*

## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing has been served upon all counsel of record via email on March 17, 2025.

_/s/ Stephen M. Baldini_____
Stephen M. Baldini