# Exhibit 10

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| Greenlight Capital, Inc., DME Capital Management, LP,<br><br>                        Plaintiffs,<br><br>    -vs.-<br><br>James T. Fishback,<br><br>                       Defendant. | No. 1:24-cv-04832-PAE |

## PLAINTIFFS' RESPONSES AND OBJECTIONS TO DEFENDANT'S FIRST SET OF DOCUMENT DEMANDS

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure and the Local Rules of this Court, Plaintiffs, Greenlight Capital, Inc. ("Greenlight" or the "Company") and DME Capital Management, LP ("DME") (collectively, "Plaintiffs"), by and through their undersigned counsel, hereby respond and object (the "Responses and Objections") to Defendant's First Set of Document Demands dated February 14, 2025 (the "Requests").

## RESERVATION OF RIGHTS

1.  Any and all responses, documents, and information provided in response to the Requests are given without waiving, and subject to express reservation of: (a) all objections to the competency, relevancy, materiality, and admissibility of the Responses and the subject matter thereof as evidence for any purpose in any further proceeding, including a trial on the merits, in this action or in any other action or proceeding; (b) all rights, privileges, and/or immunities from non-disclosure, including, but not limited to, the attorney-client privilege, the work-product doctrine, and the common interest privilege; and (c) the right to object to the use of such Responses, or the subject

matter thereof, on any grounds in any proceeding, including a trial on the merits, in this action or in any other action or proceeding.

2.      Plaintiffs reserve the right to amend, supplement, delete, alter, modify, or otherwise change these Responses and Objections or provide additional documents, information, or narrative as may become appropriate.  Plaintiffs have not fully completed their investigation and discovery of the facts relating to this matter.  All of the Responses contained herein are based upon information that is presently available to and known by Plaintiffs and/or their counsel.  Further discovery and investigation may supply additional facts, add meaning to known facts, or establish new factual or legal conclusions, all of which may lead to additions to, changes in, or variations from the matters set forth herein.  The Responses provided herein are made in a good faith effort to supply as much information as is presently known following a reasonably diligent inquiry, but the right to add to, change, or modify Responses is reserved as further discovery, research, or analysis may require.

## GENERAL OBJECTIONS

In addition to the grounds for objection set forth in response to the particular Requests below, Plaintiffs respond and object generally with respect to the Requests as follows:

1.      Plaintiffs object to the Requests (including without limitation, the definitions, instructions, time periods of demands, and information demanded) to the extent that they purport to impose obligations on Plaintiffs different from, beyond the scope of, or in addition to, those imposed or required by (a) the Federal Rules of Civil Procedure, (b) the Local Rules of this Court, or (c) any other applicable statute, rule, case law, or order.

2.      Plaintiffs object to each Request to the extent that it seeks information that is (a) not in Plaintiffs' possession, custody, or control; (b) in the possession, custody, or control of Defendant;

2

(c) publicly available; or (d) equally available and/or as readily accessible to Defendant or his counsel as to Plaintiffs.

3.    Plaintiffs object to the Requests to the extent that they are unduly burdensome, overbroad, oppressive, or seek information that (a) is not relevant to the claims or defenses of any party; (b) is not proportionate to the needs of the case; or (c) would not be admissible pursuant to Federal Rule of Evidence 408.

4.    Plaintiffs object to each Request to the extent that it is vague, ambiguous, or does not describe the information, item, or category of documents sought with reasonable particularity, or is subject to multiple interpretations.

5.    Plaintiffs object to each Request to the extent that it contains an untrue premise, mischaracterizes facts, or is hypothetical in nature.

6.    Plaintiffs object to each Request to the extent that it is cumulative of other Requests.

7.    Plaintiffs object to each Request to the extent that it is compound.

8.    Plaintiffs object to each Request to the extent that it seeks the production or disclosure of proprietary, confidential, and/or sensitive business, commercial, trade-secret, or private information.

9.    Plaintiffs object to each Request to the extent it seeks information and/or documents that are protected from discovery by the attorney-client privilege, the attorney work-product doctrine, common-interest privilege, and all other applicable privileges and protections ("Privileged Information"). Plaintiffs hereby claim all such privileges and object to the provision of documents or information subject to such privileges. Privileged Information will not be produced. Plaintiffs' agreement to produce documents in response to the Requests discussed herein specifically excludes any Privileged Information or any documents containing Privileged Information. To the extent that

3

any production of documents or information is made, any inadvertent production of Privileged Information in response to the Requests is not intended to and does not constitute a waiver of any applicable privilege or protection.  Plaintiffs request that Defendant and/or his attorneys notify Plaintiffs of the production of any Privileged Information immediately upon discovery of such Privileged Information.

10.    Plaintiffs object to each Request to the extent that it calls for legal conclusions.

11.    Plaintiffs object to the Requests, including but not limited to the definitions contained therein, to the extent that they assume disputed facts or legal conclusions.  Plaintiffs hereby deny such disputed facts or legal conclusions to the extent assumed by any Request or stated definition. Any response or objection, including the production of documents, with respect to such Request is without prejudice to this objection and Plaintiffs' right to dispute facts and legal conclusions assumed by the Requests.

12.    Plaintiffs object to the Requests to the extent that they purport to define a term in a way that is inconsistent with its definition under the Federal Rules of Civil Procedure, the Local Rules of this Court, or its generally understood meaning, or otherwise attempt to impose a burden on Plaintiffs greater than that permitted by the Federal Rules of Civil Procedure, the Local Rules of this Court, including Local Rule 26.3, or any other applicable statute, rule, case law, or order.

13.    Plaintiffs object to the definitions of "Greenlight," "DME," "You," "Your," and "Plaintiffs" as including Plaintiffs' past or present parents, subsidiaries, divisions, departments, affiliates, assignor, assignees, members, officers, directors, employees, executives, attorneys, accountants, agents, advisors, consultants, representatives, predecessors, or any persons or entities purporting to act for or on Plaintiffs' behalf or under Plaintiffs' control.  Plaintiffs' Responses are made solely on behalf of Greenlight Capital, Inc. and DME Capital Management, LP.  Plaintiffs'

Responses are not intended to and do not waive any objections, arguments, rights, remedies, claims, or defenses of any kind that any of Plaintiffs' affiliates may have with respect to whether any U.S. Court could exercise jurisdiction over any of Plaintiffs' affiliates with respect to the Complaint or otherwise, including but not limited to whether service of process requirements have been or could be met with respect to service of the Complaint on any of Plaintiffs' affiliates, all of which are expressly reserved.

14.     Plaintiffs object to each Request to the extent it does not contain a date limitation and is thus overbroad.  Unless otherwise indicated, Plaintiffs will produce documents dated between February 8, 2021 to present (the "Relevant Period").

15.     Plaintiffs object to each Request to the extent that it seeks the production of "all," "each," or "any" document or communication of a specific nature or type when a more limited number of such documents or communications could be sought or identified and would supply the requested information, on the grounds that such a requirement makes the Request extremely overbroad, unduly burdensome, and oppressive.  Whenever a Request demands production of "all", "each", or "any," documents or communications of a particular category, Plaintiffs—if they agree to produce documents in response to the Request—shall only produce those documents that are identified after a reasonably diligent, good faith search.  With respect to electronic communications, Plaintiffs will work cooperatively with Defendant to identify potentially relevant custodians and shall only review and produce the communications of those custodians, not the communications of all current and former employees of Plaintiffs.

16.     Plaintiffs assert their General Objections with respect to each Request served by Defendant.

5

17.     Plaintiffs' decision, now or in the future, to provide information notwithstanding the objectionable nature of any of the Definitions or Instructions or Requests themselves shall not be construed as:  (a) an acknowledgement that the material is relevant or admissible; (b) a waiver of any of Plaintiffs' general or specific objections; or (c) an agreement that requests for similar information will be treated in a similar manner.

18.     A response to any Request which states that responsive documents will be produced if identified in a reasonably diligent, good faith search does not constitute a representation or acknowledgement that there are any documents responsive to such Request.

**SPECIFIC RESPONSES AND OBJECTIONS TO THE REQUESTS**

**REQUEST NO. 1:**

All Documents and Communications supporting Your allegation that You implemented confidentiality measures, including "information access protocols regarding how employees may access sensitive Company information," as alleged in ¶ 28 of Your Complaint.

**RESPONSE:**

Plaintiffs object to this Request for each of the reasons set forth in the General Objections, including but not limited to the following:

Plaintiffs object to this Request because it is not limited in time.

Subject to and without waiving the foregoing general and specific objections, Plaintiffs agree to perform a reasonably diligent, good faith search and to produce responsive, non-privileged documents during the Relevant Period in their custody, possession, or control, if any, in response to this Request.

**REQUEST NO. 2:**

All Documents and Communications concerning, regarding, or relating to the confidentiality obligations Plaintiffs impose on employees, as referenced in ¶ 28 of Your Complaint.

**RESPONSE:**

Plaintiffs object to this Request for each of the reasons set forth in the General Objections, including but not limited to the following:

Plaintiffs object to this Request because it is not limited in time.  Plaintiffs further object to this Request on the grounds that the phrase "All Documents and Communications concerning, regarding, or relating to the confidentiality obligations Plaintiffs impose on employees" is vague, ambiguous, and overbroad, and on its face would be applicable to virtually any Document or Communication that includes or refers to Greenlight's confidential information.

Subject to and without waiving the foregoing general and specific objections, Plaintiffs agree to perform a reasonably diligent, good faith search and to produce responsive, non-privileged documents during the Relevant Period in their custody, possession, or control, if any, in response to this Request.

**REQUEST NO. 3:**

The Offer Letter dated January 27, 2021, as referenced in ¶ 30 of Your Complaint.

**RESPONSE:**

Plaintiffs object to this Request for each of the reasons set forth in the General Objections, including but not limited to the following:

Plaintiffs object to this Request on the grounds that it seeks information that is already in the possession, custody, or control of Defendant or equally available and/or as readily accessible to Defendant or his counsel as to Plaintiffs.

Subject to and without waiving the foregoing general and specific objections, Plaintiffs agree to produce that certain letter, dated January 27, 2021, constituting an offer of employment from Greenlight to Defendant.

**REQUEST NO. 4:**

The Employment Agreement.

**RESPONSE:**

Plaintiffs object to this Request for each of the reasons set forth in the General Objections, including but not limited to the following:

Plaintiffs object to this Request on the grounds that it seeks information that is already in the possession, custody, or control of Defendant or equally available and/or as readily accessible to Defendant or his counsel as to Plaintiffs.

Subject to and without waiving the foregoing general and specific objections, Plaintiffs agree to produce that certain employment agreement, entered into on February 8, 2021, by and between Greenlight and Defendant (the "Employment Agreement").

**REQUEST NO. 5:**

All Documents and Communications concerning, regarding, or relating to Section 5 of the Employment Agreement.

**RESPONSE:**

Plaintiffs object to this Request for each of the reasons set forth in the General Objections, including but not limited to the following:

Plaintiffs object to this Request on the grounds that it seeks information that is already in the possession, custody, or control of Defendant or equally available and/or as readily accessible to Defendant or his counsel as to Plaintiffs. Plaintiffs further object to Request No. 5 on the grounds that the phrase "concerning, regarding, or relating to Section 5 of the Employment Agreement" is vague, ambiguous, and overbroad, and on its face would be applicable to virtually any Document or Communication that includes or refers to Greenlight's confidential information.

8

Subject to and without waiving the foregoing general and specific objections, Plaintiffs agree to produce the Employment Agreement.

**REQUEST NO. 6:**

All Documents and Communications supporting Your allegation that Plaintiffs' investments, performance, track record, methodologies, and recommendations fall within the definition of Confidential Information under the Employment Agreement.

**RESPONSE:**

Plaintiffs object to this Request for each of the reasons set forth in the General Objections, including but not limited to the following:

Plaintiffs object to this Request to the extent that it calls for legal conclusions.  Plaintiffs further object to this Request on the grounds that it seeks information that is already in the possession, custody, or control of Defendant or equally available and/or as readily accessible to Defendant or his counsel as to Plaintiffs.

Subject to and without waiving the foregoing general and specific objections, Plaintiffs agree to produce the Employment Agreement.

**REQUEST NO. 7:**

All Documents and Communications supporting Your allegation that Mr. Fishback failed to meet performance expectations, as alleged in ¶ 33 of Your Complaint.

**RESPONSE:**

Plaintiffs object to this Request for each of the reasons set forth in the General Objections, including but not limited to the following:

Plaintiffs object to this Request on the grounds that it is vague, ambiguous, and overbroad, and on its face would be applicable to any Document or Communication that includes or refers to Defendant's "performance" at Greenlight, and thus, would be applicable to virtually any Document

or Communication related to Defendant's work at Greenlight.  Plaintiffs further object to this Request on the grounds that it is duplicative of other Requests that relate to allegations regarding specific instances of Defendant's work or performance at Greenlight.

Subject to and without waiving the foregoing general and specific objections, Plaintiffs agree to perform a reasonably diligent, good faith search and to produce responsive, non-privileged documents during the Relevant Period in their custody, possession, or control, if any, in response to this Request, including but not limited to Documents and Communications supporting the specific allegations encompassed within the referenced allegation or elsewhere in the Complaint.

**REQUEST NO. 8:**

All Documents and Communications supporting Your allegation that Mr. Fishback "failed to devote appropriate time and effort to his job responsibilities and was notified repeatedly that his work product was unacceptably delayed, undeveloped, or otherwise incomplete," as alleged in ¶ 33 of Your Complaint.

**RESPONSE:**

Plaintiffs object to this Request for each of the reasons set forth in the General Objections, including but not limited to the following:

Plaintiffs object to this Request on the grounds that it is vague, ambiguous, and overbroad, and on its face would be applicable to any Document or Communication that includes or refers to Defendant's "effort" or "job responsibilities," and thus, virtually any Document or Communication related to Defendant's work at Greenlight.  Plaintiffs further object to this Request on the grounds that it is duplicative of other Requests that relate to allegations regarding specific instances of Defendant's work or performance at Greenlight.

Subject to and without waiving the foregoing general and specific objections, Plaintiffs agree to perform a reasonably diligent, good faith search and to produce responsive, non-privileged documents during the Relevant Period in their custody, possession, or control, if any, in response to

10

this Request, including but not limited to Documents and Communications supporting the specific

allegations encompassed within the referenced allegation or elsewhere in the Complaint.

**REQUEST NO. 9:**

All Documents and Communications supporting Your allegation in ¶ 33 that Mr. Fishback "showed a lack of accountability, and even dishonesty about his performance issues and his outside personal ventures."

**RESPONSE:**

Plaintiffs object to this Request for each of the reasons set forth in the General Objections, including but not limited to the following:

Plaintiffs object to this Request on the grounds that it is duplicative of other Requests that

relate to allegations regarding specific instances of Defendant's work or performance at Greenlight.

Subject to and without waiving the foregoing general and specific objections, Plaintiffs agree

to perform a reasonably diligent, good faith search and to produce responsive, non-privileged

documents during the Relevant Period in their custody, possession, or control, if any, in response to

this Request, including but not limited to Documents and Communications supporting the specific

allegations encompassed within the referenced allegation or elsewhere in the Complaint.

**REQUEST NO. 10:**

All Documents and Communications supporting Your allegation that in October 2021 Mr. Fishback was on "thin ice," as alleged in ¶ 34 of Your Complaint.

**RESPONSE:**

Plaintiffs object to this Request for each of the reasons set forth in the General Objections.

Subject to and without waiving the foregoing General Objections, Plaintiffs agree to perform

a reasonably diligent, good faith search and to produce responsive, non-privileged documents during

the Relevant Period in their custody, possession, or control, if any, in response to this Request.

**REQUEST NO. 11:**

All Documents and Communications supporting Your allegation that Plaintiffs indicated to Mr. Fishback that "his failure 'to make himself more valuable to the firm' had 'left himself with a smaller margin of error,'" as alleged in ¶ 34 of Your Complaint.

**RESPONSE:**

Plaintiffs object to this Request for each of the reasons set forth in the General Objections.

Subject to and without waiving the foregoing General Objections, Plaintiffs agree to perform a reasonably diligent, good faith search and to produce responsive, non-privileged documents during the Relevant Period in their custody, possession, or control, if any, in response to this Request.

**REQUEST NO. 12:**

All Documents and Communications supporting Your allegation in ¶ 36 that "Mr. Fishback's substandard performance continued into 2022."

**RESPONSE:**

Plaintiffs object to this Request for each of the reasons set forth in the General Objections, including but not limited to the following:

Plaintiffs object to this Request on the grounds that it is vague, ambiguous, and overbroad, and on its face would be applicable to any Document or Communication that includes or refers to Defendant's "performance" at Greenlight in 2022, and thus, virtually any Document or Communication related to Defendant's work at Greenlight in 2022. Plaintiffs further object to this Request on the grounds that it is duplicative of other Requests that relate to allegations regarding specific instances of Defendant's work or performance at Greenlight.

Subject to and without waiving the foregoing general and specific objections, Plaintiffs agree to perform a reasonably diligent, good faith search and to produce responsive, non-privileged documents during the Relevant Period in their custody, possession, or control, if any, in response to

12

this Request, including but not limited to Documents and Communications supporting the specific

allegations encompassed within the referenced allegation or elsewhere in the Complaint.

**REQUEST NO. 13:**

All Documents and Communications supporting Your allegation in ¶ 36 that "in the first quarter of 2022, Fishback made careless errors in his own work on multiple occasions, but attempted to blame others in order to avoid personal accountability."

**RESPONSE:**

Plaintiffs object to this Request for each of the reasons set forth in the General Objections,

including but not limited to the following:

Plaintiffs object to this Request on the grounds that it is duplicative of other Requests that

relate to allegations regarding specific instances of Defendant's work or performance at Greenlight,

including specifically Request Nos. 14-17.

Subject to and without waiving the foregoing general and specific objections, Plaintiffs agree

to perform a reasonably diligent, good faith search and to produce responsive, non-privileged

documents during the Relevant Period in their custody, possession, or control, if any, in response to

this Request, including but not limited to Documents and Communications supporting the specific

allegations encompassed within the referenced allegation or elsewhere in the Complaint.

**REQUEST NO. 14:**

All Documents and Communications concerning, regarding, or relating to the incident in January 2022 regarding a macro derivative transaction executed by Mr. Fishback in which Mr. Fishback allegedly "sent an email with the details of the trade to Greenlight's operations staff informing them that the required initial margin for the transaction was $1.4 million," but "the counterparty had requested $4.1 million of initial margin," as alleged in ¶ 36 of Your Complaint.

**RESPONSE:**

Plaintiffs object to this Request for each of the reasons set forth in the General Objections.

13

Subject to and without waiving the foregoing General Objections, Plaintiffs agree to perform a reasonably diligent, good faith search and to produce responsive, non-privileged documents during the Relevant Period in their custody, possession, or control, if any, in response to this Request.

**REQUEST NO. 15:**

All Documents and Communications concerning, regarding, or relating to the transaction discrepancy, as alleged in ¶ 38 of Your Complaint.

**RESPONSE:**

Plaintiffs object to this Request for each of the reasons set forth in the General Objections.

Subject to and without waiving the foregoing General Objections, Plaintiffs agree to perform a reasonably diligent, good faith search and to produce responsive, non-privileged documents during the Relevant Period in their custody, possession, or control, if any, in response to this Request.

**REQUEST NO. 16:**

All Documents and Communications in which Mr. Fishback stated that the discrepancy was a "bank error," as alleged in ¶ 39 of Your Complaint.

**RESPONSE:**

Plaintiffs object to this Request for each of the reasons set forth in the General Objections.

Subject to and without waiving the foregoing General Objections, Plaintiffs agree to perform a reasonably diligent, good faith search and to produce responsive, non-privileged documents during the Relevant Period in their custody, possession, or control, if any, in response to this Request.

**REQUEST NO. 17:**

All Documents and Communications supporting Your allegation that "[a]fter the notational amount of the trade had changed, the counterparty had correctly recalculated the amount of the required initial margin of $4.1 million," as alleged in ¶ 39 of Your Complaint.

**RESPONSE:**

Plaintiffs object to this Request for each of the reasons set forth in the General Objections.

14

Subject to and without waiving the foregoing General Objections, Plaintiffs agree to perform a reasonably diligent, good faith search and to produce responsive, non-privileged documents during the Relevant Period in their custody, possession, or control, if any, in response to this Request.

**REQUEST NO. 18:**

All Documents and Communications supporting Your allegation that Greenlight provided Mr. Fishback with notice that he was not meeting expectations in 2022, as alleged in ¶ 40 of Your Complaint.

**RESPONSE:**

Plaintiffs object to this Request for each of the reasons set forth in the General Objections, including but not limited to the following:

Plaintiffs object to this Request on the grounds that it is duplicative of other Requests that relate to allegations regarding specific instances of Defendant's work or performance at Greenlight, including specifically Request Nos. 19 and 27.

Subject to and without waiving the foregoing general and specific objections, Plaintiffs agree to perform a reasonably diligent, good faith search and to produce responsive, non-privileged documents during the Relevant Period in their custody, possession, or control, if any, in response to this Request, including but not limited to Documents and Communications supporting the specific allegations encompassed within the referenced allegation or elsewhere in the Complaint.

**REQUEST NO. 19:**

All Documents and Communications reflecting Mr. Fishback's formal year-end performance assessment for 2022, as alleged in ¶ 41 of Your Complaint.

**RESPONSE:**

Plaintiffs object to this Request for each of the reasons set forth in the General Objections.

15

Subject to and without waiving the foregoing General Objections, Plaintiffs agree to perform a reasonably diligent, good faith search and to produce responsive, non-privileged documents during the Relevant Period in their custody, possession, or control, if any, in response to this Request.

**REQUEST NO. 20:**

All Documents and Communications supporting Your allegation that Mr. Fishback's performance issues persisted into 2023, as alleged in ¶ 45 of Your Complaint.

**RESPONSE:**

Plaintiffs object to this Request for each of the reasons set forth in the General Objections, including but not limited to the following:

Plaintiffs object to this Request on the grounds that it is vague, ambiguous, and overbroad, and on its face would be applicable to any Document or Communication that includes or refers to Defendant's "performance" at Greenlight in 2023, and thus, virtually any Document or Communication related to Defendant's work at Greenlight in 2023. Plaintiffs further object to this Request on the grounds that it is duplicative of other Requests that relate to allegations regarding specific instances of Defendant's work or performance at Greenlight.

Subject to and without waiving the foregoing general and specific objections, Plaintiffs agree to perform a reasonably diligent, good faith search and to produce responsive, non-privileged documents during the Relevant Period in their custody, possession, or control, if any, in response to this Request, including but not limited to Documents and Communications supporting the specific allegations encompassed within the referenced allegation or elsewhere in the Complaint.

**REQUEST NO. 21:**

All Documents and Communications supporting Your allegation that Incubate Debate was interfering with Mr. Fishback's job duties at Greenlight, as alleged in ¶ 45 of Your Complaint.

**RESPONSE:**

16

Plaintiffs object to this Request for each of the reasons set forth in the General Objections.

Subject to and without waiving the foregoing General Objections, Plaintiffs agree to perform a reasonably diligent, good faith search and to produce responsive, non-privileged documents during the Relevant Period in their custody, possession, or control, if any, in response to this Request.

**REQUEST NO. 22:**

All Documents and Communications supporting Your allegation that "on April 13, 2023, Greenlight learned for the first time that Fishback was managing five full-time employees at Incubate Debate," as alleged in ¶ 46 of Your Complaint.

**RESPONSE:**

Plaintiffs object to this Request for each of the reasons set forth in the General Objections.

Subject to and without waiving the foregoing General Objections, Plaintiffs agree to perform a reasonably diligent, good faith search and to produce responsive, non-privileged documents during the Relevant Period in their custody, possession, or control, if any, in response to this Request.

**REQUEST NO. 23:**

All Documents and Communications supporting Your allegation that Mr. Fishback's failure to disclose his efforts with Incubate Debate was in "violation of [Greenlight's] internal compliance and conflicts policies that require disclosure of such outside engagements," as alleged in ¶ 46 of Your Complaint.

**RESPONSE:**

Plaintiffs object to this Request for each of the reasons set forth in the General Objections, including but not limited to the following:

Plaintiffs object to this Request to the extent that it calls for legal conclusions. Plaintiffs further object to this Request on the grounds that it seeks information that is already in the possession, custody, or control of Defendant or equally available and/or as readily accessible to Defendant or his counsel as to Plaintiffs.

17

Subject to and without waiving the foregoing general and specific objections, Plaintiffs agree to perform a reasonably diligent, good faith search and to produce responsive, non-privileged documents during the Relevant Period in their custody, possession, or control, if any, in response to this Request.

**REQUEST NO. 24:**

All Documents and Communications between senior management at Greenlight and Mr. Fishback regarding Mr. Fishback's involvement with his personal endeavors and the impact of that involvement on his performance at Greenlight, as alleged in ¶ 47 of Your Complaint.

**RESPONSE:**

Plaintiffs object to this Request for each of the reasons set forth in the General Objections, including but not limited to the following:

Plaintiffs object to this Request on the grounds that it is duplicative of other Requests that relate to allegations regarding specific instances of Defendant engaging in personal endeavors while employed at Greenlight.

Subject to and without waiving the foregoing general and specific objections, Plaintiffs agree to perform a reasonably diligent, good faith search and to produce responsive, non-privileged documents during the Relevant Period in their custody, possession, or control, if any, in response to this Request.

**REQUEST NO. 25:**

All Documents and Communications supporting Your allegation that "Fishback acknowledged that Greenlight's criticisms were valid, and apologized and communicated that he had resolved the issue by hiring an executive director for Incubate Debate that would be starting soon," as alleged in ¶ 48 of Your Complaint.

**RESPONSE:**

Plaintiffs object to this Request for each of the reasons set forth in the General Objections.

Subject to and without waiving the foregoing General Objections, Plaintiffs agree to perform a reasonably diligent, good faith search and to produce responsive, non-privileged documents during the Relevant Period in their custody, possession, or control, if any, in response to this Request.

**REQUEST NO. 26:**

All Communications between Mr. Einhorn and Mr. Fishback in or around May 29, 2023, where Mr. Einhorn "pointed out that Fishback had failed to provide a daily email summary of macro events that Mr. Einhorn had requested and stated that it appeared Fishback had ignored his direction," as alleged in ¶¶ 49-50 of Your Complaint.

**RESPONSE:**

Plaintiffs object to this Request for each of the reasons set forth in the General Objections.

Subject to and without waiving the foregoing General Objections, Plaintiffs agree to perform a reasonably diligent, good faith search and to produce responsive, non-privileged documents during the Relevant Period in their custody, possession, or control, if any, in response to this Request.

**REQUEST NO. 27:**

All Communications between and among Mr. Einhorn, Mr. Fishback, and Mr. Roitman regarding Mr. Fishback's performance at Greenlight, including, without limitation, Mr. Einhorn's and Mr. Roitman's "doubts" that Mr. Fishback was working as a full-time employee, as alleged in ¶ 51 of Your Complaint.

**RESPONSE:**

Plaintiffs object to this Request for each of the reasons set forth in the General Objections.

Subject to and without waiving the foregoing General Objections, Plaintiffs agree to perform a reasonably diligent, good faith search and to produce responsive, non-privileged documents during the Relevant Period in their custody, possession, or control, if any, in response to this Request.

**REQUEST NO. 28:**

All Documents and Communications supporting Your allegation that Mr. Fishback was on "thin ice" in or about June of 2023, as alleged in ¶ 52 of Your Complaint.

**RESPONSE:**

Plaintiffs object to this Request for each of the reasons set forth in the General Objections.

Subject to and without waiving the foregoing General Objections, Plaintiffs agree to perform a reasonably diligent, good faith search and to produce responsive, non-privileged documents during the Relevant Period in their custody, possession, or control, if any, in response to this Request.

**REQUEST NO. 29:**

All Documents and Communications regarding the "Jelly Donut Assignment," as referenced in ¶¶ 54-58 of Your Complaint.

**RESPONSE:**

Plaintiffs object to this Request for each of the reasons set forth in the General Objections, including but not limited to the following:

Plaintiffs object to this Request on the grounds that the phrase "All Documents or Communications regarding the 'Jelly Donut Assignment'" is vague, ambiguous, and overbroad, and on its face would be applicable to virtually any Document or Communication that includes or refers to the subject matter of the "Jelly Donut Assignment."

Subject to and without waiving the foregoing general and specific objections, Plaintiffs agree to perform a reasonably diligent, good faith search and to produce responsive, non-privileged documents during the Relevant Period in their custody, possession, or control, if any, in response to this Request.

**REQUEST NO. 30:**

All Documents and Communications regarding the contemplated, potential, or actual decision to terminate Mr. Fishback's employment.

**RESPONSE:**

Plaintiffs object to this Request for each of the reasons set forth in the General Objections, including but not limited to the following:

Plaintiffs object to Request No. 30 to the extent it seeks Privileged Information.  Plaintiffs further object to Request No. 30 because it is not limited in time.

Subject to and without waiving the foregoing general and specific objections, Plaintiffs agree to perform a reasonably diligent, good faith search and to produce responsive, non-privileged documents during the Relevant Period in their custody, possession, or control, if any, in response to this Request.

**REQUEST NO. 31:**

All Documents and Communications regarding the Zoom call that was scheduled for Monday, July 31, 2023, as alleged in ¶ 59 of Your Complaint.

**RESPONSE:**

Plaintiffs object to this Request for each of the reasons set forth in the General Objections.

Subject to and without waiving the foregoing General Objections, Plaintiffs agree to perform a reasonably diligent, good faith search and to produce responsive, non-privileged documents during the Relevant Period in their custody, possession, or control, if any, in response to this Request.

**REQUEST NO. 32:**

All Documents and Communications regarding Mr. Fishback's resignation from Greenlight, and/or Mr. Fishback's reason(s) for resigning.

**RESPONSE:**

Plaintiffs object to this Request for each of the reasons set forth in the General Objections, including but not limited to the following:

21

Plaintiffs object to this Request on the grounds that it is duplicative of other Requests that relate to specific allegations regarding Defendant's resignation from Greenlight, including specifically Request No. 33.

Subject to and without waiving the foregoing general and specific objections, Plaintiffs agree to perform a reasonably diligent, good faith search and to produce responsive, non-privileged documents during the Relevant Period in their custody, possession, or control, if any, in response to this Request.

**REQUEST NO. 33:**

All Documents and Communications regarding Mr. Fishback's resignation email, as alleged in ¶ 62 of Your Complaint.

**RESPONSE:**

Plaintiffs object to this Request for each of the reasons set forth in the General Objections.

Subject to and without waiving the foregoing General Objections, Plaintiffs agree to perform a reasonably diligent, good faith search and to produce responsive, non-privileged documents during the Relevant Period in their custody, possession, or control, if any, in response to this Request.

**REQUEST NO. 34:**

All Documents and Communications regarding the part-time consulting arrangement between Mr. Fishback and Greenlight before he became an employee of Greenlight.

**RESPONSE:**

Plaintiffs object to this Request for each of the reasons set forth in the General Objections, including but not limited to the following:

Plaintiffs object to this Request on the grounds that it is vague, ambiguous, and overbroad, and on its face would be applicable to any Document or Communication regarding Defendant's work when he was performing services for Greenlight as a consultant.  Plaintiffs further object to this

Request on the grounds that Defendant's work as a consultant for Greenlight has no relevance to any claims or defenses in this action.

Subject to and without waiving the foregoing general and specific objections, Plaintiffs agree to perform a reasonably diligent, good faith search and to produce responsive, non-privileged documents during or prior to the Relevant Period in their custody, possession, or control, that governed the terms of Defendant's consulting arrangement with Greenlight.

**REQUEST NO. 35:**

All Documents and Communications regarding Mr. Fishback's alleged intent to use Greenlight's reputation and Confidential Information to "jumpstart his own venture," as alleged in ¶ 63 of Your Complaint.

**RESPONSE:**

Plaintiffs object to this Request for each of the reasons set forth in the General Objections, including but not limited to the following:

Plaintiffs object to this Request on the grounds that it seeks information that is already in the possession, custody, or control of Defendant or equally available and/or as readily accessible to Defendant or his counsel as to Plaintiffs.  Plaintiffs further object to this Request on the grounds that it is duplicative of other Requests that relate to allegations regarding specific instances of Defendant's misuse of confidential information and other misconduct.

Subject to and without waiving the foregoing general and specific objections, Plaintiffs agree to perform a reasonably diligent, good faith search and to produce responsive, non-privileged documents during the Relevant Period in their custody, possession, or control, if any, in response to this Request.

**REQUEST NO. 36:**

All Documents and Communications supporting Your allegation that Mr. Fishback disclosed any Confidential Information to any third-party.

**RESPONSE:**

Plaintiffs object to this Request for each of the reasons set forth in the General Objections, including but not limited to the following:

Plaintiffs object to this Request on the grounds that it seeks information that is already in the possession, custody, or control of Defendant or equally available and/or as readily accessible to Defendant or his counsel as to Plaintiffs.

Subject to and without waiving the foregoing general and specific objections, Plaintiffs agree to perform a reasonably diligent, good faith search and to produce responsive, non-privileged documents during the Relevant Period in their custody, possession, or control, if any, in response to this Request.

**REQUEST NO. 37:**

All Documents and Communications supporting Your allegation that Mr. Fishback disclosed any information to any third-party, which information was not known or disclosed outside of Greenlight prior to its alleged disclosure by Mr. Fishback.

**RESPONSE:**

Plaintiffs object to this Request for each of the reasons set forth in the General Objections, including but not limited to the following:

Plaintiffs object to this Request on the grounds that it is overbroad and unduly burdensome and is disproportional to the needs of the case, insofar as it requests Documents and Communications to support the allegation that certain information "was not known or disclosed outside of Greenlight."

Subject to and without waiving the foregoing general and specific objections, Plaintiffs agree to perform a reasonably diligent, good faith search and to produce responsive, non-privileged

24

documents during the Relevant Period in their custody, possession, or control, if any, in response to this Request.

**REQUEST NO. 38:**

All Documents and Communications supporting Your allegation that any Confidential Information that is the subject of Your claims in this lawsuit was not known or disclosed outside of Greenlight prior to its alleged disclosure by Mr. Fishback.

**RESPONSE:**

Plaintiffs object to this Request for each of the reasons set forth in the General Objections, including but not limited to the following:

Plaintiffs object to this Request on the grounds that it is overbroad and unduly burdensome and is disproportional to the needs of the case, insofar as it requests Documents and Communications to support the allegation that information "was not known or disclosed outside of Greenlight." Plaintiffs further object to this Request to the extent it assumes disputed legal conclusions, including that Defendant breached the Employment Agreement only if he disclosed Confidential Information that "was not known or disclosed outside of Greenlight prior to its alleged disclosure by Mr. Fishback."

Subject to and without waiving the foregoing general and specific objections, Plaintiffs agree to perform a reasonably diligent, good faith search and to produce responsive, non-privileged documents during the Relevant Period in their custody, possession, or control, if any, in response to this Request.

**REQUEST NO. 39:**

All Documents and Communications supporting Your allegation that Mr. Fishback sent Confidential Information to his personal email accounts, as alleged in ¶ 65 of Your Complaint.

**RESPONSE:**

25

Plaintiffs object to this Request for each of the reasons set forth in the General Objections, including but not limited to the following:

Plaintiffs object to this Request on the grounds that it seeks information that is already in the possession, custody, or control of Defendant or equally available and/or as readily accessible to Defendant or his counsel as to Plaintiffs.

Subject to and without waiving the foregoing general and specific objections, Plaintiffs agree to perform a reasonably diligent, good faith search and to produce responsive, non-privileged documents during the Relevant Period in their custody, possession, or control, if any, in response to this Request.

**REQUEST NO. 40:**

All Documents and Communications reflecting Mr. Fishback's titles, roles, and responsibilities at Greenlight.

**RESPONSE:**

Plaintiffs object to this Request for each of the reasons set forth in the General Objections, including but not limited to the following:

Plaintiffs object to this Request on the grounds that it is vague, ambiguous, and overbroad, and on its face would be applicable to Defendant's "roles" or "responsibilities," and thus, virtually any Document or Communication related to Defendant's work at Greenlight.

Subject to and without waiving the foregoing general and specific objections, Plaintiffs agree to perform a reasonably diligent, good faith search and to produce responsive, non-privileged documents during the Relevant Period in their custody, possession, or control, if any, in response to this Request.

**REQUEST NO. 41:**

All Documents and Communications regarding the Citi Conference, referenced in ¶¶ 66-71 of Your Complaint.

**RESPONSE:**

Plaintiffs object to this Request for each of the reasons set forth in the General Objections.

Subject to and without waiving the foregoing General Objections, Plaintiffs agree to perform a reasonably diligent, good faith search and to produce responsive, non-privileged documents during the Relevant Period in their custody, possession, or control, if any, in response to this Request.

**REQUEST NO. 42:**

All Documents and Communications concerning, regarding, or relating to Mr. Fishback's alleged intention to use Azoria to directly compete with Plaintiffs, as alleged in ¶ 72 of Your Complaint.

**RESPONSE:**

Plaintiffs object to this Request for each of the reasons set forth in the General Objections, including but not limited to the following:

Plaintiffs object to this Request on the grounds that it seeks information that is already in the possession, custody, or control of Defendant or equally available and/or as readily accessible to Defendant or his counsel as to Plaintiffs.

Subject to and without waiving the foregoing general and specific objections, Plaintiffs agree to perform a reasonably diligent, good faith search and to produce responsive, non-privileged documents during the Relevant Period in their custody, possession, or control, if any, in response to this Request.

**REQUEST NO. 43:**

All Documents and Communications relating to Plaintiffs' alleged discovery that "on August 15, 2023… Fishback forwarded an 'End of Day Package' that had been circulated internally at

27

Greenlight on July 28, 2023… to his personal non-Greenlight email address from his Greenlight email account.

**RESPONSE:**

Plaintiffs object to this Request for each of the reasons set forth in the General Objections.

Subject to and without waiving the foregoing General Objections, Plaintiffs agree to perform a reasonably diligent, good faith search and to produce responsive, non-privileged documents during the Relevant Period in their custody, possession, or control, if any, in response to this Request.

**REQUEST NO. 44:**

All Documents and Communications supporting Your allegation that the information in Mr. Fishback's "End of Day Package" was confidential.

**RESPONSE:**

Plaintiffs object to this Request for each of the reasons set forth in the General Objections, including but not limited to the following:

Plaintiffs object to this Request to the extent that it calls for legal conclusions.

Subject to and without waiving the foregoing general and specific objections, Plaintiffs agree to perform a reasonably diligent, good faith search and to produce responsive, non-privileged documents during the Relevant Period in their custody, possession, or control, if any, in response to this Request.

**REQUEST NO. 45:**

A copy of the End of Day Package.

**RESPONSE:**

Plaintiffs object to this Request for each of the reasons set forth in the General Objections.

28

Subject to and without waiving the foregoing General Objections, Plaintiffs agree to perform a reasonably diligent, good faith search and to produce responsive, non-privileged documents during the Relevant Period in their custody, possession, or control, if any, in response to this Request.

**REQUEST NO. 46:**

All Documents and Communications concerning, regarding, or relating to any investigation into Mr. Fishback's alleged retention of Confidential Information, as alleged in ¶¶ 76-77 of Your Complaint.

**RESPONSE:**

Plaintiffs object to this Request for each of the reasons set forth in the General Objections, including but not limited to the following:

Plaintiffs object to Request No. 46 to the extent it seeks Privileged Information.

Subject to and without waiving the foregoing General Objections, Plaintiffs agree to perform a reasonably diligent, good faith search and to produce responsive, non-privileged documents during the Relevant Period in their custody, possession, or control, if any, in response to this Request sufficient to show Defendants' retention of Confidential Information.

**REQUEST NO. 47:**

All Documents and Communications concerning the public statements that Mr. Fishback made since leaving Greenlight that purportedly show that Mr. Fishback still has possession of Plaintiffs' confidential information, as alleged in ¶ 78 of Your Complaint.

**RESPONSE:**

Plaintiffs object to this Request for each of the reasons set forth in the General Objections, including but not limited to the following:

Plaintiffs object to this Request on the grounds that it seeks information that is already in the possession, custody, or control of Defendant or equally available and/or as readily accessible to Defendant or his counsel as to Plaintiffs.

29

Subject to and without waiving the foregoing general and specific objections, Plaintiffs agree to perform a reasonably diligent, good faith search and to produce responsive, non-privileged documents during the Relevant Period in their custody, possession, or control, if any, in response to this Request.

**REQUEST NO. 48:**

Any and all drafts of the August 15, 2023 letter that Mr. Roitman sent to Mr. Fishback, as alleged in ¶ 79 of Your Complaint.

**RESPONSE:**

Plaintiffs object to this Request for each of the reasons set forth in the General Objections, including but not limited to the following:

Plaintiffs object to Request No. 48 to the extent it seeks Privileged Information.

Plaintiffs will not produce documents in response to this Request.

**REQUEST NO. 49:**

All Documents and Communications regarding the August 15, 2023 letter that Mr. Roitman sent to Mr. Fishback, as alleged in ¶ 79 of Your Complaint.

**RESPONSE:**

Plaintiffs object to this Request for each of the reasons set forth in the General Objections, including but not limited to the following:

Plaintiffs object to Request No. 49 to the extent it seeks Privileged Information.  Plaintiffs further object to this Request on the grounds that it seeks information that is already in the possession, custody, or control of Defendant or equally available and/or as readily accessible to Defendant or his counsel as to Plaintiffs.

Subject to and without waiving the foregoing general and specific objections, Plaintiffs agree to perform a reasonably diligent, good faith search and to produce responsive, non-privileged

30

documents during the Relevant Period in their custody, possession, or control, if any, in response to this Request.

**REQUEST NO. 50:**

All Documents and Communications regarding Mr. Fishback's role as Greenlight's head of macro (or any similar role or title).

**RESPONSE:**

Plaintiffs object to this Request for each of the reasons set forth in the General Objections, including but not limited to the following:

Plaintiffs object to this Request because it assumes disputed and incorrect facts, including that Defendant was Greenlight's "head of macro (or any similar role or title)."

Subject to and without waiving the foregoing general and specific objections, Plaintiffs agree to perform a reasonably diligent, good faith search and to produce responsive, non-privileged documents during the Relevant Period in their custody, possession, or control, if any, in response to this Request.

**REQUEST NO. 51:**

Documents and Communications sufficient to show who else at Greenlight, if anyone, worked on macro investing during the timeframe that Mr. Fishback worked for Greenlight, and the nature of those individuals' macro investing work.

**RESPONSE:**

Plaintiffs object to this Request for each of the reasons set forth in the General Objections, including but not limited to the following:

Plaintiffs object to this Request on the grounds that it is vague, ambiguous, and overbroad, and on its face would be applicable to virtually any Document or Communication that includes or refers to "macro investing" at Greenlight. Plaintiffs further object to this Request on the grounds that

31

the "the nature of … macro investing work" of Greenlight employees other than Defendant has no relevance to any claims or defenses in this action.

Subject to and without waiving the foregoing general and specific objections, Plaintiffs agree to perform a reasonably diligent, good faith search and to produce responsive, non-privileged documents during the Relevant Period in their custody, possession, or control, if any, in response to this Request.

**REQUEST NO. 52:**

All Documents and Communications regarding the GLG event referenced in ¶¶ 80- 81 of Your Complaint.

**RESPONSE:**

Plaintiffs object to this Request for each of the reasons set forth in the General Objections.

Subject to and without waiving the foregoing General Objections, Plaintiffs agree to perform a reasonably diligent, good faith search and to produce responsive, non-privileged documents during the Relevant Period in their custody, possession, or control, if any, in response to this Request.

**REQUEST NO. 53:**

All Documents and Communications concerning, regarding, or relating to Mr. Roitman's decision to tell GLG that Mr. Fishback was the head of macro at Greenlight.

**RESPONSE:**

Plaintiffs object to this Request for each of the reasons set forth in the General Objections.

Subject to and without waiving the foregoing General Objections, Plaintiffs agree to perform a reasonably diligent, good faith search and to produce responsive, non-privileged documents during the Relevant Period in their custody, possession, or control, if any, in response to this Request.

**REQUEST NO. 54:**

All drafts of the October 11, 2023 letter referenced in ¶ 84 of Your Complaint.

**RESPONSE:**

Plaintiffs object to this Request for each of the reasons set forth in the General Objections, including but not limited to the following:

Plaintiffs object to Request No. 54 to the extent it seeks Privileged Information.

Plaintiffs will not produce documents in response to this Request.

**REQUEST NO. 55:**

All Documents and Communications concerning, regarding, or relating to the October 11, 2023 letter referenced in ¶ 84 of Your Complaint.

**RESPONSE:**

Plaintiffs object to this Request for each of the reasons set forth in the General Objections.

Subject to and without waiving the foregoing General Objections, Plaintiffs agree to produce the October 11, 2023 letter referenced in ¶ 84 of the Complaint.

**REQUEST NO. 56:**

All drafts of the October 19, 2023 letter referenced in ¶ 85 of Your Complaint.

**RESPONSE:**

Plaintiffs object to this Request for each of the reasons set forth in the General Objections, including but not limited to the following:

Plaintiffs object to Request No. 56 to the extent it seeks Privileged Information.

Plaintiffs will not produce documents in response to this Request.

**REQUEST NO. 57:**

All Documents and Communications concerning, regarding, or relating to the October 19, 2023 letter referenced in ¶ 85 of Your Complaint.

**RESPONSE:**

Plaintiffs object to this Request for each of the reasons set forth in the General Objections.

33

Subject to and without waiving the foregoing General Objections, Plaintiffs agree to produce the October 19, 2023 letter referenced in ¶ 85 of the Complaint.

**REQUEST NO. 58:**

All Documents and Communications concerning, regarding, or relating to Mr. Fishback's alleged "threat" to attend Greenlight's annual dinner, as alleged in ¶¶ 91-94 of Your Complaint.

**RESPONSE:**

Plaintiffs object to this Request for each of the reasons set forth in the General Objections, including but not limited to the following:

Plaintiffs object to this Request on the grounds that it seeks information that is already in the possession, custody, or control of Defendant or equally available and/or as readily accessible to Defendant or his counsel as to Plaintiffs.

Subject to and without waiving the foregoing General Objections, Plaintiffs agree to perform a reasonably diligent, good faith search and to produce responsive, non-privileged documents during the Relevant Period in their custody, possession, or control, if any, in response to this Request.

**REQUEST NO. 59:**

All letters sent to Mr. Fishback or to Mr. Fishback's counsel relating to Mr. Fishback's alleged threats, as alleged in ¶ 95 of Your Complaint.

**RESPONSE:**

Plaintiffs object to this Request for each of the reasons set forth in the General Objections, including but not limited to the following:

Plaintiffs object to this Request on the grounds that it seeks information that is already in the possession, custody, or control of Defendant or equally available and/or as readily accessible to Defendant or his counsel as to Plaintiffs.

Subject to and without waiving the foregoing general and specific objections, Plaintiffs agree to perform a reasonably diligent, good faith search and to produce responsive, non-privileged documents during the Relevant Period in their custody, possession, or control, if any, in response to this Request.

**REQUEST NO. 60:**

All Documents and Communications regarding Mr. Fishback's alleged attempt to "hoodwink" the hosts of the "Wall Street Skinny" podcast by extending an invite to Mr. Einhorn to debate Mr. Fishback on their podcast, as alleged in ¶ 96 of Your Complaint.

**RESPONSE:**

Plaintiffs object to this Request for each of the reasons set forth in the General Objections, including but not limited to the following:

Plaintiffs object to this Request on the grounds that it seeks information that is already in the possession, custody, or control of Defendant or equally available and/or as readily accessible to Defendant or his counsel as to Plaintiffs.

Subject to and without waiving the foregoing General Objections, Plaintiffs agree to perform a reasonably diligent, good faith search and to produce responsive, non-privileged documents during the Relevant Period in their custody, possession, or control, if any, in response to this Request.

**REQUEST NO. 61:**

All Documents and Communications relating to the Wall Street Skinny Podcast invitation.

**RESPONSE:**

Plaintiffs object to this Request for each of the reasons set forth in the General Objections.

Subject to and without waiving the foregoing General Objections, Plaintiffs agree to perform a reasonably diligent, good faith search and to produce responsive, non-privileged documents during the Relevant Period in their custody, possession, or control, if any, in response to this Request.

**REQUEST NO. 62:**

All social media posts relating to the Wall Street Skinny Podcast invitation, as alleged in ¶¶ 97 and 100 of Your Complaint.

**RESPONSE:**

Plaintiffs object to this Request for each of the reasons set forth in the General Objections, including but not limited to the following:

Plaintiffs object to this Request on the grounds that it seeks information that is already in the possession, custody, or control of Defendant or equally available and/or as readily accessible to Defendant or his counsel as to Plaintiffs.

Subject to and without waiving the foregoing general and specific objections, Plaintiffs agree to perform a reasonably diligent, good faith search and to produce responsive, non-privileged documents during the Relevant Period in their custody, possession, or control, if any, in response to this Request.

**REQUEST NO. 63:**

All Documents and Communications supporting Your allegation that Mr. Fishback approached Ms. Saarbach regarding the debate, as alleged in ¶ 98 of Your Complaint.

**RESPONSE:**

Plaintiffs object to this Request for each of the reasons set forth in the General Objections, including but not limited to the following:

Plaintiffs object to this Request on the grounds that it seeks information that is already in the possession, custody, or control of Defendant or equally available and/or as readily accessible to Defendant or his counsel as to Plaintiffs.

36

Subject to and without waiving the foregoing General Objections, Plaintiffs agree to perform a reasonably diligent, good faith search and to produce responsive, non-privileged documents during the Relevant Period in their custody, possession, or control, if any, in response to this Request.

**REQUEST NO. 64:**

All social media posts relating to Greenlight's investment positions in Tesla, as alleged in ¶ 99 of Your Complaint.

**RESPONSE:**

Plaintiffs object to this Request for each of the reasons set forth in the General Objections, including but not limited to the following:

Plaintiffs object to this Request on the grounds that it seeks information that is already in the possession, custody, or control of Defendant or equally available and/or as readily accessible to Defendant or his counsel as to Plaintiffs.

Subject to and without waiving the foregoing general and specific objections, Plaintiffs agree to perform a reasonably diligent, good faith search and to produce responsive, non-privileged documents during the Relevant Period in their custody, possession, or control, if any, in response to this Request.

**REQUEST NO. 65:**

All Documents and Communications relating to the "Forward Guidance Podcast," and any Confidential Information that was allegedly disclosed on that podcast, as alleged in ¶ 102 of Your Complaint.

**RESPONSE:**

Plaintiffs object to this Request for each of the reasons set forth in the General Objections, including but not limited to the following:

Plaintiffs object to this Request on the grounds that it seeks information that is already in the possession, custody, or control of Defendant or equally available and/or as readily accessible to Defendant or his counsel as to Plaintiffs.

Subject to and without waiving the foregoing general and specific objections, Plaintiffs agree to perform a reasonably diligent, good faith search and to produce responsive, non-privileged documents during the Relevant Period in their custody, possession, or control, if any, in response to this Request.

**REQUEST NO. 66:**

All Documents and Communications regarding Mr. Fishback's alleged statements about Plaintiffs' positions or investments, as alleged in ¶ 104 of Your Complaint.

**RESPONSE:**

Plaintiffs object to this Request for each of the reasons set forth in the General Objections, including but not limited to the following:

Plaintiffs object to this Request on the grounds that it seeks information that is already in the possession, custody, or control of Defendant or equally available and/or as readily accessible to Defendant or his counsel as to Plaintiffs.

Subject to and without waiving the foregoing general and specific objections, Plaintiffs agree to perform a reasonably diligent, good faith search and to produce responsive, non-privileged documents during the Relevant Period in their custody, possession, or control, if any, in response to this Request.

**REQUEST NO. 67:**

All Documents and Communications relating to the authority Mr. Fishback had to make trades while employed by Greenlight.

**RESPONSE:**

38

Plaintiffs object to this Request for each of the reasons set forth in the General Objections.

Plaintiffs object to this Request because it assumes disputed facts, including that Mr. Fishback had "authority … to make trades" while employed by Greenlight

Subject to and without waiving the foregoing general and specific objections, Plaintiffs agree to produce any formal authorizations from Greenlight's management regarding Defendant's authority to take actions related to trading during his employment.

**REQUEST NO. 68:**

All Documents and Communications relating to coverage by any media outlets about the dispute between Mr. Fishback and Mr. Einhorn, and/or other Greenlight personnel, as alleged in ¶ 106 of Your Complaint.

**RESPONSE:**

Plaintiffs object to this Request for each of the reasons set forth in the General Objections, including but not limited to the following:

Plaintiffs object to this Request on the grounds that it seeks information that is already in the possession, custody, or control of Defendant or equally available and/or as readily accessible to Defendant or his counsel as to Plaintiffs.  Plaintiffs further object to Request No. 68 on the grounds that the phrase "the dispute between Mr. Fishback and Mr. Einhorn, and/or other Greenlight personnel" is vague, ambiguous, and subject to multiple interpretations.

Subject to and without waiving the foregoing general and specific objections, Plaintiffs agree to perform a reasonably diligent, good faith search and to produce responsive, non-privileged documents during the Relevant Period in their custody, possession, or control, if any, in response to this Request.

**REQUEST NO. 69:**

All Documents and Communications relating to the "harm to Greenlight," allegedly caused by Mr. Fishback's statements to the media, as alleged in ¶¶ 107-109 of Your Complaint.

**RESPONSE:**

Plaintiffs object to this Request for each of the reasons set forth in the General Objections, including but not limited to the following:

Plaintiffs object to this Request to the extent that it calls for legal and/or expert conclusions. Plaintiffs further object to this Request as premature to the extent it calls for information related to Plaintiffs' computations of damages.  Discovery is just commencing, Plaintiffs' damages continue to accrue, and information provided during the course of discovery may be relevant to Plaintiffs' damages calculations.  Plaintiffs further object to this Request on the grounds that it seeks information that is already in Defendant's possession, custody, and control.

Subject to and without waiving the foregoing general and specific objections, Plaintiffs agree to perform a reasonably diligent, good faith search and to produce responsive, non-privileged documents during the Relevant Period in their custody, possession, or control, if any, in response to this Request.

**REQUEST NO. 70:**

To the extent not produced in response to the foregoing requests, all Documents or Communications concerning Mr. Fishback's job performance at Greenlight including, without limitation, any formal performance reviews or informal analysis of or discussion about his performance.

**RESPONSE:**

Plaintiffs object to this Request for each of the reasons set forth in the General Objections, including but not limited to the following:

Plaintiffs object to this Request on the grounds that it is vague, ambiguous, and overbroad, and on its face would be applicable to any Document or Communication that includes or refers to Defendant's "job performance at Greenlight," and thus, would be applicable to virtually any Document or Communication related to Defendant's work at Greenlight. Plaintiffs further object to this Request on the grounds that it is duplicative of other Requests that relate to allegations regarding specific instances of Defendant's work or performance at Greenlight.

Subject to and without waiving the foregoing general and specific objections, Plaintiffs agree to perform a reasonably diligent, good faith search and to produce responsive, non-privileged documents during the Relevant Period in their custody, possession, or control, if any, in response to this Request.

**REQUEST NO. 71:**

To the extent not produced in response to the foregoing requests, all Documents or Communications concerning Mr. Fishback's profitability at Greenlight including, without limitation, any formal performance reviews or informal analysis of or discussion about his profitability.

**RESPONSE:**

Plaintiffs object to this Request for each of the reasons set forth in the General Objections, including but not limited to the following:

Plaintiffs object to this Request on the grounds that the phrase "Mr. Fishback's profitability at Greenlight" is vague, ambiguous, and subject to multiple interpretations. Plaintiffs further object to this Request because it assumes disputed and incorrect facts, including that Defendant had "profitability at Greenlight."

Subject to and without waiving the foregoing general and specific objections, Plaintiffs agree to perform a reasonably diligent, good faith search and to produce responsive, non-privileged documents during the Relevant Period in their custody, possession, or control, if any, in response to

41

this Request sufficient to show Greenlight's profitability with respect to trades in which Defendant was involved.

**REQUEST NO. 72:**

To the extent not produced in response to the foregoing requests, all Documents or Communications concerning the trade in which Mr. Fishback was involved at Greenlight including, without limitation, any formal or informal analysis of or discussion about those trades and their value to Greenlight.

**RESPONSE:**

Plaintiffs object to this Request for each of the reasons set forth in the General Objections, including but not limited to the following:

Plaintiffs object to this Request on the grounds that it is vague, ambiguous, and overbroad, and on its face would be applicable to any Document or Communication that includes or refers to "the trade in which Mr. Fishback was involved at Greenlight," and thus, would be applicable to virtually any Document or Communication related to Defendant's work at Greenlight. Plaintiffs further object to this Request on the grounds that the phrase "value to Greenlight" is vague, ambiguous, and subject to multiple interpretations. Plaintiffs further object to this Request on the grounds that it is duplicative of other Requests that relate to allegations regarding specific instances of Defendant's work or performance at Greenlight.

Subject to and without waiving the foregoing general and specific objections, Plaintiffs agree to perform a reasonably diligent, good faith search and to produce responsive, non-privileged documents during the Relevant Period in their custody, possession, or control, if any, in response to this Request.

**REQUEST NO. 73:**

To the extent not produced in response to the foregoing requests, all Documents and Communications concerning, regarding, or relating to Greenlight's Confidential Information allegedly in the possession of or disclosed by Mr. Fishback.

**RESPONSE:**

Plaintiffs object to this Request for each of the reasons set forth in the General Objections, including but not limited to the following:

Plaintiffs object to this Request on the grounds that it is overbroad and unduly burdensome and is disproportional to the needs of the case, insofar as it requests Documents and Communications "concerning, regarding, or relating to Greenlight's Confidential Information allegedly in the possession of or disclosed by Mr. Fishback." Plaintiffs further object to this Request on the grounds that it is duplicative of other Requests that relate to allegations regarding specific instances of Defendant's misuse of Confidential Information.

Subject to and without waiving the foregoing general and specific objections, Plaintiffs agree to perform a reasonably diligent, good faith search and to produce responsive, non-privileged documents during the Relevant Period in their custody, possession, or control, if any, in response to this Request.

**REQUEST NO. 74:**

To the extent not produced in response to the foregoing requests, all Documents or Communications referenced or cited in Your Complaint.

**RESPONSE:**

Plaintiffs object to this Request for each of the reasons set forth in the General Objections.

Subject to and without waiving the foregoing General Objections, Plaintiffs agree to perform a reasonably diligent, good faith search and to produce responsive, non-privileged documents during the Relevant Period in their custody, possession, or control, if any, in response to this Request.

**REQUEST NO. 75:**

To the extent not produced in response to the foregoing requests, all Documents or Communications supporting, corroborating, or evidencing any damages that You seek in connection with this action.

**RESPONSE:**

Plaintiffs object to this Request for each of the reasons set forth in the General Objections, including but not limited to the following:

Plaintiffs object to this Request to the extent that it calls for legal and/or expert conclusions. Plaintiffs further object to this Request as premature to the extent it calls for information related to Plaintiffs' computations of damages. Discovery is just commencing, Plaintiffs' damages continue to accrue, and information provided during the course of discovery may be relevant to Plaintiffs' damages calculations.

Subject to and without waiving the foregoing general and specific objections, Plaintiffs agree to perform a reasonably diligent, good faith search and to produce responsive, non-privileged documents during the Relevant Period in their custody, possession, or control, if any, in response to this Request.

**REQUEST NO. 76:**

To the extent not produced in response to the foregoing requests, all Documents that You intend to introduce as evidence or otherwise use in connection with any dispositive motion or at trial of this action.

**RESPONSE:**

Plaintiffs object to this Request for each of the reasons set forth in the General Objections, including but not limited to the following:

Plaintiffs object to this Request on the grounds that it seeks Privileged Information. Plaintiffs further object to this Request on the grounds that it is disproportional to the needs of the case because

44

discovery has only begun in this matter, and Plaintiffs may identify documents to use in connection with any dispositive motion or at trial through the course of discovery.

Subject to and without waiving the foregoing general and specific objections, Plaintiffs agree to provide pre-trial disclosures in accordance with the Civil Case Management Plan and Scheduling Order (Docket No. 30) and all applicable local and federal rules of civil procedure.

Dated:  March 17, 2025

/s/ Stephen M. Baldini
Stephen M. Baldini
Akin Gump Strauss Hauer & Feld LLP
One Bryant Park
New York, NY 10036
Tel:  212-872-1000
Fax:  212-872-1002
sbaldini@akingump.com

*Counsel for Plaintiffs Greenlight Capital, Inc. and DME Capital Management, LP*

45

## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing has been served upon all counsel of record via email on March 17, 2025.

_/s/ Stephen M. Baldini_____
Stephen M. Baldini