UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
Greenlight Capital, Inc., DME Capital
Management, LP,

                                Plaintiffs,

      – against –

James T. Fishback,

                                Defendant.
-------------------------------------------------------------X

Case No.: 24-cv-04832-PAE

## DECLARATION OF JUSTIN T. KELTON IN OPPOSITION TO PLAINTIFFS' MOTION FOR ATTORNEYS' FEES AND COSTS

Justin T. Kelton declares as follows pursuant to 28 U.S.C. § 1746:

      1.      I am an attorney duly licensed to practice in the State of New York and the United States District Court for the Southern District of New York, and I am a partner at Abrams Fensterman, LLP, attorneys for the defendant James Fishback in the above captioned action.

      2.      I respectfully submit this Declaration in Opposition to Plaintiffs' motion to recover legal fees and costs against Mr. Fishback. This Declaration is based on my personal knowledge and my review and analysis of the invoices and other information submitted by Plaintiffs' counsel.

      3.      Mr. Fishback made early attempts to resolve this litigation cooperatively. For example, in a joint letter to the Court dated January 24, 2025 (Dkt. No. 29), Mr. Fishback stated: "Defendant has expressed that he is interested in pursuing settlement negotiations, and he believes that a referral to a Magistrate or mediator for purposes of negotiations relating to the specific issues involved in this case would be beneficial. However, Plaintiffs have indicated that they are not interested in pursuing negotiations."

1

4. When Plaintiffs indicated they would not join in a request for a settlement conference with a Magistrate (*id.*), Mr. Fishback made a unilateral request, reiterating his clear desire to settle this case despite Plaintiffs' refusals. (Tr. of Conf. Jan. 28, 2025 at 29:18-29:5 ("I would make a unilateral request. Mr. Fishback is very interested in a referral to, especially, a magistrate. . . . Mr. Fishback wants to resolve these cases . . . .")).

5. Mr. Fishback also made repeated good faith attempts to reduce the amount of time and cost needed to litigate this matter. Mr. Fishback waived his rights to take any depositions, made no discovery motions, and conceded the case entirely without even the need for a dispositive motion.

6. I have reviewed and analyzed the invoices submitted by Plaintiffs' counsel in connection with this motion (Baldini Decl. Ex. 2), and believe them to be materially excessive, for the reasons set forth in Mr. Fishback's accompanying Memorandum of Law. Many of the entries are block billed or vague, and thus, it is difficult to discern exactly how much time was spent on which tasks. But based on the information available from the invoices, I created and supervised creation of summary charts showing, to the extent reasonably possible, the amount of time claimed by Plaintiffs for certain portions of this action.

7. Those charts are annexed hereto as exhibits, as follows:

   a. Annexed hereto as <u>Exhibit</u> A is a summary chart based on Plaintiffs' invoices showing the fees incurred before Plaintiffs' filed their complaint in this matter on June 25, 2024.

   b. Annexed hereto as <u>Exhibit</u> B is a summary chart based on Plaintiffs' invoices showing, to the extent discernable, the fees incurred by Plaintiffs to prepare their amended complaint.

c.  Annexed hereto as Exhibit C is a summary chart based on Plaintiffs' invoices showing, to the extent discernable, the fees incurred by Plaintiffs to prepare for and conduct depositions. I note that Mr. Fishback's deposition took only 5.7 hours (inclusive of breaks). Additionally, based on the time entries submitted for Mr. Baldini on July 10, 2025 and July 17, 2025, the depositions of Mr. Rehm and Mr. Hathaway took no longer than 3.5 hours each.

d.  Annexed hereto as Exhibit D is a summary chart based on Plaintiffs' invoices showing, to the extent discernable, the fees incurred by Plaintiffs in connection with the discovery phase of this case. On this chart, entries referring to a document review protocol are highlighted in orange, and entries referring to Plaintiffs' letter-motion to compel are highlighted in blue.

e.  Annexed hereto as Exhibit E is a summary chart based on Plaintiffs' invoices showing, to the extent discernable, the fees incurred by Plaintiffs in connection with the never-filed motion for summary judgment.

f.  Annexed hereto as Exhibit F is a summary chart based on Plaintiffs' invoices showing, to the extent discernable, the fees incurred by Plaintiffs in connection with the parties' private mediation. That mediation involved attempts to negotiate a resolution of all of the parties' disputes globally, and was not exclusive to this case.

g.  Annexed hereto as Exhibit G is a summary chart based on Plaintiffs' invoices showing, to the extent discernable, the fees incurred by Plaintiffs in connection with work related to matters other than this case. Certain items have been bolded for ease of reference.

h. Annexed hereto as <u>Exhibit</u> H is a summary chart based on Plaintiffs' invoices showing, to the extent discernable, the fees incurred by Plaintiffs in connection with entries that mention either Mr. Fishback's answer or affirmative defenses.

i. Annexed hereto as <u>Exhibit</u> I is a summary chart based on Plaintiffs' invoices showing representative examples of entries that are block-billed meaning that, upon review, it appears that multiple tasks are billed to a single entry.

j. Annexed hereto as <u>Exhibit</u> J is a summary chart based on Plaintiffs' invoices showing the fees incurred by Plaintiffs in connection with entries that are wholly or partially redacted.

k. Annexed hereto as <u>Exhibit</u> K is a summary chart based on Plaintiffs' invoices showing, to the extent discernable, the fees incurred by Plaintiffs in connection with Plaintiffs' instant motion for fees.

l. Annexed hereto as <u>Exhibit</u> L is a summary chart based on Plaintiffs' invoices showing the costs charged.

I declare under the penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

Dated: October 24, 2025

<u>/s/ Justin T. Kelton</u><br>
Justin T. Kelton