**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

Greenlight Capital, Inc., DME Capital
Management, LP,

               Plaintiffs,

      v.

James T. Fishback,

               Defendant.

Case No. 1:24-cv-04832-PAE

---

**REPLY MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS GREENLIGHT
CAPITAL, INC. AND DME CAPITAL MANAGEMENT, LP'S
<u>MOTION FOR ATTORNEYS' FEES AND COSTS</u>**

AKIN GUMP STRAUSS HAUER & FELD LLP

Stephen M. Baldini
Akin Gump Strauss Hauer & Feld LLP
One Bryant Park
New York, New York 10036
Telephone: 212-872-1000
Fax: 212-872-1002
sbaldini@akingump.com

*Counsel for Plaintiffs Greenlight Capital, Inc. and
DME Capital Management, LP*

## **TABLE OF CONTENTS**

ARGUMENT ...................................................................................................................2

    A.    Akin's Hourly Rates are Reasonable ...................................................2

    B.    Akin's Hours Expended on Specific Tasks Were Reasonable ................................5

        i.    Akin's Hours Preparing the Complaints Were Reasonable ......................5

        ii.    Akin's Hours Expended on Discovery Were Reasonable ...........................8

        iii.    Akin's Hours Expended on Summary Judgment are Compensable ..........10

        iv.    Akin's Hours Expended in Mediation are Compensable ..........................11

        v.    Akin's Attorney Hours Should Not Be Reduced for Performance of "Administrative Tasks" or Work for Other Matters ...............................11

    C.    Fishback's Miscellaneous General Objections Do Not Warrant Reductions .........12

        i.    Neither Block-Billing nor Redactions Warrant Fee Reductions ...............12

        ii.    Akin's Team Size Does Not Warrant Reductions .....................................13

        iii.    Plaintiffs Achieved a Total Victory .............................................................14

        iv.    Plaintiffs are Entitled to Fees Related to this Motion ...............................14

        v.    Plaintiffs' Costs are Compensable .............................................................15

CONCLUSION .............................................................................................................16

# **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Abdell v. City of New York*,
    2015 WL 898974 (S.D.N.Y. Mar. 2, 2015) ...........................................................13

*An v. Despins*,
    2024 WL 1157281 (S.D.N.Y. Mar. 18, 2024) ...........................................................4

*Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany*,
    522 F.3d 182 (2d Cir. 2008)..........................................................................2, 15

*ATX Debt Fund 1, LLC v. Paul*,
    2024 WL 2093387 (S.D.N.Y. May 9, 2024) ...........................................................4

*Benihana, Inc. v. Benihana of Tokyo, LLC*,
    2017 WL 6551198 (S.D.N.Y. Dec. 22, 2017) ...........................................................3

*Billybey Marina Servs., LLC v. Bouchard Transp. Co.*,
    2021 WL 4950835 (S.D.N.Y. Oct. 25, 2021) ...........................................................15

*CDO Plus Master Fund Ltd. v. Wachovia Bank, N.A.*,
    2011 WL 4526132 (S.D.N.Y. Sept. 29, 2011)...........................................................13

*Chabad Lubavitch of Litchfield Cnty., Inc. v. Litchfield Historic Dist. Comm'n*,
    934 F.3d 238 (2d Cir. 2019)...........................................................................14

*Charles v. City of New York*,
    2014 WL 4384155 (S.D.N.Y. Sept. 4, 2014)...........................................................13

*Clarke v. Frank*,
    960 F.2d 1146 (2d Cir. 1992)...........................................................................9

*D'Amico Dry D.A.C. v. Primera Maritime (Hellas) Ltd.*,
    433 F. Supp. 3d 576 (S.D.N.Y. 2019)...........................................................13

*Dial Corp. v. News Corp.*,
    317 F.R.D. 426 (S.D.N.Y. Oct. 31, 2016) ...........................................................15

*F.H. Krear & Co. v. Nineteen Named Trs.*,
    810 F.2d 1250 (2d Cir. 1987)...........................................................................14, 15

*Flatiron Acquisition Vehicle, LLC v. CSE Mortg. LLC*,
    2022 WL 413229 (S.D.N.Y. Feb. 9, 2022)...........................................................4, 5

*Francois v. Victory Auto Grp. LLC*,
    2025 WL 2699991 (S.D.N.Y. Sept. 23, 2025)................................................................4

*Glob. Brand Holdings, LLC v. Accessories Direct Int'l USA, Inc.*,
    2020 WL 9762874 (S.D.N.Y. May 29, 2020) .........................................................15

*Greyhawk Hawthorne Lender, LLC v. Vella*,
    2025 WL 2172228 (S.D.N.Y. July 31, 2025) ...........................................................5

*Harrell v. Van der Plas*,
    2009 WL 3756327 (S.D.N.Y. Nov. 9, 2009).............................................................6

*Holick v. Cellular Sales of New York, LLC*,
    48 F.4th 101 (2d Cir. 2022) ...................................................................................14

*HomeAway.com, Inc. v. City of New York*,
    523 F. Supp. 3d 573 (S.D.N.Y. Mar. 1, 2021)....................................................9, 11

*Innis Arden Golf Club v. Bowes*,
    2012 WL 1108527 (D. Conn. Mar. 30, 2012) .........................................................9

*Int'l Techs. Mktg., Inc. v. Cognyte Techs. Israel Ltd.*,
    2022 WL 11280876 (S.D.N.Y. Oct. 19, 2022)........................................................9

*Kastrati v. M.E.G. Rest. Enters. Ltd.*,
    2023 WL 180043 (S.D.N.Y. Jan. 13, 2023) .............................................6, 7, 9, 12

*Lenzi v. Systemax, Inc.*,
    2025 WL 2774785 (E.D.N.Y. Sept. 10, 2025) ........................................................9

*Lochren v. Cnty. of Suffolk*,
    344 F. App'x 706 (2d Cir. 2009) ...........................................................................14

*Manzo v. Sovereign Motor Cars, Ltd.*,
    2010 WL 1930237 (E.D.N.Y. May 11, 2010), *aff'd*, 419 F. App'x 102 (2d Cir.
    2011) ........................................................................................................................9

*Marisol A. ex rel. Forbes v. Giuliani*,
    111 F. Supp. 2d 381 (S.D.N.Y. 2000)...................................................................11

*Medina v. Buther*,
    2019 WL 4370239 (S.D.N.Y. Sept. 12, 2019)......................................................12

*Merck Eprova AG v. Gnosis S.P.A..*,
    2013 WL 364213 (S.D.N.Y. Jan. 31, 2013), *aff'd*, 760 F.3d 247 (2d Cir. 2014).....................3

*Mugavero v. Arms Acres, Inc.*,
    2010 WL 451045 (S.D.N.Y. Feb. 9, 2010).............................................................9

*Nat'l Helicopter Corp. of Am. v. City of New York*,
   1999 WL 562031 (S.D.N.Y. July 30, 1999) .........................................................14

*Parks v. Saltsman*,
   2024 WL 4440994 (W.D.N.Y. Oct. 8, 2024) ..........................................................9

*Penzo v. Consol. Edison Co. of New York, Inc.*,
   2024 WL 3966694 (S.D.N.Y. Aug. 28, 2024) .......................................................14

*Phyto Tech Corp. v. Givaudan SA*,
   2023 WL 1437714 (S.D.N.Y. Jan. 31, 2023) ......................................................4, 5

*Proimmune Co., LLC v. Holista Colltech Ltd.*,
   2024 WL 54281 (S.D.N.Y. Jan. 4, 2024) ...........................................................4, 8

*Restivo v. Hessemann*,
   846 F.3d 547 (2d Cir. 2017)..................................................................................12

*Robinson v. New York City Transit Auth.*,
   2024 WL 4150818 (S.D.N.Y. Aug. 16, 2024) .........................................................6

*Rosi v. Aclaris Therapeutics, Inc.*,
   2021 WL 5847420 (S.D.N.Y. Dec. 9, 2021) ...........................................................6

*Santander Consumer USA, Inc. v. City of Yonkers*,
   2025 WL 2673773 (S.D.N.Y. Sept. 18, 2025).........................................................4

*Serricchio v. Wachovia Secs., LLC*,
   706 F. Supp. 2d 237 (D. Conn. 2010), *aff'd*, 658 F.3d 169 (2d Cir. 2011) ..............9

*Sigalit v. Kahlon*,
   2025 WL 2831193 (S.D.N.Y. Oct. 6, 2025) ............................................................4

*Teradek LLC v. Shenzhen Hollyland Tech Co. Ltd*,
   2025 WL 1475604 (S.D.N.Y. May 22, 2025) ..........................................................8

*Themis Cap. v. Democratic Republic of Congo*,
   2014 WL 4379100 (S.D.N.Y. Sept. 4, 2014)...........................................................4

*Thor 725 8th Ave. LLC v. Goonetilleke*,
   2015 WL 8784211 (S.D.N.Y. Dec. 15, 2015), *aff'd*, 675 F. App'x 31 (2d Cir.
   2017) ......................................................................................................................15

*Top Jet Enters., Ltd. v. Kulowiec*,
   2022 WL 1184245 (S.D.N.Y. Apr. 21, 2022)..........................................................5

*Vista Outdoor Inc. v. Reeves Family Tr.*,
   2018 WL 3104631 (S.D.N.Y. May 24, 2018) ........................................................12

*Wells Fargo Bank v. 5615 N. LLC*,
   2023 WL 7394340 (S.D.N.Y. May 4, 2023) ........................................................................4, 5

*Williams v. Metro-N. R.R. Co.*,
   2018 WL 3370678 (S.D.N.Y. June 28, 2018) .........................................................................3

*Zero Carbon Holdings, LLC v. Aspiration Partners, Inc.*,
   2024 WL 3409278 (S.D.N.Y. July 15, 2024) .........................................................................4

Plaintiffs Greenlight Capital, Inc. and DME Capital Management, LP respectfully submit this Reply Memorandum of Law in Support of their Motion for Attorneys' Fees and Costs.[1]

## PRELIMINARY STATEMENT

Virtually every argument that Fishback makes to oppose Plaintiffs' fees requires convincing the Court that this was a "simple" case. He argues that this case was too simple for a large law firm like Akin to handle, and too simple to spend any meaningful amount of time on the most important facets of the case, like pleadings and discovery. This case was so simple, Fishback argues, that it even ended without the need for a dispositive motion and he actually conceded early on in this case making all of the subsequent litigation unnecessary.

Nothing could be further from the truth. Fishback vigorously contested this action until the last possible moment, and his simplicity narrative requires ignoring his conduct and Plaintiffs' necessary responses both before and during this case. The only reason this case ended without a dispositive motion is because Fishback admitted to violating his Employment Agreement on more than sixty occasions. While Fishback himself has always known that he committed those violations, he forced Plaintiffs to expend substantial time and resources to discover those violations for themselves. Despite his claims in his Opposition, he only capitulated on the eve of summary judgment, knowing that he would not be able to delay any further without colorable defenses.

Fishback could have acknowledged his own wrongdoing at the case's inception just as easily as he did after the close of discovery, and avoided just about all the fees sought in the Motion. But he chose not to. And all objective evidence suggests that he was not only dragging his feet to keep Plaintiffs embroiled in this dispute, but was goading Plaintiffs into litigation in the first place

---

[1] Plaintiffs' Motion for Attorneys' Fees and Costs is referred to herein as the "Motion." Plaintiffs' opening memorandum of law in support of the Motion is defined as the "Opening Brief" (abbreviated as "Op. Br."). Defendant's memorandum of law in opposition to the Motion is defined as the "Opposition" (abbreviated as "Opp."). All other capitalized but undefined terms used herein shall have the meaning ascribed to them in the Opening Brief.

1

with his flagrant and public wrongdoing.  Plaintiffs were thus forced to file and litigate this case to a resolution.  That required hiring and paying attorneys.  Fishback contractually agreed to pay for those fees, yet he did everything possible to ensure that this litigation was not "simple," or conceded quickly.  The Court should not reward him with discounts out of Plaintiffs' pocket.

## ARGUMENT

### A.    Akin's Hourly Rates are Reasonable

To determine a reasonable hourly rate, courts should "bear in mind *all* of the case-specific variables" and consult twelve factors that include, *inter alia*, the time and skill required, counsel's experience, customary rate, and relationship with a client, the results obtained, and awards in similar cases.  *See* Op. Br. at 8-9 (citing *Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany*, 522 F.3d 182, 186 n.3 (2d Cir. 2008)).

Fishback does not contest Akin's experience or skills, that Akin billed below its customary rates here, or that Plaintiffs paid those rates.  He also does not contest that Akin's rates are typical compared to firms of similar size and capability in New York City, or that this Court has awarded fees to such firms at rates even higher than Akin's.  Instead, Fishback's sole argument against Akin's rates is that Plaintiffs should have chosen a law firm that bills at lower rates because this was a "simple contract case."  Opp. at 8.  That is a dramatic mischaracterization of this case.

This matter began in May 2024.  By that time, Fishback had asserted fraudulently constructed litigation against Greenlight, refused to repay Greenlight approximately $250,000 in overdue loans, and had started a public harassment campaign against Greenlight to promote his own hedge fund.  That campaign involved falsely claiming responsibility for $100 million of Greenlight's profits, using a fictitious former job title, and eventually, publicly discussing Greenlight's Confidential Information, prompting Plaintiffs to retain Akin for this matter.

That retention was eminently reasonable.  For starters, Akin had a strong grasp on the parties' dispute, as it defended Greenlight from two of Fishback's frivolous actions (that he later reasserted in arbitration), and litigated Greenlight's case against Fishback for loan repayment. Hiring a new firm here would have resulted in a significant and wasteful duplication of efforts.

In addition to Akin's institutional knowledge, multiple factors warranted retaining a firm like Akin.  *See Williams v. Metro-N. R.R. Co.*, 2018 WL 3370678, at *3 (S.D.N.Y. June 28, 2018) ("Complex cases requiring particular attorney skills and experience may command higher attorney rates, as may cases requiring retention of a firm with the resources needed to prosecute a case effectively.").  First, this matter was inherently complex due to the multiple litigated disputes with Fishback, and Fishback's aggressive litigation approach and ongoing disregard of his obligations to Greenlight (the full extent of which was then unknown to Plaintiffs).  *See Benihana, Inc. v. Benihana of Tokyo, LLC*, 2017 WL 6551198, at *1, *4-5 (S.D.N.Y. Dec. 22, 2017) (approving rates charged by Wachtell, Lipton, Rosen & Katz where "relevant dealings between the parties [in] various litigations" and defendant's "serial disobedience" resulted in "factual and historical complexity").  Second, the implications for Plaintiffs' business necessitated hiring Akin.  This case concerned misuse of Greenlight's Confidential Information regarding its investments, which is critical to its business.  That a former employee was misusing Greenlight's Confidential Information in a highly public fashion to denigrate Greenlight and promote his own business posed a serious threat to Greenlight's relationships with its investors, industry, and business at large.  *See Merck Eprova AG v. Gnosis S.P.A..*, 2013 WL 364213, at *5 (S.D.N.Y. Jan. 31, 2013) (rejecting defendants' argument that attorneys' fees in excess of damages were unreasonable, noting that they "fail[ed] to account for the actual stakes  in this case, namely, the market share of one of [p]laintiff's

flagship products, and the entirety of Alston & Bird's result, specifically, an injunction barring [d]efendants' continued [conduct]"), *aff'd*, 760 F.3d 247 (2d Cir. 2014).

Fishback ignores these realities. Most of the cases he cites as instructive were handled by firms that were much smaller and/or located outside New York City,[2] which are simply not useful points of comparison. Perhaps sensing that he cannot paint this as a "garden-variety contract case," Fishback cites a few cases involving large law firms, but fails to appreciate that they actually support the reasonableness of Akin's rates when properly accounting for inflation and geographical location. *See Wells Fargo Bank v. 5615 N. LLC*, 2023 WL 7394340, at *8 (S.D.N.Y. May 4, 2023) (noting that the court was "accounting for inflation" when comparing rates at issue to rates from caselaw); *Flatiron Acquisition Vehicle, LLC v. CSE Mortg. LLC*, 2022 WL 413229, at *14 (S.D.N.Y. Feb. 9, 2022) (assessing whether rates were "within the spectrum … for attorneys at large New York City law firms involved in complex commercial litigation").

For example, Fishback argues that *Phyto Tech Corp. v. Givaudan SA*, 2023 WL 1437714 (S.D.N.Y. Jan. 31, 2023), is "exceptionally persuasive." Opp. at 6-7. There, the most senior partner was from Dechert LLP's Philadelphia office and had over 30 years of experience (like attorney Baldini). *See id.* at *3. The court found the partner's hourly rates, which increased from $845.75 in 2018 to $1,275 in 2022, were reasonable, approving an increase of more than 50% in four years. *Id.* Continued increases at that pace[3] would yield rates over $1,750 per hour in 2025,

---

[2] *Sigalit v. Kahlon*, 2025 WL 2831193, at *7 (S.D.N.Y. Oct. 6, 2025); *Francois v. Victory Auto Grp. LLC*, 2025 WL 2699991, at *4 (S.D.N.Y. Sept. 23, 2025); *Santander Consumer USA, Inc. v. City of Yonkers*, 2025 WL 2673773, at *5 (S.D.N.Y. Sept. 18, 2025); *Zero Carbon Holdings, LLC v. Aspiration Partners, Inc.,* 2024 WL 3409278, at *6 (S.D.N.Y. July 15, 2024); *Proimmune Co., LLC v. Holista Colltech Ltd.*, 2024 WL 54281, at *3 (S.D.N.Y. Jan. 4, 2024).

[3] This tracks with general trends in this district. As Plaintiffs pointed out, this court has recently approved partner rates approaching $2,000. *See* Op. Br. at 10-11 (citing *An v. Despins*, 2024 WL 1157281, at *2-4 (S.D.N.Y. Mar. 18, 2024); *ATX Debt Fund 1, LLC v. Paul*, 2024 WL 2093387, at *5 (S.D.N.Y. May 9, 2024)). These decisions come approximately one decade after this court observed that "partner billing rates in excess of $1,000 an hour[] are by now not uncommon." *Themis Cap. v. Democratic Republic of Congo*, 2014 WL 4379100, at *7 (S.D.N.Y. Sept. 4, 2014).

which is on par with attorney Baldini's rate, especially when adjusted for geographical location. The *Phyto Tech* court also approved associate and paralegal hourly rates of $862.75 and $200, respectively, *see id.* at *3, *7, which similarly adjusted for inflation, would equal $1,186 and $275 in 2025. The rates in the other somewhat complex cases Fishback cites involving large New York City law firms were comparable to the *Phyto Tech* rates and would extrapolate similarly.[4]

### B.    Akin's Hours Expended on Specific Tasks Were Reasonable

Fishback argues that Akin billed too many hours for some tasks and should not be compensated at all for others, and his common refrain is that this was a "simple" case. *See generally* Opp., Section IV.D. These arguments have no merit and do not warrant reductions.

#### i.    Akin's Hours Preparing the Complaints Were Reasonable

Fishback first takes issue with Akin's efforts in the beginning of this case by gawking at the 181 hours that he claims were spent to "draft and file a complaint." Opp. at 16. This is not an accurate characterization of how this time was spent.

The 181-hour figure represents the time expended by Akin in the first eight weeks of this matter by three attorneys, or less than 8 hours per week per attorney. And while Akin's work during this time culminated in drafting the complaint, that was not the exclusive focus of its efforts. Akin's work on the complaint did not begin in earnest until approximately June 13, 2024, five

---

[4] *See Flatiron*, 2022 WL 413229, at *6 (approving hourly rates for work performed in 2019 of $910 for a partner with an unspecified amount of experience, $405 to $660 for associates, and $150 for paralegals); *Top Jet Enters., Ltd. v. Kulowiec*, 2022 WL 1184245, at *3-4 (S.D.N.Y. Apr. 21, 2022) (applying rate reductions because the matter simply "relate[d] to post-judgment discovery," but nevertheless approving hourly rates for work performed in 2022 of $825 for a partner with less than 15 years of experience, $300 to $475 for associates, and acknowledging that reasonable rates for paralegals and support staff ranged from $150 to $250).

Fishback cites two other cases where large New York City law firm rates were reduced by courts, but these much simpler cases involved causes of action that were truly straightforward, and neither case referred to *any* work done in discovery. *See Greyhawk Hawthorne Lender, LLC v. Vella*, 2025 WL 2172228, at *2-3 (S.D.N.Y. July 31, 2025) (acknowledging that the case was "a relatively straightforward action to collect on a guaranty"); *5615 N. LLC*, 2023 WL 7394340, at *8 (mortgage foreclosure action). Note, Fishback incorrectly refers to the $606.81 rate discussed in *5615 N. LLC* as the partner rate, when it is in fact the blended average partner and counsel rate. *See* Opp. at 10.

weeks into this eight-week period. *See* ECF 74-2 at 7. Even if all June billing entries from that point forward were attributed to drafting the complaint (a high estimate), that would constitute fewer than 100 hours. This complaint spanned 53 pages to cover Fishback's relevant misconduct, asserted three claims, and sought injunctive relief. Fishback cites no authority demonstrating that this expenditure of time is unreasonable for such a detailed complaint. Akin's other efforts during this period were spent performing legal research regarding claims, remedies, and procedural issues, monitoring factual developments and Fishback's conduct (including his barrage of ongoing public statements), and strategizing about how to commence an action. Overall, the time Akin spent was well within the range of what courts consider reasonable to initiate a relatively complex case.[5]

Furthermore, Akin's work to prepare for a preliminary injunction and include claims in the original complaint in addition to breach of contract were reasonable at the time. Fishback's arguments that fees should not be awarded for this work are unreasonably steeped in hindsight bias and wrong. *Harrell v. Van der Plas*, 2009 WL 3756327, at *6 (S.D.N.Y. Nov. 9, 2009) ("In determining whether hours should be excluded, the inquiry is not based on what effort appears necessary in hindsight, but rather on whether 'at the time the work was performed, a reasonable attorney would have engaged in similar time expenditures.'") (citation omitted).

Plaintiffs initially assessed seeking a preliminary injunction, as any reasonable attorney would have done considering that Fishback was leveraging Greenlight's Confidential Information in a public offensive against Plaintiffs. However, Plaintiffs acted even more reasonably, ultimately

---

[5] *See e.g., Robinson v. New York City Transit Auth.*, 2024 WL 4150818, at *13-14 (S.D.N.Y. Aug. 16, 2024) (rejecting argument that 550 hours spent before the filing of case was non-compensable where "the underlying billing records show[ed] that most of those hours were 'useful to advance the federal claims subsequently asserted therein,'" but reducing all hours by 20% for general overstaffing and overbilling), *report and recommendation adopted*, 2024 WL 4150102 (S.D.N.Y. Sept. 11, 2024); *Rosi v. Aclaris Therapeutics, Inc.*, 2021 WL 5847420, at *7 (S.D.N.Y. Dec. 9, 2021) (finding that "over 271 hours" spent by attorneys "researching, drafting, and filing the amended complaint" were "more than reasonably necessary," but reducing fees by 33% due to top-heavy billing by senior attorneys).

deciding to focus their efforts on seeking a permanent injunction once the case was filed, sparing Fishback the expense of an immediate, time-consuming motion. Given the common legal bases for injunctions, Akin's assessment of the preliminary injunction still benefited its case preparation.

Akin's efforts related to claims other than breach of contract in the original complaint are also compensable. In the amended complaint, Plaintiffs asserted only one claim (for breach of the Confidentiality Provision), but also sought an injunction because Fishback's breaches related to his ongoing public promotion of his own hedge fund at Greenlight's expense. The other claims asserted in the original complaint were all based on the same underlying facts, and the caselaw is clear that recovery of attorneys' fees for such claims is appropriate, notwithstanding that they were ultimately removed from the complaint. *Kastrati v. M.E.G. Rest. Enters. Ltd.*, 2023 WL 180043, at *6 (S.D.N.Y. Jan. 13, 2023) (holding a plaintiff "may be awarded fees for time spent on unsuccessful claims where they were interrelated to successful claims and required essentially the same proof.") (citation omitted).

Fishback also criticizes 25.2 hours Akin expended before filing the amended complaint. *See* ECF No. 79-2. But again, only a portion of these entries reflect actual drafting of that complaint, and the total hours constitute roughly one quarter of the time attributable to preparation of the original complaint, which was appropriate. Akin did not simply delete claims, but made substantive edits to remove allegations uniquely related to non-contract claims that cut the complaint to half its original length. This required careful review, given the overlap in allegations between the non-contract claims, contract claim, and prayer for injunctive relief, and implication of complex legal issues regarding arbitrability. Additionally, Fishback's argument that the amended complaint "was filled with unnecessary allegations," Opp. at 3, rings hollow. He already made this argument in his motion to strike, and largely lost. *See* Opinion and Order, ECF No. 24.

### ii.    Akin's Hours Expended on Discovery Were Reasonable

Next, Fishback objects to Akin's discovery efforts, but his argument is devoid of any comparable cases that establish benchmarks showing that any of those efforts were unreasonable.

For example, Fishback relies on *Proimmune*, 2024 WL 54281 as instructive, but fails to correctly recite its facts, let alone demonstrate its relevance.  First, the *Proimmune* opinion *did not discuss any discovery efforts*.  Instead, Fishback states that it took "235.6 hours to litigate [a] contract dispute involving roughly 10,500 documents exchanged in discovery, multiple sets of discovery demands, and 3 depositions," citing a brief in the case. Opp. at 18.  This misstates multiple facts in his favor.  First, the discovery involved roughly 10,500 *pages* of documents (not documents).  *See* No. 20-cv-01247, Dkt. No. 109 at 7.  In comparison, the document discovery here, which exceeded 14,000 documents, was five times more voluminous (over 55,000 pages). Second, it took more than 500 hours to litigate the case; the 235.6-hour figure was just the portion that the court approved because only one of the four contracts that plaintiffs alleged were breached had an attorneys' fees provision.  *Proimmune*, 2024 WL 54281, at *3, *13.  In any event, *Proimmune* was not a complex case.  Even with its 500-plus hours, there was no genuine dispute that defendant breached the relevant sales contracts at summary judgment.  *See* Opinion and Order, 20-cv-01247 (Mar. 18, 2022), Dkt. No. 88 at 21, 26.  Conversely, Plaintiffs had to uncover more than 60 breaches by Fishback through tedious discovery, which he complicated and often resisted.

Fishback also cites *Teradek LLC v. Shenzhen Hollyland Tech Co. Ltd*, 2025 WL 1475604 (S.D.N.Y. May 22, 2025), which approved 76.1 hours to review 20,000 documents.  But the plaintiff's fee request was in a sanctions motion stemming from its review of those documents for spoliated materials, which plaintiff itself characterized as "not typical of document review in a normal dispute."  *See id.* at *10.  This case says nothing of the typical document review efforts when proving a complex breach case, let alone all of the other discovery efforts here.  More typical

examples from the caselaw clearly demonstrate that litigation with comparable complexity and discovery efforts can easily require thousands of hours.[6]

Fishback also argues that Akin billed too much time preparing for depositions, citing several cases that he purports adhere to a preparation-to-duration "ratio" of "2:1 or less." *See* Opp. at 19.  But these cases simply concluded that limited amounts of preparation time were warranted based on the facts in each case, rather than applying Fishback's rigid "ratio;" they also notably involved much simpler claims.  *See, e.g.*, *Mugavero v. Arms Acres, Inc.*, 2010 WL 451045, at *1 (S.D.N.Y. Feb. 9, 2010) (employment retaliation); *Lenzi v. Systemax, Inc.*, 2025 WL 2774785, at *1 (E.D.N.Y. Sept. 10, 2025) (employment discrimination).  Indeed, Fishback's proposed ratio would prevent the Court from looking "to its own familiarity with the case and its experience," which it must do "[b]ecause attorney's fees are dependent on the unique facts of each case." *See Clarke v. Frank*, 960 F.2d 1146, 1153 (2d Cir. 1992) (citation omitted).  To be sure, courts in this Circuit have approved time for deposition preparation far in excess of Fishback's purported ratio.[7]

Finally, Fishback briefly argues that Plaintiffs' motion to compel was "immaterial" because he conceded breach and the motion "had no bearing on this case." Opp. at 21.  Not so.  As the Court explained at the September 4, 2025 hearing, it took up the motion not just for relevance to

---

[6] *Int'l Techs. Mktg., Inc. v. Cognyte Techs. Israel Ltd.*, 2022 WL 11280876, at *2-3, *10 (S.D.N.Y. Oct. 19, 2022) (finding 1,935 hours reasonable where case involved several iterations of a complaint, a motion to dismiss, a sanctions motion, document productions, and one noticed deposition); *HomeAway.com, Inc. v. City of New York*, 523 F. Supp. 3d 573, 589-93, 601 (S.D.N.Y. Mar. 1, 2021) (finding 1,265.4 hours reasonable where the litigation involved "pre-suit investigation and research, including drafting the Complaint; [a] preliminary injunction application; defensive and offensive discovery; preparation of [a] joint statement of undisputed facts and a draft summary judgment submission; and [a] fee application"); *Parks v. Saltsman*, 2024 WL 4440994, at *4 (W.D.N.Y. Oct. 8, 2024) (finding 1,323.2 hours reasonable for a case that "never went to trial and had relatively minimal discovery [and] a total of four depositions were conducted," subject only to a 15% reduction due to overstaffing and vague billing entries).

[7] *See, e.g., Manzo v. Sovereign Motor Cars, Ltd.*, 2010 WL 1930237, at *9 (E.D.N.Y. May 11, 2010) (finding over thirty hours of preparation time for each of two depositions reasonable), *aff'd*, 419 F. App'x 102 (2d Cir. 2011); *Serricchio v. Wachovia Secs., LLC*, 706 F. Supp. 2d 237, 256-57 (D. Conn. 2010) (finding 141.25 hours reasonable for the preparation of four depositions), *aff'd*, 658 F.3d 169 (2d Cir. 2011); *Innis Arden Golf Club v. Bowes*, 2012 WL 1108527, at *2 (D. Conn. Mar. 30, 2012) (adopting report and recommendation finding that an average of 189 hours of preparation per day of depositions was reasonably expended).

liability issues, but to issues regarding reasonableness of fees relevant to this Motion. Further, Plaintiff's motion was justified, as the Court granted it in substantial part. *See* ECF No. 57. Fishback's jab at the usefulness of the compelled information is unavailing; in moving to compel redacted material, Plaintiffs obviously had no way of knowing what was behind those redactions.

### iii.    Akin's Hours Expended on Summary Judgment are Compensable

Plaintiffs are entitled to recover fees and expenses incurred in preparing for summary judgment. While the parties did not submit a stipulated injunction until September 24, 2025, *see* ECF No. 69, Fishback argues that Akin should have avoided all summary judgment-related work before then because the stipulated injunction obviated the need for summary judgment. This is another unreasonable argument marred in hindsight bias that ignores the necessities of this case.

Simply put, Plaintiffs could not afford to wait and see whether a consensual resolution would be reached before preparing for summary judgment. That was especially true once the Court set an October 10, 2025 deadline for summary judgment, *see* ECF No. 60, in clear contemplation that the parties would work on summary judgment in parallel with any efforts toward a consensual resolution, notwithstanding that the latter could moot the former.[8] Fishback's argument that his September 3, 2025 letter mooted the need to prepare for summary judgment is nonsensical considering that the Court *set this summary judgment schedule two days later*. Indeed, a consensual resolution was far from guaranteed at that time, as Fishback had yet to accept the draft order already proposed to him by Plaintiffs, and the parties were *still negotiating* material terms of a draft order weeks later, on September 19, 2025. ECF No. 67. Fishback also does not explain how the 34.5 hours expended before his September 3 letter were unreasonable.

---

[8] *See* September 4, 2025 Conference Tr. at 5:1-5 ("Court: So what I would envision would be to set a deadline promptly by which the parties can enter such a stipulation, and if it is not entered by that date, I would have also set a briefing schedule for summary judgment so that we're not detained by any hiccup getting the -- with the stipulation."); 8:10-13 ("Court: I want to set a fairly aggressive schedule, frankly, to keep the pressure on...").

Fishback knew all of this, and the notion that Plaintiffs should have hit pause on a fact-intensive and legally complex, dispositive motion in the hopes of consensually resolving the case is not reasonable.  *See HomeAway.com*, 2021 WL 791232, at *14 ("A prevailing party is entitled to reasonable fees spent preparing a non-frivolous motion that was not ultimately filed where its adversary should have been—and here surely was—aware that the party was working on the motion."); *Marisol A. ex rel. Forbes v. Giuliani*, 111 F. Supp. 2d 381, 393 n.8 (S.D.N.Y. 2000) (finding that "plaintiffs reasonably spent ninety-nine hours preparing a motion for summary judgment, even though the motion was never filed. The work performed by plaintiffs in connection with the motion was done at the request of the Court, as was the decision not to file the motion.").

### iv.    Akin's Hours Expended in Mediation are Compensable

There is no basis to exclude fees for the parties' August 2024 mediation.  Fishback's argument that "this mediation was not focused on this lawsuit" is not accurate.  Opp. at 22.  When the mediation was conducted, there were only two active cases—this action and the Note Action—which both involved claims asserted by Plaintiffs.  While Fishback lumps in his own "claims" as part of the mediated dispute, *see id.*, he conveniently ignores that those claims were not pending in any forum, and that he had not yet filed an answer or counterclaims here.  In these circumstances, it was entirely reasonable to consider the mediation as primarily related to this dispute. Additionally, it is unnecessary to attribute time for the mediation to the Notes Action, as Akin separately invoiced mediation-related time in the Notes Action (where Greenlight is also seeking fees from Fishback), and there are no duplicate billing entries.

### v.    Akin's Attorney Hours Should Not Be Reduced for Performance of "Administrative Tasks" or Work for Other Matters

Fishback contends that time billed for administrative tasks is non-compensable.  Opp. at 23.  But he simply lists tasks that *he concludes* are administrative, without citation to cases finding

11

similar entries non-compensable.  Effectively, he seeks to penalize Plaintiffs for the detail in their time entries by characterizing mundane aspects of legal tasks as "administrative," a tactic his own cases recognize as impractical.  *See Medina v. Buther*, 2019 WL 4370239, at *21 (S.D.N.Y. Sept. 12, 2019) (finding that, *inter alia*, arranging calls with counsel, constructing a timeline of exhibits, and tasks related to binders were not administrative but "either clearly legal in nature or … not capable of being performed by non-attorney staff") (cleaned up).  This ignores that performance of smaller tasks is always inherent in substantive work, and that certain entries (*e.g.*, document organization, filings, *etc.*) actually memorialize delegation of administrative tasks.[9]

Fishback also flags a miniscule number of time entries referring to other disputes between the parties and argues that Plaintiffs' fee request "fails to properly segregate work."  Opp. at 24; ECF No. 79-7.  This argument is severely overblown.  Fishback's exhibit identifies 17 time entries totaling 27.5 hours at issue—less than 2% of the total hours billed by Akin.  In that 2%, he identifies a subset of entries that mention other matters involving him, which certainly constitute less than 1% of the total time.  This is nowhere close to a systemic issue warranting a reduction.

### C.    Fishback's Miscellaneous General Objections Do Not Warrant Reductions

#### i.    Neither Block-Billing nor Redactions Warrant Fee Reductions

Block-billing "is permissible so long as the records allow the court to conduct a meaningful review of the hours requested."  *Restivo v. Hessemann*, 846 F.3d 547, 591 (2d Cir. 2017).  Fishback's cases acknowledge that block-billing poses problems only when entries are vague, billed for excessive amounts of time, or where some other case-specific reason requires disaggregation.  *See e.g.*, *Vista Outdoor Inc. v. Reeves Family Tr.*, 2018 WL 3104631, at *7-8

---

[9] See ECF No. 79-4 (2/18/2025, JLL (paralegal), "Prepare draft discovery responses.") (3/20/2025, MSG (trial services manager), "Advise and assist with web preservations of Twitter (X) posts.") (4/1/2025, JWM (electronic discovery specialist), "Prepare a new Relativity documents database for hosting case documents").

(S.D.N.Y. May 24, 2018) (acknowledging that "there is no per se rule against block billing," but reducing hours for entries that were vague or excessive, *i.e.*, five hours or more).

No block-billing reduction is warranted here, as Akin's invoices enable a meaningful, granular review of its work. Fishback cannot seriously contend otherwise; much of his Opposition is devoted to parsing out discrete tasks in Akin's invoices and arguing that they are non-compensable (e.g., "administrative" tasks). And while these arguments are wrong, as detailed *supra*, the only reason Fishback can even make them is due to the clear details in Akin's invoices. Further, courts are typically only concerned with block-billed entries for excessive amounts of time.[10] The vast majority of time entries Fishback challenges are less than five hours. *See* ECF No. 79-9 at 6, 8-10, 21. Plaintiffs seek fees for 760 of Akin's time entries, but Fishback identifies only 70 (less than 10%) above five hours and merely 45 (roughly 5%) above six hours. *See id.*

No fee reduction is warranted for redactions either, as they are minimal enough "that the Court can determine and assess the nature of the work performed." *D'Amico Dry D.A.C. v. Primera Maritime (Hellas) Ltd.*, 433 F. Supp. 3d 576, 579 (S.D.N.Y. 2019).[11] Only 73 entries, totaling 134.6 hours, contain redactions. That is less than 10% of the entries, and in most cases, the redactions cover only a small portion of each time entry. Such scant redactions do not inhibit the Court from determining whether attorneys performed necessary work for the time recorded.

### ii.    Akin's Team Size Does Not Warrant Reductions

Fishback argues that "overstaffing" warrants fee reductions, but the reductions in his cited cases were not just attributable to staffing dozens of attorneys on a case (unlike here), but because

---

[10] *See Abdell v. City of New York*, 2015 WL 898974, at *4 (S.D.N.Y. Mar. 2, 2015) (finding block billing acceptable "for temporally short entries combining related tasks"); *Charles v. City of New York*, 2014 WL 4384155, at *6 (S.D.N.Y. Sept. 4, 2014) (reducing fees where many block-billed entries spanned more than six hours).

[11] *See also CDO Plus Master Fund Ltd. v. Wachovia Bank, N.A.*, 2011 WL 4526132, at *4 (S.D.N.Y. Sept. 29, 2011) (refusing adjustment where majority of billing entries were unredacted, and most of the redacted entries "remain[ed] more than sufficiently detailed to provide support for the fee application").

those attorneys performed duplicative, unnecessary work.[12]  Fishback cannot identify duplicative entries here because there are none.  Attorneys Baldini, Slemmer, and Reichelscheimer formed the original team, which was leanly and efficiently staffed to avoid duplication.  Attorney Hershey joined as discovery began and while attorney Reichelscheimer was attending trial, and non-attorney professionals assisted with tasks at lower rates, where possible.  Fishback's overstaffing argument also cannot be squared with his objections to Akin's rates; the proper way to reduce cost here was for senior attorneys to delegate tasks to timekeepers with lower rates, which they did.  Penalizing Akin based on Fishback's conflicting arguments is not reasonable.

### iii.    Plaintiffs Achieved a Total Victory

Fishback disingenuously attempts to frame this case as a "partial victory" because Plaintiffs have yet to obtain damages in this case.  *See* Opp. at 28-30.  This convoluted argument puts the cart before the horse.  The only damages Plaintiffs sought to recover were for their attorneys' fees and costs, to which they secured entitlement in the Injunction Order, *see* ECF No. 70 ¶ 29, and are now being decided via the instant Motion.  Fishback's cited cases on this point involved parties that sought, but failed to obtain, a specific amount of damages at trial.[13]

### iv.    Plaintiffs are Entitled to Fees Related to this Motion

Plaintiffs are entitled to recover fees for preparing this Motion.  Fishback argues otherwise, citing *F.H. Krear & Co. v. Nineteen Named Trs.*, 810 F.2d 1250 (2d Cir. 1987).  *Krear* stated that

---

[12] *See Lochren v. Cnty. of Suffolk*, 344 F. App'x 706, 709 (2d Cir. 2009) (affirming reduction where staffing of 16 attorneys and 13 paralegals "result[ed] in the needless duplication of work"); *LV v. New York City Dep't of Educ.*, 700 F. Supp. 2d 510, 524-25 (S.D.N.Y. 2010) (finding that "duplication of effort was inevitable" where case was staffed by 29 attorneys and 19 non-attorneys, but only reducing hours by 5%); *Nat'l Helicopter Corp. of Am. v. City of New York*, 1999 WL 562031, at *7 (S.D.N.Y. July 30, 1999) (reducing fees where nearly 20 attorneys were staffed and invoices "reveal[ed] numerous instances in which multiple attorneys, and often multiple partners, researched similar issues, reviewed identical documents, and held repeated conferences with the same agendas").

[13] *See Holick v. Cellular Sales of New York, LLC*, 48 F.4th 101, 109 (2d Cir. 2022); *Chabad Lubavitch of Litchfield Cnty., Inc. v. Litchfield Historic Dist. Comm'n*, 934 F.3d 238, 245 (2d Cir. 2019); *Penzo v. Consol. Edison Co. of New York, Inc.*, 2024 WL 3966694, at *10 (S.D.N.Y. Aug. 28, 2024).

"a general contract provision for the shifting of attorneys' fees does not authorize an award of fees for time spent in seeking the fees," but acknowledged that "[o]f course, it is possible to contract for such an allowance." *Id.* at 1266-67 (citation omitted).  Fishback's own authorities acknowledge this too.  *See Glob. Brand Holdings, LLC v. Accessories Direct Int'l USA, Inc.*, 2020 WL 9762874, at *6 (S.D.N.Y. May 29, 2020) ("Time spent preparing a fee application may be awarded.").

Fishback overlooks that agreements providing attorneys' fees for enforcement of a party's rights, which are broader than simple fee-*shifting* provisions, can include fee application work. *See Billybey Marina Servs., LLC v. Bouchard Transp. Co.,* 2021 WL 4950835, at *5 (S.D.N.Y. Oct. 25, 2021) (agreement providing "reasonable attorneys' fees" in connection with "legal action … to enforce this Agreement" entitled plaintiff to fees for fee application).  Here, Plaintiffs are entitled "to recover damages (including, without limitation, reasonable fees and expenses of counsel) by reason of any breach of" the Employment Agreement.  *See* ECF No. 74-1, § 11.  This provision reflects Plaintiffs' entitlement to all fees incurred when litigating a breach, which is much broader than Fishback's fee-shifting precedents.

### v.    Plaintiffs' Costs are Compensable

Plaintiffs' costs are compensable.  Most of Plaintiffs' costs are due to the engagement of contract attorneys for document review, which were properly treated as expenses.  *See Dial Corp. v. News Corp.*, 317 F.R.D. 426, 438 (S.D.N.Y. Oct. 31, 2016) (granting expense request for contractor attorney fees amounting to more than $1 million).  Fishback's argues that electronic research fees are non-compensable, Opp. at 31-32, but he is just plain wrong.  *See Arbor Hill*, 369 F.3d at 98 (holding that if a firm "normally bills its paying clients for the cost of online research services, that expense should be included in the fee award.").[14]

---

[14] All of Plaintiffs' other expenses are "adequately documented, reasonable, and of the type commonly reimbursed by courts," and substantiated by the Baldini Declaration.  *See Thor 725 8th Ave. LLC v. Goonetilleke*, 2015 WL 8784211,

## **CONCLUSION**

For the reasons set forth above and in the Opening Brief, Plaintiffs respectfully request that this Court award attorneys' fees in the amount of $1,747,626.75 and costs in the amount of $120,176.51.

Dated: October 31, 2025
      New York, New York

                                  Respectfully submitted,

                                  AKIN GUMP STRAUSS HAUER & FELD LLP

                                  By: */s/ Stephen M. Baldini*
                                  Stephen M. Baldini
                                  Akin Gump Strauss Hauer & Feld LLP
                                  One Bryant Park
                                  New York, New York 10036
                                  Telephone: 212-872-1000
                                  Fax: 212-872-1002
                                  sbaldini@akingump.com

                                  *Counsel for Plaintiffs Greenlight Capital, Inc. and DME Capital Management, LP*

---

at *16 (S.D.N.Y. Dec. 15, 2015) (a "statement of costs incurred, made under penalty of perjury in declaration, constitutes adequate documentation" (citation omitted)), *aff'd*, 675 F. App'x 31 (2d Cir. 2017).