

**Brooklyn**
1 MetroTech Center, Suite 1701
Brooklyn, NY 11201
718.215.5300 | **P**

Long Island · Brooklyn · White Plains · Rochester · Albany

March 12, 2026

<u>**Via ECF**</u>
Hon. Paul A. Engelmayer, United States District Judge
United States District Court
Southern District of New York
40 Foley Square
New York, NY 10007

> Re:    *Greenlight v. Fishback*, SDNY Case No. 24-cv-04832-PAE;
>           **Motion for Leave to Withdraw as Counsel**

Dear Judge Engelmayer:

We represent Defendant James Fishback in this action. We write pursuant to Local Civil Rule 1.4(b) to respectfully seek leave to withdraw as counsel.

This motion is made in view of the posture of this case (with a stipulated Order entering an injunction having been entered, and only a fully-briefed motion for attorneys' fees outstanding), and because of nonpayment of substantial legal fees for a prolonged period, combined with Defendant's inability to pay any additional fees that may be incurred going forward. (Kelton Decl. ¶ 3). Defendant has been unable to keep current with the fees and costs incurred, and owes a substantial balance to the Firm. (Kelton Decl. ¶ 6). Defendant does not dispute that the Firm is owed substantial fees and costs that have been outstanding and overdue for a substantial period. (Kelton Decl. ¶ 8).

"[N]on-payment of legal fees is a valid basis for granting a motion to withdraw pursuant to Local Civil Rule 1.4." *de Jesus Rosario v. Mis Hijos Deli Corp.*, 491 F. Supp. 3d 8, 11 (S.D.N.Y. 2020); *Milltex Grp. Inc. v. Gossard & Berlei Ltd.*, No. 15-CV-10002(RA), 2017 WL 9771811, at *1 (S.D.N.Y. Apr. 10, 2017).

Rule 1.16(c)(5) of the New York Rules of Professional Conduct provides that "a lawyer may withdraw from representing a client when: ... the client deliberately disregards an agreement or obligation to the lawyer as to expenses or fees." *See Crescit Mortg. Cap., LLC v. Emerald Bay Apartments, LLC*, No. 22 CIV. 10263 (DEH), 2024 WL 5710647, at *2 (S.D.N.Y. Apr. 25, 2024) (*citing* NYRPC, Rule 1.16(c)(5)).

The Second Circuit has held that "deliberately disregard[ing] legal fees "may constitute 'good cause' to withdraw." *United States v. Parker*, 439 F.3d. 81, 104 (2d Cir. 2006) (*quoting McGuire v. Wilson*, 735 F. Supp. 83, 84 (S.D.N.Y. 1990)). Other courts in this District have

confirmed that non-payment of legal fees constitutes a satisfactory reason for withdrawal. *See, e.g., Blue Angel Films, Ltd. v. First Look Studios, Inc.*, No. 08 Civ. 6469, 2011 WL 672245, at *1-2 (S.D.N.Y. Feb. 17, 2011) (*quoting Melnick v. Press*, No. 06 Civ. 6686, 2009 WL 2824586, at *3 (E.D.N .Y. Aug. 28, 2009); *Cower v. Albany Law School of Union University*, No. 04 Civ. 643, 2005 WL 1606057, at *5 (S.D.N.Y. July 8, 2005).

With the exception of Greenlight's fully-briefed motion for attorneys' fees, this case is complete, and there are no case deadlines in place. Thus, we believe that withdrawal can be accomplished at this juncture without unduly prejudicing any party. *See de Jesus Rosario*, 491 F. Supp. 3d at 11 (granting motion to withdraw and finding, in light of post-judgment posture of the case, that the proceedings would not be unduly disrupted by the withdrawal).

One prior motion to withdraw was made in consideration of Mr. Fishback's intent at that time to represent himself. (Dkt. No. 47). That motion was withdrawn. (Dkt. No. 55). However, our law firm is constrained to respectfully request withdrawal at this juncture given the non-payment circumstances as set forth in the Kelton Declaration. It is respectfully submitted that given the current posture of this case, withdrawal will not unduly disrupt the prosecution of the case or substantially prejudice Defendant. I have advised Defendant that the Firm would be making this motion, and Defendant does not object to the withdrawal.

The requested relief will not affect any court date or deadline.

In light of the foregoing, it is respectfully requested that the Court grant this motion for leave to withdraw. We thank the Court for its consideration of this request.


Cc:    All counsel (via ECF)

Respectfully submitted,

*/s/ Justin T. Kelton*

Justin T. Kelton


The Court holds this motion in abeyance pending resolution of the fully briefed motion for attorney's fees, which it will endeavor to resolve soon.

SO ORDERED.

*Paul A. Engelmayer*
_____
PAUL A. ENGELMAYER
United States District Judge

Date: March 20, 2026
New York, New York